1   Brian P. Walter, Bar No. 171429
    bwalter@lcwlegal.com
2   Michael E. Gerst, Bar No. 266514
    mgerst@lcwlegal.com
3   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
4   6033 West Century Boulevard, 5th Floor
    Los Angeles, California 90045
5   Telephone:    310.981.2000
    Facsimile:    310.337.0837
6
7   Attorneys for Defendant
    KERN COUNTY HOSPITAL AUTHORITY

8

9              UNITED STATES DISTRICT COURT

10        EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

11  JIHAD AKIL HASHIM, ,                Case No.:  21-538 (Temporary Case Number)

12              Plaintiff,              Complaint Filed:   December 16, 2020
                                        FAC Filed:         April 13, 2021
13        v.
                                        **NOTICE OF REMOVAL OF ACTION;**
14  KERN COUNTY HOSPITAL                **UNDER 28 U.S.C. § 1441(a)**
    AUTHORITY, and DOES 1 through 50,   **(FEDERAL QUESTION)**
15  inclusive,

16              Defendants.

17

18        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19        **PLEASE TAKE NOTICE** that Defendant Kern County Hospital Authority hereby

20  removes to this Court the state court action described below:

21        1.      On October 13, 2020, Plaintiff Jihad Hashim ("Plaintiff") filed a complaint in the

22  Superior Court of the State of California for the County of Kern entitled *Jihad Akil Hashim v.*

23  *KMC Management, Inc., LLC et al.*, as Case Number BCV-20-102398.  A true and correct copy

24  of the Summons and Complaint is attached hereto as Exhibit 1.

25        2.      On October 15, 2020, the Kern County Superior Court issued an electronic

26  rejection notice, and set an order to show cause. The electronic rejection notice, and order to show

27  cause were not served on Defendant.

28  ///

*Liebert Cassidy Whitmore*
*A Professional Law Corporation*
*6033 West Century Boulevard, 5th Floor*
*Los Angeles, California 90045*

9614612.1 KE045-027

NOTICE OF REMOVAL

3.      On October 19, 2020, the Kern County Superior Court issued another electronic rejection notice.  The electronic rejection notice was not served on Defendant.

4.      On October 20, 2020, Plaintiff filed a Petition for an Order Relieving Petitioner from Provisions of Government Code 945.4 ("Petition for Relief"), along with a supporting Memorandum of Points and Authorities, and Declarations of Macauley Ekpenisi and Nelon Chiedu.  True and correct copies of those documents are attached hereto collectively as Exhibit 2.

5.      On December 2, 2020, Defendants filed an Opposition to Plaintiff's Petition for Relief.  A true and correct copy of that Opposition is attached hereto as Exhibit 3.

6.      On December 4, 2020, Plaintiff filed a request for dismissal as to Defendant KMC Management, Inc. with prejudice.  The request for dismissal was not served on Defendant.

7.      On December 7, 2020, Plaintiff filed a Reply in support of his Petition for Relief. A true and correct copy of that reply is attached hereto as Exhibit 4.

8.      On December 8, 2020, the Court issued a notice that the number would be transferred to Judge Lampe.  A true and correct copy of that reply is attached hereto as Exhibit 5.

9.      On December 15, 2020, the Superior Court heard argument regarding Plaintiff's Petition for Relief, and granted the petition.

10.      On December 15, 2020, the Superior Court issued another electronic rejection notice for the Summons not conforming to the Complaint.  That notice was not served on Defendant.

11.      On December 15, 2020, a corrected summons was issued and filed.  That summons was not served on Defendant.

12.      On December 23, 2020, Defendants filed a peremptory challenge to Judge Lampe. A true and correct copy of that peremptory challenge is attached hereto as Exhibit 6.

13.      On December 29, 2020, the Superior Court issued a ruling accepting the peremptory challenge and assigning the case to Judge Thomas S. Clark.  A true and correct copy of that ruling is attached hereto as Exhibit 7.

///

///

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

NOTICE OF REMOVAL

14.    On January 27, 2021, the Superior Court issued another Electronic Rejection Notice as to Plaintiff's proof of service due to the parties not conforming to the Complaint. A copy of that electronic rejection notice was not served on Defendant.

15.    On January 28, 2021, the Superior Court issued an Order to Show Cause re California Rule of Court 3.110. A copy of that Order to Show Cause was not served on the Defendant.

16.    On January 28, 2021, the Superior Court issued a second Electronic Rejection Notice as to Plaintiff's proof of service due to the parties not conforming to the Complaint. A copy of that electronic rejection notice was not served on the Defendant.

17.    On February 17, 2021, the Superior Court issued a third Electronic Rejection Notice as to Plaintiff's proof of service due to the parties not conforming to the Complaint. A copy of that electronic rejection notice was not served on the Defendant.

18.    On February 17, 2021, Plaintiff filed corrected individual summons as to Kern Medical Center Foundation and Kern County Hospital authority. Copies of those documents were not served on Defendant.

19.    On February 19, 2021, the Superior Court issued a rejection notice that the Amendment to Complaint stated County of Los Angeles instead of Kern County, and issued a fourth rejection as to the proof of service not conforming to the Complaint. Copies of those documents were not served on the Defendant.

20.    On March 4, 2021, Plaintiff submitted a case management statement. A true and correct copy of that Case Management Statement is attached hereto as Exhibit 8.

21.    On April 13, Plaintiff filed a First Amended Complaint ("FAC") in the above-entitled action in which the only named defendant was Kern County Hospital Authority. The FAC is the operative complaint. A true and correct copy of the FAC is attached hereto as Exhibit 9.

22.    The first date upon which Defendant Kern County Hospital Authority received a copy of the FAC was April 13, 2021, when the FAC was electronically served on Defendant.

///

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

NOTICE OF REMOVAL

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

23. On April 13, 2021, Plaintiff filed an Association of Attorney and Amended Association of attorney. True and correct copies of those documents are attached hereto as Exhibit 10.

24. On April 13, 2021, Defendants filed a Case Management Statement and Amended Case Management Statement. True and correct copies of those documents are attached hereto as Exhibit 11.

25. On April 13, 2021, Plaintiff filed an errata as to the FAC, attaching the exhibits left off of the initial filing. A true and correct copy of the errata including the omitted exhibits is attached hereto as Exhibit 12.

26. On April 16, 2021, the Superior Court issued an electronic rejection notice because Plaintiff's filing had no cover page. A copy of that rejection notice was not served on Defendant.

27. A case management conference occurred this matter on April 28, 2021 in front of Judge Thomas S. Clark.

28. This action is removable to the District Court in accordance with 28 U.S.C. § 1441, subdivision (a) because it contains one claim alleging violations of Plaintiff's Constitutional due process rights "in violation of the 5th amendment" and 42 United States Code section 1983, and as such, arises under federal question jurisdiction.

29. This Notice of Removal of Action is filed with the District Court within 30 days after receipt by Defendant of a copy of the FAC which set forth for the first time the claims giving rise to removal under 28 U.S.C. section 1441, subdivision (a), in accordance with 28 U.S.C. § 1446, subdivisions (a) and (b).

30. Defendant is providing prompt notice to all adverse parties of the filing of this Notice of Removal of Action, and it is filing a copy of the Notice of Removal of Action with the Clerk of the Kern County Superior Court. The only defendant in the First Amended Complaint, Kern County Hospital Authority, files this removal.

31. For the aforementioned reasons, the above-described action now pending in the Superior Court of the State of California for the County of Kern should be removed to this District Court in accordance with the provisions of 28 U.S.C. § 1441, subdivision (a), and 28

4

NOTICE OF REMOVAL

1   U.S.C. § 1446, subdivisions (a) and (b).

2   Dated:  May 12, 2021                    LIEBERT CASSIDY WHITMORE

3

4

                                     By:    /s/ Michael E. Gerst
5                                           Brian P. Walter
6                                           Michael E. Gerst
                                            Attorneys for Defendant
7                                           KERN COUNTY HOSPITAL
                                            AUTHORITY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

                                      5

9614612.1 KE045-027

# NOTICE OF REMOVAL OF ACTION
# EXHIBIT 1

**Summons and Complaint filed October 13, 2020, respectfully.**

1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KMC MANAGEMENT INC (A California Incorporation), KERN
COUNTY HOSPITAL AUTHORITY, (A California Public Entity),

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JIHAD AKIL HASHIM

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**12/15/2020 4:03 PM**
**Kern County Superior Court**
**By Kasey Griffith, Deputy**

RECEIVED

JAN 26 2021

Kern Medical
Administration Office
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you ~~respond within 30 days. Read the information~~ below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a writ~~ten response at this court and have a copy~~ served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to ~~hear your~~ case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kern County Superior Court<br><br>1415 Truxtun Ave,<br>Bakersfield, CA 93301 | CASE NUMBER:<br>*(Número del Caso):*<br><br>BCV-20-102398 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Macauley Ekpenisi, Esq. (SBN: 296326) 14401 Gilmore Street, #203, Van Nuys, CA 91401 (818) 668-3359

DATE: 12/15/2020  TAMARAH HARBER-PICKENS    Clerk, by _____ , Deputy
*(Fecha)*                                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Kern County Hospital Authority

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☑ other *(specify)*: Public Entity
4. ☐ by personal delivery on *(date)*:

[SEAL]

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JIHAD AKIL HASHIM vs. KMC MANAGEMENT INC, | BCV-20-102398 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

KERN MEDICAL CENTER FOUNDATION (A California Incorporation), KEM MEDICAL CENTER;
(unknown) Business Form) and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

MACAULEY EKPENISI, ESQ. (SBN 296326)
OCEANBRIDGE LAW FIRM,
A PROFESSIONAL LAW CORPORATION
14401 GILMORE STREET, SUITE 203
VAN NUYS, CA 91401
TEL: (818)-668-3359
FAX: (818) 561-3660

ATTORNEYS FOR PLAINTIFF: JIHAD AKIL HASHIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF KERN

|  |  |
|---|---|
| **JIHAD AKIL HASHIM**<br><br><br><br>Plaintiff,<br><br>Vs<br><br><br>KMC MANAGEMENT INC (A California Incorporation), KERN COUNTY HOSPITAL AUTHORITY, (A California Public Entity), KERN MEDICAL CENTER FOUNDATION (A California Incorporation), KEM MEDICAL CENTER; (unknown) Business Form) and DOES 1) through 50, inclusive,<br><br>Defendants. | Case No. BCV-20-102398<br><br>COMPLAINT BASED ON:<br><br>1) Breach of Contract;<br>2) Workplace Discrimination Based on Gender, Race and Color;<br>3) Wrongful termination (Public Policy violation);<br>4) Failure to provide reasonable accommodation.<br>5) Unlawful Retaliation in workplace;<br>6) Harassment on the basis of Gender, Race and Color Discrimination (in violation of FEHA);<br>7) Defamation;<br>8) Negligence Per Se;<br>9) Breach of implied covenant of good faith;<br>10) Breach of Implied Promise Not to Terminate Without Good Cause by Defendant;<br>11) Intentional infliction of emotional distress. |

Plaintiff is informed and believes and thereby complains and alleges as follows:

////

Complaint - JIHAD HASHIM

1

9

## PARTIES AND JURISDICTION

1. Plaintiff JIHAD AKIL HASHIM [hereinafter "Plaintiff"] was at all times relevant hereto, a resident of the City of Santa Clarita, State of California, and an employee of Defendants, and each of them, at the KEM MEDICAL CENTER located at 1700 Mount Vernon Avenue in Bakersfield, from February 2019 until his wrongful termination on September 9, 2019.

2. KERN MEDICAL CENTER (entity of unknown form found) is a medical facility doing business in California, and is at all relevant times owned, managed and operated by Defendants KMC MANAGEMENT INC, KERN MEDICAL CENTER FOUNDATION and each of them, and DOES 1 through 50.

3. KMC MANAGEMENT INC is an incorporation and it is doing business in California as KERN MEDICAL CENTER, and at all relevant times owned, managed, and operated KERN MEDICAL CENTER with the other Defendants herein and DOES 1 through 50.

4. KERN MEDICAL CENTER FOUNDATION is a corporation and it is doing business in California as KERN MEDICAL CENTER, and at all relevant times owned, managed, and operated KERN MEDICAL CENTER with the other Defendants herein and DOES 1 through 50.

5. KERN COUNTY HOSPITAL AUTHORITY is a California Public Entity and it is doing business in California as KERN MEDICAL CENTER, and at all relevant times owned, managed, and operated KERN MEDICAL CENTER with the other Defendants herein and DOES 1 through 50.

6. All the Defendants and DOES 1 through 50, and each of them, employed Plaintiff at all relevant times and shall be jointly referred to throughout this complaint as "Defendant Employer or Defendants" unless individual references are necessary.

7. The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges that DOE Defendants 1 through 50 are California residents and/or parents, subsidiaries, and/or sister corporations to Defendant Employer, and/or individuals responsible for the acts complained of herein. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

8. Plaintiff alleges all known and unknown Defendants, and all named Defendants, including corporate and individual Defendants and their parents, subsidiaries, their successors in interest, partners, and their employees and/or agents, acted on behalf of, and for the benefit of, at the direction of, and under the control of, and in conspiracy with, each and every Defendant, known or unknown, and their agents and/or employees, and each of them, to do the acts complained of herein.

9. Defendant Employer both directly and indirectly employed Plaintiff as defined under the Fair Employment and Housing Act "(FEHA) at Government Code Section 12926(d).

10. In addition, Defendant Employer compelled, aided, coerced, and abetted the discrimination, which is prohibited under California Government Code Section 12940(i).

## STATEMENT OF FACTS

11. The Plaintiff was employed by the Defendants as of February 2019, pursuant to a written and/or an oral and implied contract (hereinafter referred to as "employment contract") , as a Registered Nurse for KEM MEDICAL CENTER facility in Bakersfield, California.

12. During all the time Plaintiff worked at the defendants' institution, Plaintiff fulfilled all his obligations, which is common in the performance of his profession for more than 7 months because his contracts were renewed every 13 weeks from February 18, 2019 through September when he was abruptly terminated.

13. On August 31, 2019 Plaintiff was given a new contract assignment pursuant to Healthcare Worker acceptance agreement through Trustaff, an employment agency, by defendants. **A copy of the agreement is attached herein as exhibit 1.**

14. On or about September 10, 2019 while plaintiff was performing his assigned duties, Defendants' agent Korri Kadel and Eva Flanagan accused Plaintiff of being rough in handling of the children at the NICU because, according to them, a mother of one of the children saw him being rough to other children. Plaintiff does not know his accuser nor given an opportunity to address the matter with his accuser or defendants.

15. At all relevant times, denied the accusation mentioned above and, denies that he was rough or mishandling any of the children at the defendants' NICU or in any other place at the relevant times. The Plaintiff has repeatedly suffered discrimination due to his physical condition, religion, race and skin color in the defendants' employ. Plaintiff had requested transfer to another unit within the same department, but his told not to worry because he was doing fine with his job. Plaintiff is informed and believes, and thereon alleges, that Defendants had made-up the accusation as a pretext to terminate him from their employment.

16. On September 11, 2019, Defendants sent an email to Plaintiff's staffing agency (Trustaff) stating that they have terminated the employment with plaintiff because "A mother called to voice a concern about her baby's nurse. She had come in earlier yesterday evening to visit her baby and was watching

12

the nurse with his other patient. She stated that the nurse was very rough while handling the other baby".

17. At the time the above statement was made and sent to Trustaff, plaintiff was not informed nor was plaintiff consulted for his consent to send the statement to another person. Plaintiff is informed and based on the information believed that Tim Ewin, Kathryn Mullins and other staff of Trustaff saw, read and understood that he was incapable of nursing a child in the NICU, incompetent nurse, a child molester or child abuser in the NICU or any other place where plaintiff could have been employed.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants, among other things, terminated Plaintiff's employment because of his religion, race, skin and gender in violation of California Government Code §12940(a).

19. Plaintiff suffered from severe harassment and discrimination based on his religion, race, skin and gender, and he is therefore a member of the class of persons protected from discrimination under California Government Code § 12940(a).

20. Under the provisions of Government Code § 12940(h)(1) it is illegal for any employer, training program or any other person within the State of California, to, because of religion, race, color, national origin, ancestry, to harass an employee or applicant if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.

21. Under the provisions of California Government Code § 12940(i) DEFENDANTS, and each of them were at all times herein mentioned

obligated to, take all reasonable steps necessary to investigate and prevent discrimination and harassment from occurring.

22. Pursuant to Labor Code Section 1194(a) plaintiff requests that the court award plaintiff reasonable attorney's fees and costs incurred by him in this action.

23. On January 31, 2020 and June 3, 2020 Plaintiff filed and, amended his complaint with the California Department of Fair Employment and Housing ("DFEH") against Defendants charging that he was fired because of his religion, race, color, gender-including physical disability, he was discriminated upon and harassed because of his color.

24. Plaintiff received "Right-to-Sue Letters" from the DFEH, dated June 3, 2020. **[A true and correct copy of the "Right-to-Sue Letter" is attached to this complaint as Exhibit "2", and incorporated by this reference]**

25. On June 16, 2020 Plaintiff filed a Claim Form with defendants but plaintiff's claims were denied entirely. Plaintiff presented a timely Claim to defendants for his contract and tort claims with Defendants on June 16, 2020. However, Defendants rejected the claims on July 20, 2020.

26. Plaintiff is informed and believes, and thereon alleges that while his personal Injury Claim may have been presented late, Defendants have wrongly denied some of his claims and thereby petitioned to this court on October 13, 2020 to grant him leave to file late claims, if any. Plaintiff will amend this complaint once his petition is granted.

27. Wherefore, plaintiff hereby file the following causes of action against defendants:

///

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT))
### (Against all Defendants)

28. Plaintiff repeats and repleads those allegations set forth in paragraphs 1 through 27 of this Complaint, and realleges them here as though fully set forth herein.

29. The terms and conditions of plaintiff's employment relationship with defendants were governed by written and oral agreement ("contract") between the parties, which included, but is not limited to, all applicable defendants' policies and procedures which governed such relationship of employment.

30. At times pertinent to the Complaint, plaintiff was employed by defendants, most recently in the position of night shift nurse at defendants' NICU. On or about September 11, 2020, his employment with defendants was wrongfully terminated, as hereinafter alleged.

31. Throughout his employment with the defendants, plaintiff performed the duties of his work assignments in a capable and competent manner and has been so recognized by management and supervisory personnel. However, as his employment continued, plaintiff was required to work in an increasingly hostile work environment, was deprived of essential resources necessary to the proper performance of his work responsibilities, and became subjected to a continuing series of unlawful discriminatory, harassing, and retaliatory adverse actions by reason of his religion, gender, race and color.

32. Plaintiff complained concerning adverse and discriminatory treatment and requested a transfer, but defendants' agent promised Plaintiff that everything is fine, and he should not bother about an alternative assignment. All of these factors culminated in the wrongful and involuntary termination of his employment.

Complaint - JIHAD HASHIM

7

33. The above-described circumstances were known to defendants' supervision and management and played a major role in the decision to terminate plaintiff's employment. Moreover, plaintiff was terminated in direct violation of defendant's oral agreement and express written contract and personnel policies.

34. In taking the adverse actions against plaintiff complained of herein, defendants deliberately breached such contract of employment.

35. As a direct, foreseeable and proximate result of defendant's breach of said contract, plaintiff has lost income and career opportunities, and has suffered other economic losses in the sum of at least $55,000 or to be determined at time of trial.

36. Plaintiff has sought to mitigate such wage-related damages but because of the defamatory statement published by defendants, plaintiff has not be successful.

## SECOND CAUSE OF ACTION

### Workplace Discrimination Based on Gender, Race and Color (Against Defendants Employers)

37. As a second, separate, and distinct cause of action, Plaintiff complains against Defendant Employer and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

38. On or about September 10, 2019, defendants and their agent concocted an accusation that plaintiff was being rough or mishandling the children at the defendants' NICU during the night shift. The Plaintiff has repeatedly suffered discrimination due to his physical condition, religion, race and skin color in the defendants' employ. Plaintiff is informed and believes, and

thereon alleges, that Defendants had made up the accusation as a pretext to terminate him from their employment.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants on or about September 10, 2019, illegally terminated his employment because of his religion, race, skin and gender in violation of the public policy expressed in California Labor Code §§512 and 558; FEHA and California Government Code §12940(a).

40. As a proximate result of this wrongful termination in violation of the above Codes, Plaintiff was caused to suffer, and continues to suffer from humiliation, anxiety, severe emotional distress, worry, fear, and special damages (to include lost wages) all to her special and general damage according to proof at the time of trial.

41. All actions of Defendant Employer, Defendants, their employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendants, and each of them.

42. Defendant Employer did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Defendant Employer, in an amount to be determined at the time of trial.

///

///

///

///

**17**

## THIRD CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy

### (California Constitution, Article 1, Section 8)

### (Against All Defendants)

43. As a third, separate, and distinct cause of action, Plaintiff complains against Defendant Employer and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

44. At all times mentioned herein, California Constitution Article 1, Section 8 and FEHA Government Code Section 12940 (a), were in full force and effect and was binding on the Defendants.    Among its other provisions, the Constitution bans religion, gender, race and color discrimination.

45. During the Plaintiff's employment with the Defendants Employers, Defendants through their supervisors, engaged in actions that had a negative impact on the treatment of alleged discrimination.

46. Defendants, though its managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions and consciousness.

47. On the basis of the above, Plaintiff believes and alleges that his religion, gender, race and color was a motivating factor in the defendants' termination of his employment.

48. As a proximate cause and result of defendants' willful, Knowing and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof.

49. Defendants discrimination was done intentionally, in a malicious, oppressive manner   entitling Plaintiff to punitive damages

50. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is at present unaware of the precise amount of these expenses and fees and will seek leave of court to amend this compliant when the amounts are fully known.

## FOURTH CAUSE OF ACTION
### Failure to provide reasonable accommodation
### Government Code Section 12940 (a) (m), (n)
### (Against All Defendants)

51. As a fourth, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

52. At all times herein mentioned, FEHA Government Code Section 12940 (a), 12940 (m) and 12940 (n) were in full force and effect and was binding on Defendants. These statutes require Defendants to accommodate known disabilities or inalterable characteristics of employees and to provide reasonable accommodation to known disabled employees. Further, the statute prohibits retaliation against an employee requesting accommodation or otherwise in need of accommodations for their disability or physical trait.

53. Defendants terminated Plaintiff's employment, in part, because they were required to give Plaintiff reasonable accommodations for his known disability or physical and natural traits including providing him transfer and/or change of assignment in connection with said disability or traits prior to the complained termination by defendants.

54. Defendants terminated Plaintiff's employment aforesaid without engaging in a timely good faith interactive process at least to enable plaintiff to complete his contract assignments with defendants.

55. As a proximate cause and result of defendants' willful, knowing and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56. As a proximate cause and result of defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof. Defendants' misconduct was done intentionally, in a malicious, oppressive manner  entitling Plaintiff to punitive damages.

57. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is at present unaware of the precise amount of these expenses and fees and will seek leave of court to amend this compliant when the amounts are fully known.

## FIFTH CAUSE OF ACTION

### Unlawful Retaliation in Employment Agent Defendants

58. Plaintiff hereby incorporates by reference all allegations set forth in preceding Paragraphs as if fully set forth in this FIFTH CAUSE OF ACTION.

59. On or about September 10, 2019 while plaintiff was performing his assigned duties, Defendants' agents Korri Kadel and Eva Flanagan accused Plaintiff of being rough in handling of the children at the NICU because, according to them, a mother of one of the children saw him being rough to other children. Plaintiff does not know his accuser nor given an opportunity to address the matter.

60. The Plaintiff has repeatedly suffered discrimination due to his physical condition, religion, race and skin color in the defendants' employ. Although,

plaintiff reported his frustration regarding the discriminatory incident and requested to be transferred, defendants' supervisor, Eva Flanagan, informed plaintiff that he should not be bothered with the situation and continue to perform his assigned duties.

61. On or about September 11, 2019, defendants and their agents concocted an accusation that plaintiff was being rough or mishandling the children at the defendants' NICU during the night shift and then terminated plaintiff without reasonable investigation. Plaintiff is informed and believes, and thereon alleges, that Defendants had made up the accusation as a pretext to terminate him from their employment without engaging in any good faith interactive process.

62. Plaintiff is informed and believes, and thereon alleges that defendant's adverse actions taken against him as set forth herein occurred in retaliation for plaintiff's complains of unlawful discrimination, reported concerns to the supervisor and request for transfer as hereinabove alleged. Such actions are unlawful, discriminatory and retaliatory in violation of Government Code sections 12940 et seq.

63. The above-described circumstances were known to defendants' supervisors and management and they played a major role in the decision to terminate plaintiff's employment.

64. As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

65. As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety,

embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at time of trial.

66. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights. Further, defendants' wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent of defendants had advance knowledge of the unfitness of their decision-maker and employed him or her with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a result of defendants' conduct, plaintiff suffered damages and he is entitled to recover punitive and exemplary damages in an amount commensurate with each defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

67. Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the California Fair Employment & Housing Act (Government Code Section 12900, et seq.), and other statutory entitlements.

## SIXTH CAUSE OF ACTION

**(Severe and Pervasive Harassment in Violation of California Government Code Section 12900 et seq.Against Defendant)**

68. As a Sixth, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

69. The actions of the defendants and their employees including, but not limited to, their managers and supervisors knowingly refusing to accommodate Plaintiff's known physical conditions and natural or physical traits discharging plaintiff, discriminating against plaintiff on the ground of his religion, gender, color and race constituted unlawful discrimination in employment, based on the harassment in violation of the Fair Employment and Housing Act, Government Code Section 12900 et seq., and the corresponding regulations of the California Department of Fair Employment and Housing which forbid discrimination in the workplace and termination of an employee on account of disability, gender, race, religion, or national origin.

70. The harassing acts of defendants' employees including, but not limited to, conflicting orders and promises, making up false accusation and using abusive language to undermine plaintiff's personality and injuries complained of by plaintiff in his factual summary above were committed by said employees in their capacity as managers, supervisors and directors and were committed within the scope of their employment or relationship with defendants.

71. From the time of his hire, defendant's employees including, but not limited to, its managers, supervisors and others subjected plaintiff to severe harassments, intimidations, and abuses, all of which were sufficiently severe or pervasive. For instance, Plaintiff was accused of doing what a visitor said without investigation terminated plaintiff's employment.

72. Defendant's employees including, but not limited to managers, supervisors engaged in the above-mentioned actions with the intent of harassing plaintiff on account of his disability, religion, gender race and color.

Complaint - JIHAD HASHIM

15

73. Plaintiff without success brought several incidents of harassment identified in the factual summary above to the attention of Defendants and managers.

74. Defendants had actual knowledge of the intolerable conditions caused by the acts of harassment alleged above but failed to take any steps to end those conditions. Furthermore, defendants knew or should have known that plaintiff's wrongful discharge would result from its inaction.

75. Defendants did not exercise reasonable care to prevent and promptly correct any harassing or discriminatory behavior involving its employees including, but not limited to, supervisors, managers and others leading to plaintiff's discharge.

76. Upon learning of plaintiff's complaint of physical disability, color or racially motivated harassment and gender discrimination, defendants failed to undertake an effective, thorough, objective, and complete investigation, in a manner which is free of stereotypical assumptions, of the situation complained of.

77. Defendants failed to consult with persons who they had reason to believe may have relevant information, including the complaining employee or patient, the alleged harassers, any witnesses to the conduct, and victims of similar conduct that the employer has reason to believe there may be.

78. Plaintiff is informed and, on that basis, believes and contends that to the extent defendants conducted an investigation, any alleged investigation was ineffective and not commensurate with the severity of the offense complained of by Plaintiff and was not communicated to Plaintiff, the alleged harassers, nor as appropriate, to all others directly concerned.

79. As a direct result of the actions of Defendants' employees including, but not limited to, supervisors, managers and others, and the inactions of Defendants in arresting and eliminating the hostile work environment, plaintiff suffered economic injuries such as a significant change in employment benefits and the unlawful discharge from his employment.

80. Plaintiff is informed and, on that basis, believes and contends that Defendants could have reasonably anticipated the possibilities of harassment, religion, gender and color or racially motivated harassing conduct occurring in its workplace.

81. Plaintiff is informed and believes and on said information and belief alleges that the above-recited actions of Defendants were done with malice, fraud, and oppression, and in reckless disregard of the plaintiff's rights under California Law.

82. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that he suffered loss of salary, wages, and benefits that he would have received pursuant to his continuing employment contract with defendants all to Plaintiff damages in an amount in excess of $55,000, the precise amount of which will be proven at trial.

83. Defendants and their employees' including, but not limited to supervisors, managers and others, conduct as alleged in this complaint constitutes an unlawful employment practice in violation of Government Code section 12940(a)(h) and plaintiff is thus entitled to recover punitive damages from defendants, in an amount according to proof.

## SEVENTH CAUSE OF ACTION
### FOR DEFAMATION
### (Against All Defendants)

84. As a Seventh, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

85. On September 11, 2019, Defendants sent an email to Plaintiff's staffing agency (Trustaff) stating that they have terminated the employment with plaintiff because "A mother called to voice a concern about her baby's nurse. She had come in earlier yesterday evening to visit her baby and was watching the nurse with his other patient. She stated that the nurse was very rough while handling the other baby".

86. At the time the above statement was made and sent to Trustaff, plaintiff was not informed nor was plaintiff consulted for his consent to send the statement to another person. Plaintiff is informed and based on the formation believed that Tim Ewin, Kathryn Mullins and other staff of Trustaff saw, read and understood that he was a was incapable of nursing a child in the NICU, incompetent nurse, a child molester or child abuser in the NICU or any other place where plaintiff could have been employed

87. The defendant referred to plaintiff by name throughout, was made of and concerning plaintiff, and was so understood by those who read the electronic letter.

88. The entire statement that plaintiff acted inappropriately is false as it pertains to plaintiff, however, defendants without investigations and consultation with plaintiff, published the statement and terminated plaintiff because of the statement.

89. The defendants' email or electronic letter to Tim Erwin and members of his staff is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule, loss of employment opportunity, dent plaintiff's employment records and obloquy because it charges plaintiff with having committed crime or despicable act towards children.

90. The defendants' said email was seen and read on or about September 11, 2019 by Tim Erwin, Katie Mullins and other staff of Trustaff staffing agency without plaintiff's knowledge, consent or approval.

91. As a proximate result of the above-described publication, plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in a total amount to be established by proof at trial.

92. The above-described publication was not privileged because it was published by defendants with the intent of showing that plaintiff is a criminal, was incapable of nursing a child in the NICU, incompetent nurse, a child molester or child abuser at the NICU in ultra-malice, hatred and ill will toward plaintiff and the desire to injure him, in that defendants had expressed a desire to "get rid of" plaintiff. Because of defendants' malice in publishing, plaintiff seeks punitive damages in a total amount to be established by proof at trial.

## EIGHTH CAUSE OF ACTION
### For Negligence Per Se Against all Defendants

93. Plaintiff hereby incorporates by reference all allegations set forth in preceding Paragraphs as if fully set forth in this EIGHTH CAUSE OF ACTION.

94. The actions of the defendants and their employees including, but not limited to, their managers and supervisors knowingly refusing to accommodate

Plaintiff's known physical conditions, discharging plaintiff, discriminating against plaintiff on the ground of his religion, gender, color and race constituted unlawful discrimination in employment in violation of the Fair Employment and Housing Act, Government Code Section 12900 et seq., and the corresponding regulations of the California Department of Fair Employment and Housing which forbid discrimination in the workplace and termination of an employee on account of disability, gender, race, religion, or national origin.

95. Plaintiff suffered from severe harassment and discrimination based on his religion, race, skin and gender, and he is therefore a member of the class of persons protected from discrimination under California Government Code § 12940(a).

96. Under the provisions of Government Code § 12940(h)(1) it is illegal for any employer, training program or any other person within the State of California, to, because of religion, race, color, national origin, ancestry, to harass an employee or applicant if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.

97. At all times herein mentioned, FEHA, Government Code Section 12940 (a), 12940 (m) and 12940 (n) were in full force and effect and was binding on Defendants. These statutes require Defendants to accommodate known disabilities or inalterable characteristics of employees and to provide reasonable accommodation to known disabled employees. Further, the statute prohibits retaliation against an employee requesting accommodation or otherwise in need of accommodations for their disability or inalterable physical traits, but defendants failed to provide any accommodation to plaintiff and, therefore, Defendant's actions constitute negligence per se.

98. Defendants terminated Plaintiff's employment aforesaid without engaging in a timely good faith interactive process at least to enable plaintiff to complete his contract assignments with defendants in Government Code Section 12940 (a), 12940 (m) and 12940 (n) and, therefore, Defendant's actions constitute negligence per se.

99. Plaintiff is a member of the general public, an employee and is, therefore, in the class of persons intended to be protected by the California Government Code above and/or applicable Labor Codes provisions and/or reasonable and customary employment practices.

100.    The injuries sustained by Plaintiff are of the type of injuries the California Government Code above and/or applicable Labor Codes provisions and/or reasonable and customary employment practices were established to protect against.

101.    As a direct and proximate result of the foregoing statutory violations and the related negligence and carelessness of the Defendants, for which Defendants are liable under the doctrine of negligence per se, Plaintiff has suffered severe and continuous serious personal injuries. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiff will assert them with particularity.

102.    By reason of the foregoing, plaintiff has been required to take strange and powerful pain killing drugs with severe effect without ceasing, employ the services of hospitals, physicians, nurses and other professional services and plaintiff has been compelled to incur expenses for medical services. Plaintiff is informed and believes, and thereon allege, that further services of

said nature will be required by Plaintiff in an amount to be shown according to proof.

## NINTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)
### (Against All Defendants)

103.    As a Ninth, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

104.    The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendant[s] to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive plaintiff of the benefits of the contract.

105.    Plaintiff performed all the duties and conditions of the employment agreement. Defendant knew that plaintiff had fulfilled all him duties and conditions under the contract.

106.    In fact, defendants discharged plaintiff, not because of alleged poor performance, but because plaintiff, in good faith and in a reasonable, appropriate, and businesslike manner, had attempted to secure rights, due under the employment agreement and law. Such motives were retaliatory in nature and extraneous to the employment relationship and were intended to deprive plaintiff of the benefits thereof.

107.    Defendant further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies by not providing plaintiff with the written warning of performance deficiency

required by its employee handbook and/or personnel policy before discharge. Also, plaintiff was terminated because among other things, an oral complain from a patient without providing interactive process to plaintiff as required by law

108.    As a proximate cause and result of defendants' willful, knowing and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

109.    As a proximate cause and result of defendants' willful, knowing and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to her damage in a sum according to proof.

110.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is at present unaware of the precise amount of these expenses and fees and will seek leave of court to amend this compliant when the amounts are fully known.

## TENTH CAUSE OF ACTION
Breach of Implied Promise Not to Terminate Without Good Cause.
### (Against All Defendants)

111.    As a Tenth, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

112.    Plaintiff was reasonably assured by Defendants' actions, statements and conduct that he would not be terminated arbitrarily, and Plaintiff relied as well on the content of the written and/or oral employment agreement (Employee Handbook/Guidelines) regarding the circumstances giving rise to employee discharge.  Based on the foregoing, Plaintiff was led to conclude

that he and Defendants had entered into an implied contract that Plaintiff would not be discharged unless there was good cause to do so.

113.     Plaintiff was employed by Defendants for approximately more than 7 months. He had received regular contract renewals and praise as a result of his performance. During the time Plaintiff was employed by Defendants, and until the conduct from which this action arises, Plaintiff had received no disciplinary action including, but not limited to, warnings taken against him. Based on the provisions of the employment agreement (Employee Handbook/Guidelines), the oral representations, promises and conduct of Defendant, as set forth above, Plaintiff had an employment contract with Defendants that he would be employed or have his contract renewed by Defendants so long as his performance was satisfactory, and that Defendants would not cause him to be discharged without a good and just reason.

114.     Without misconduct on the part of Plaintiff and without good, just or legitimate cause, Defendants breached the subject employment agreement by engaging in conduct separate and apart from performance of obligations under the agreement, without good faith and in contravention of the implied agreement not to terminate Plaintiff's employment except for good cause, by, among other things, terminating Plaintiff because of his religion, race, gender and physical disability or medical condition.

115.     Defendants' breach has resulted in Plaintiff being unable to obtain comparable employment and has resulted in substantial earnings and benefits impairment currently and extending into the future. As a result, Plaintiff has suffered, and continues to suffer, losses in income, earnings, benefits and other consequential damage in a sum to be shown according to proof.

## ELEVENTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (Against All Defendants)

116.    As a Eleventh, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 50, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

117.    On September 11, 2019, Defendants sent an email to Plaintiff's staffing agency (Trustaff) stating that they have terminated the employment with plaintiff because "A mother called to voice a concern about her baby's nurse. She had come in earlier yesterday evening to visit her baby and was watching the nurse with his other patient. She stated that the nurse was very rough while handling the other baby".

118.    At the time the above statement was made and sent to Trustaff, plaintiff was not informed nor was plaintiff consulted for his consent to send the statement to another person. Plaintiff is informed and based on the formation believed that Tim Ewin, Kathryn Mullins and other staff of Trustaff saw, read and understood that he was a was incapable of nursing a child in the NICU, incompetent nurse, a child molester or child abuser in the NICU or any other place where plaintiff could have been employed

119.    Further, the actions of the defendants and their employees including, but not limited to, their managers and supervisors for knowingly refusing to accommodate Plaintiff's known physical traits, discharging plaintiff, discriminating against plaintiff on the ground of his religion, gender, color and race constituted unlawful discrimination in employment in violation of the Fair Employment and Housing Act, Government Code Section 12900 et seq., and the corresponding regulations of the California Department of Fair Employment and Housing which forbid discrimination in the workplace and

Complaint - JIHAD HASHIM

25

termination of an employee on account of disability, gender, race, religion, or religion.

120.    The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants, and each of their conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

121.    As a proximate result of Defendants, and each of their, intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

122.    Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

////
////

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a general damage, according to proof;

2. For general, presumed and special damages based upon damage to Plaintiff's business and personal reputation;

3. For a money judgment in the sum of $55,000 or for a sum representing compensatory damages including lost past and future wages, commissions, and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof;

4. For an award of punitive damages against any and/or all Defendant(s);

5. For attorney fees under any applicable statutory or contractual basis;

6. For prejudgment interest under Civil Code § 3288 and Code of Civil Procedure § 998, and any other applicable statutory, or contractual basis;

7. For penalties according to statute;

8. For costs of suit according to statute; and

9. For any other relief that is just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

Dated: October 10, 2020

**OCEANBRIDGE LAW FIRM**

**Macauley Ekpenisi, Esq**
Attorney for Plaintiff.

Complaint - JIHAD HASHIM

27

**35**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

**Acceptance Agreement**

Position:

This Healthcare Worker acceptance Agreement (this "Agreement") is executed this date 07/31/2019 between <u>Jihad Hashim</u> and Tim Erwin
WHEREAS, trustaff provides temporary healthcare professionals to its clients at the client's facilities; and
WHEREAS, Jihad Hashim has agreed to accept an Assignment (as defined below) with trustaff on the terms and conditions set forth herein.
Now, therefore, based upon mutual promises and covenants contained in this agreement, the receipt and sufficient of which are hereby acknowledged, the parties agree as follows:

1. **Employment** Jihad Hashim shall be an at-will employee of trustaff. Jihad Hashim has agreed to accept the following assignment (the "Assignment").

    a. **Assignment Location, Term, and Unit.**

      Subject to the terms and conditions as set forth herein:
        i.  Client Facility:    <u>**Kern Medical Center, Bakersfield, CA**</u>
        ii.  Length of Assignment:    <u>**13 Weeks**</u>
        iii.  Assignment Dates:
            i.  Start Date:    <u>**8/31/2019**</u>
            ii.  Completion Date:    <u>**11/29/2019**</u>
        iv.  Primary Unit:    <u>**NICU (12hr Nights)**</u>
        v.  Required to Float (where competent & qualified):  <u>**Yes**</u>
        vi.  Work week start:  <u>**Saturday**</u>   Ends:  <u>**Friday**</u>
        vii.  Requested Time Off:

    b. **Pay Rate.**

        i.  Base Pay:    <u>**$19.47**</u> / hr for hours worked up to 8 in one day, up to 40 in one week;
        ii.  Base Pay:    $ <u>**29.21**</u> / hr for hours worked after 8 in one day, up to 12 hours in one day.
        iii.  Double Time Pay:    <u>**$38.94**</u> / hr for hours worked after 12 in one day.
        iv.  Meals, incidentals and housing per diem :  $ <u>**1,162.00**</u> / per week 36 (subject to be prorated in accordance with paragraph 5).
        v.  Overtime Pay:    <u>**$53.54**</u> / hr for hours worked after 40. Overtime shall be paid in accordance with the laws of the state where client is located.

    c. . **Additional Items:**

    <u>**Kern Medical Center**</u>
    <u>**1830 Flower Street**</u>
    <u>**Bakersfield, CA 93305**</u>
    <u>**661-599-0650**</u>

    By signing below, Jihad Hashim confirms receipt of Pay Plan Descriptions.

2. **Minimum Hours; Shift Changes; Termination; Client Shift Cancellation.**
    a. [Subject to Section d below –]
    **<u>Client will schedule for a minimum of 36 hours per week (or 72 hours total if Client schedules on a bi-weekly basis) (the "Minimum Hours").</u>**
    **<u>Facility will not guarantee hours for units closed on holidays during the week that the holiday falls.</u>**

    b. If Jihad Hashim (i) is unable to work a scheduled shift or (ii) needs to request a change to the work schedule determined by Client (i.e. call offs, shift changes, time off, etc), Jihad Hashim must communicate such request directly to Client and notify trustaff. During any scheduling period that Jihad Hashim fails to work a scheduled shift, requests a change to the work schedule or volunteers for a shift cancellation, Jihad Hashim shall not be entitled to the Minimum Hours for such scheduling period.

    c. Jihad Hashim further agrees and acknowledges that all terms and conditions of this Agreement are subject to the Client's right, in its sole and absolute discretion, to modify, amend or otherwise terminate the Assignment and such revisions and/or termination shall immediately amend, modify or terminate this Agreement, as the case may be, as if fully incorporated herein and without any further action required by the parties hereto. Any exercise by the Client of its

right to modify, amend or otherwise terminate this Agreement shall not result in a breach of this Agreement by trustaff or otherwise affect the Jihad Hashim's obligations hereunder.

d. **[Shift Cancellation Policy]**
   <u>**Client can cancel up to 2 shifts per 13-week assignment.**</u>

3. **Compensation.** Jihad Hashim shall be an hourly employee and will be paid at the Base Rate for all hours worked up to 40 hours per Work Week. Overtime will be calculated according to the laws of the state where the Client is located. **If applicable to the Assignment: The Client may assign Jihad Hashim to be "on-call" and Jihad Hashim shall be paid at the On-Call Rate for each of on-call services requested by Client.**

4. **Conditions of Compensation.**
   a. Each week, Jihad Hashim must submit trustaff timesheets to trustaff regardless of the timekeeping system used by the Client. Failure to timely remit accurate timesheets MAY result in a delay in preparing Jihad Hashim's payroll check.
   i. If the Client DOES NOT USE its own timekeeping system, then the trustaff timesheets MUST be signed by an authorized manager of the Client before submission to trustaff.
   ii. If the Client DOES USE its own timekeepIf the Client DOES USE its own timekeeping system, then the clock report generated by the Client should be used to verify the timesheets submitted by. IF THERE IS A DISCREPANCY BETWEEN THE TIMESHEETS SUBMITTED BY Jihad Hashim AND THE CLOCK REPORT GENERATED BY THE CLIENT, THEN Jihad Hashim ACKNOWLEDGES AND AGREES THAT TRUSTAFF WILL PAY THE Jihad Hashim BASED UPON THE CLIENT GENERATED CLOCK REPORTS. Jihad Hashim MAY RESOLVE ANY SUCH DISCREPANCY BY FOLLOWING THE REQUIREMENTS OF THE CLIENT AND, IF SUCH RESOLUTION REFLECTS ADDITIONAL TIME WORKED BY Jihad Hashim, THEN TRUSTAFF WILL PAY Jihad Hashim FOR SUCH HOURS AT THE END OF THE PAY PERIOD FOLLOWING SUCH RESOLUTION.

5. **Meals, Incidentals, Travel and Lodging Expenses**
   a. trustaff will pay Jihad Hashim meals, incidentals and housing per diem in the amount set forth in Section 1(b)(iv) for all meals/incidental and housing expenses (the "Meals/Incidentals/Housing Per Diem"). The Meals/Incidentals/Housing Per Diem will be paid in arrears with the regular weekly (or biweekly, if applicable) paycheck. The amount of the Meals/Incidental/Housing Per Diem shall be adjusted proportionately (i) for the first and last week of the Assignment, if necessary and (ii) for any assigned days Jihad Hashim does not work.

   b. All travel, transportation, commuting, parking and related expenses shall be the sole responsibility of Jihad Hashim.

   c. If the Jihad Hashim does not complete the Permanent Tax Residence Form, then the Meals/Incidentals/Housing Per Diem WILL BE TAXABLE. If the Jihad Hashim fails to meet or fails to continue to meet the requirements set forth in the Permanent Tax Residence Form, then the Meals/Incidentals/Housing Per Diem WILL BE TAXABLE.

   d. Jihad Hashim shall notify trustaff promptly of any change in the Jihad Hashim's permanent tax residence. An updated Permanent Tax Residence Form must be submitted to trustaff at the beginning of each new assignment.

6. **Housing and Travel Arrangements.** Jihad Hashim shall be responsible, at Jihad Hashim's sole expense, for securing any and all travel arrangements to and from Client's locations and all transportation and housing needs during the term of the Assignment. Jihad Hashim expressly agrees and acknowledges that trustaff shall not assist, arrange or otherwise provide any housing, transportation or travel arrangements or any other accommodations to or on behalf of Jihad Hashim. Except for the Meals/Incidentals/Housing Per Diem which will be paid in accordance with Paragraph 5 above, trustaff shall not be responsible or liable for any costs, fees or other expenses incurred by Jihad Hashim for any such housing, transportation or travel arrangements or other accommodations or any other living expenses incurred by Jihad Hashim at any time.

7. **Background Check.** Jihad Hashim acknowledges and agrees that trustaff will not guarantee this Assignment or future employment with trustaff if the results of Jihad Hashim's background check and/or drug screen are unsatisfactory to trustaff in its sole judgment. In the event that trustaff determines, in its sole judgment, that results are unsatisfactory, then trustaff may, at its option, terminate this Agreement.

8. **Arbitration.** Jihad Hashim and trustaff agree to resolve all disputes and claims related to this Agreement and/or any dispute related to Jihad Hashim's employment with trustaff to binding arbitration rather than going to court. The details of the arbitration procedure are outlined in the Employee Traveler Handbook. Jihad Hashim and trustaff agree that all such disputes and claims will only be arbitrated on an individual basis, and that both parties waive the right to participate in or receive money from any class, collective, or representative proceeding.

9. **Damages.** If Jihad Hashim fails to complete the Assignment or otherwise materially breached this Agreement, and Client charges trustaff cost, fees and/or other damages (the "Damages") in connection with Jihad Hashim's failure to compete the Assignment or other material breach of this Agreement,such Damages shall be the sole responsibility of Jihad Hashim and Jihad Hashim shall promptly reimburse trustaff for such Damages. Upon the occurrence of any breach of this Agreement or any Assignment by Jihad Hashim, trustaff may terminate this Agreement as of the date of such breach.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. Further, in the event of any claim or cause of action arising from this Agreement, Jihad Hashim and trustaff consent to the exclusive jurisdiction of the Federal District Court of the Southern District of Ohio and/or state courts of Hamilton County, Ohio.

11. **Severability.** If any provision of this Agreement, or any paragraph, sentence, clause, phrase or word, or the application thereof, in any circumstance, is held invalid, the validity of the remainder of this Agreement shall be construed as if such invalid part were never included herein.

12. **Headings.** The headings of articles, sections, paragraphs and subparagraphs in this Agreement are for convenience of reference only and shall not be construed in any way to limit or define the content, scope or intent of the provisions hereof.

13. **Entire Agreement.** The parties to this Agreement understand and agree that this Agreement contains the entire Agreement regarding the subject matter of this Agreement. No prior or contemporaneous agreement, statement, promise or representation (either made orally or in writing) relating to the subject matter of this Agreement shall be valid or binding unless set forth in this Agreement.

**EXHIBIT B**

**CALIFORNIA MEAL PLAN**

Dear Jihad Hashim:

Since you have accepted a travel assignment in California, you are required to complete the attached Meal Period for California Healthcare Employees Form.

In accordance with California law, any employee who works a shift exceeding 10 hours (i.e., 12 hours) is required to take two 30-minute meal periods. However, there is an exception for healthcare employees who wish to waive their second meal period. Therefore, the following options are available to you when working a shift exceeding 10 hours:

**Option 1:** Take two 30-minute meal periods – these periods you will be relieved of all duty and you will not be paid during these meal periods; or

**Option 2:** Take one 30-minute meal period and waive the second meal period. During the 30-minute meal period, you will be relieved of all duty and you will not be paid.

If you choose Option 1 ("Decline"), please sign the top portion of the attached Form: "Decline to Waive." When working 12 hour shifts (on which a facility will generally schedule you for 12½ hours), you will be paid for 11.5 hours (or 11 hours in the event that the facility only scheduled you for 12 hours) since you are taking two 30-minute meal breaks. Please sign the top portion of the attached Form: "Decline to Waive." (If you elect this Option 1 on the Form, you must take the second meal period every time you work more than 10 hours. As this is California law, failure to comply may result in disciplinary action.)

If you choose Option 2 ("Waiver"), please sign the bottom portion of the attached Form: "Waiver of Meal Period." When working 12 hour shifts (on which a facility will generally schedule for 12½ hours), you will be paid for 12 hours (or 11½ hours in the event the facility only schedules you for 12 hours) and you will be required to take one 30-minute meal break. Please sign the bottom portion of the attached Form: "Waiver of Meal Period."

If you choose Option 2 ("Waiver") and decide that you would like to take both 30-minute meal periods, then you can revoke this waiver by giving the facility one day's notice.

Please return the attached Meal Period Form for California Employees by fax to your trustaff as soon as possible. You may submit a new Form at any time if you wish to change the option you have chosen.

Please sign one of the following options and fax to trustaff.

## Option 1: Decline To Waive Meal Period

I understand that by signing below, I will be required to take all meal periods to which I am entitled when working shifts in excess of 10 hours. Taking the second meal period will result in my working and being paid for 11.5 hours in a standard 12.5-hour shift. At this time, I choose not to exercise my right to waive one meal period. I will ensure that all meal periods are taken and documented accordingly on my timesheet.

I acknowledge that I have read this document, understand it and agree to its provisions (including that I will be paid 11.5 hours when working a 12.5 hour shift).

Last 4 digit of your Social Security Number

Print Name : Jihad Hashim

Date

## Option 2: Waiver of Meal Period

I understand that by signing below, I will be required to take only one meal period when working shifts in excess of 10 hours. Taking only one meal period will result in my working and being paid for 12 hours in a standard 12.5-hour shift. I understand that under California law I have this right to waive one of the two meal periods. I also understand that I, or the Company, may revoke this "Waiver of Meal Period" at any time by providing at least one day's advance notice in writing. This waiver will remain in effect until it is revoked. I will ensure that all meal periods are taken and documented accordingly on my timesheet.

I acknowledge that I have read this document, understand it and agree to its provisions, including that I will be paid 12 hours when working a 12.5 hour shift.

Last 4 digit of your Social Security Number

Print Name : Jihad Hashim

Agreed and Acknowledged:

40

Print Name of Facility

By: Date

Name:

Title:

**EXHIBIT B**

**CALIFORNIA NOTICE TO EMPLOYEES**

# NOTICE TO EMPLOYEE

## LABOR CODE SECTION 2810.5

| EmployeeName | start Date | Rate(s) of Pay | Allowances | Regular Payday | | |
|---|---|---|---|---|---|---|
| Jihad Hashim | | See attached Contract | see attached contract | Weekly: Every Friday | | |
| Legal Name of Hiring Employer | | Trade name: Doing | Entity for whom Employee shall perform work: | | | |
| trustaff Travel Nurses,LLC. | | trustaff | See attached contract | | | |
| Employer Address | | City | State | Zip | Phone Number | |
| 4270 Glendale Milford Road | | Cincinnati | OH | 45242 | 513-272-3999 | |
| Employer's Worker's Compensation | | Wesco Address | City/State | Zip | | |
| Wesco | | 874 walker road suite C | Dover, DE | 19904 | 877-528-7878 | |

**PAID SICK LEAVE**

Unless exempt, the employee identified above on this Notice is entitled to minimum requirements for paid sick leave under state law which provides than an employee:

- May accrue paid sick leave and may request and use up to 3 days or 24 hours of accrued paid sick leave per year;
- Has the right to request and use accrued paid sick leave;
- May not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and
- Has the right to file a complaint against an employer who retaliates.

**The employee shall accrue 1 hour of paid sick leave per 30 hours worked and no less than 24 hours (or 3 days) of paid sick leave at the beginning of each 12-month period.**

Labor Code § 2810.5(b) requires the employer to notify employees in writing of any changes to the information set forth in this Notice within seven calendar days of any such

**ACKNOWLEDGEMENT OF RECEIPT**

By signing below, I acknowledge that I have been provided with, and have read, the written Notice above. This Notice does not change my status as an at-will employee.

Contract Control Code: Cincinnati Nursing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 3, 2020

Macauley Ekpenisi
14640 Victory Blvd., Suite 202, Suite 202
Van Nuys, CA 91411

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202006-10320103
Right to Sue: Hashim / Kern Medical Center

Dear Macauley Ekpenisi:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

43



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

June 3, 2020

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202006-10320103
       Right to Sue: Hashim / Kern Medical Center

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 3, 2020

Jihad Hashim
18432 Oak Canyon road, #622
Santa Clarita, California 91387

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202006-10320103
       Right to Sue: Hashim / Kern Medical Center

Dear Jihad Hashim,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective June 3,
2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jihad Hashim                                              DFEH No. 202006-10320103

                                    Complainant,

vs.

Kern Medical Center
1700 Mount Vernon Avenue
Bakersfield, California 93306

                                    Respondents
_____

1. Respondent **Kern Medical Center** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jihad Hashim**, resides in the City of **Santa Clarita** State of **California.**

3. Complainant alleges that on or about **September 11, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, color.

**Complainant was discriminated against** because of complainant's race, ancestry, color and as a result of the discrimination was terminated.

**Additional Complaint Details:** Jihad Hashim was working as a nurse on 09/10/2019 in the NICU during a night shift. Korri Kadel the charged nurse together with Eva Flanagan accused Jihad of being rough with the children at the NICU because according to her, a mother of one of the children saw him being rough to a child. It was not clear what rough act Jihad is accused of doing but it is clear that Jihad is a very Tall Black Complexion male with good reputation in his work. Korri Kadel and Eva Flanagan accused Jidad of unknown wrong doing only because he is black tall man and Kern Medical Center terminate him for the same reason.

-1-
*Complaint – DFEH No. 202006-10320103*

Date Filed: June 3, 2020

1  VERIFICATION

2  I, **Macauley Ekpenisi**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On June 3, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                                          **Van Nuys, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                      -2-
27  ─────────────────────────────────────────────────────────────
                              *Complaint – DFEH No. 202006-10320103*
28  Date Filed: June 3, 2020

                                                                                              **47**

# NOTICE OF REMOVAL OF ACTION EXHIBIT 2

**Petition for an Order Relieving Petitioner from Provisions of Government Code 945.4**

**("Petition for Relief") filed on October 20, 2020, filed respectively.**

1

**MACAULEY EKPENISI, ESQ. (SBN 296326)**
**OCEANBRIDGE LAW FIRM,**
**A PROFESSIONAL LAW CORPORATION**
**14401 GILMORE STREET, SUITE 203**
**VAN NUYS, CA 91401**
**TEL: (818)-668-3359**
**FAX: (818) 561-3660**

Attorney for Claimant: JIHAD AKIL HASHIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JIHAD AKIL HASHIM<br>          Claimant,<br><br>          Vs.<br><br>KMC MANAGEMENT INC (A California Incorporation) KERN COUNTY HOSPITAL AUTHORITY, (A California Public Entity), KERN MEDICAL CENTER FOUNDATION (A California Incorporation), KEM MEDICAL CENTER; (unknown Business Form) and DOES 1 through 50, inclusive,<br><br><br>          Respondents, | CASE NUMBER: BCV-20-102398<br><br>**PETITION FOR AN ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE § 945.4; MEORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MACAULEY EKPENISI, AND NELSON CHIEDU**<br>(Government Code § 946.6)<br><br>Date: 12/15/2020<br>Time: 8:30 a.m.<br>Dept: 10 |

PURSUANT TO THE PROVISIONS OF GOVERNMENT CODE § 946.6, PETITIONER, JIHAD AKIL HASHIM, HEREBY PETITION THE COURT AS FOLLOWS:

1.      Petitioner is a resident of the City of Santa Clarita, County of Los Angeles, State of California. Respondents, Kern County Hospital Authority (hereinafter "Hospital") is a local entity of the State of California within the meaning of Part 3 (beginning with Section 900) of Division 3.6 of Title 1 of the Government Code.

---

**PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4 (GC§ 946.6)**

2.       On August 3, 2020 Claimant's Attorney promptly sent by mail an application for leave to present late claim to the Hospital but, the application was denied by Kern Medical without any reason. The said application and denial letter are herein attached as *exhibits 1 and 2.*

3.       On June 16, 2020 Petitioner mailed a Claim for Damages to Respondent in the form of a Notice of Intent to Sue. On July 20, 2020, Respondent denied said claim "because it was not presented within six (6) months after the event or occurrence". On August 3, 2020, Petitioner presented to Respondent's Authority Board Coordinator, as its governing board, a written application for leave to present a late claim for damages on behalf of the Petitioner, pursuant to §§ 911.4 and 911.6 of the Government Code. *A copy of the application is attached and designated as Exhibit "1" is incorporated in this Petition.* The application was denied by the action of the board taken on August 17, 2020.

3.       Petitioner's claim is founded on a breach of contract and wrongful termination claims stemming from discriminatory conduct on or about September 11, 2019 Kern County Hospital Authority terminated Jihad Hashim because he was Black, an African American, a Male, religion and he was defamed by the Hospital.

4.       On or about September 10, 2019 while claimant (a contract nurse) was performing his assigned duties, Defendants' agent Korri Kadel and Eva Flanagan accused claimant of being rough in handling of the children at the NICU because, according to them, a mother of one of the children saw him being rough to other children. Claimant does not know his accuser nor given an opportunity to address the matter with the accuser. However, Claimant was terminated on September 11, 2019

1  because of the complain and was not given the opportunity to complete his employment

2  contract.

3  5.      Sometime in late October 2019, Claimant contacted present counsel, Macauley

4  Ekpenisi to investigate the termination of claimant and his ability to retain another

5  contract nurse work since he is a travelling nurse. In furtherance of the above, counsel

6  for claimant commenced investigations in the matter including, but not limited to, the

7  defamatory statements by Respondents leading to Claimant's termination.

8  6.      On June 16, 2020 Petitioner presented a Claim Form to Hospital. The claim is

9  marked as Exhibit "3". This prompted the entity to forward a letter rejecting the claim.

10  The letter of rejecting the claim is marked as Exhibit "4".

11

12  7.      Upon the retention of this firm, counsel for the herein Claimant, Macauley

13  Ekpenisi, calendared to file this claim with the Kern County Hospital Authority within six

14  months from the date of termination. Also, a six-month date and a twelve-month date,

15  both originating from the date of termination, were noted by counsel for calendaring

16  against the Kern County Hospital Authority. However, the calendaring clerk, Nelson

17  Cheidu, misplaced the earlier date of March 9, 2020 for the personal injury claims to the

18  Hospital with the presentation of DFEH one-year claim. Instead, he calendared

19  September 9, 2020 for the (6-months) Hospital claim which was supposed to be March

20  9, 2020. As a result, the California Govt Code Section 911.2 notice of intent to sue,

21  which served as the claim with the Hospital, was not sent to the Hospital as earlier

22  intended and as instructed by the handling attorney except for the contract claims which

23  was included in the claim form. To further compound the situation, on or about March 4,

24  2020 Covid-19 broke out and our offices closed our doors in response to California

25

public health crisis engendered by Covid-19. *See California Emergency Orders attached exhibits 5 ,6 and 7*. There was no legal assistant providing supporting services to the attorney.

8.      The failure to file this claim within the time frame specified in exhibit "2" was solely due to inadvertence, mistake, excusable neglect and surprise caused by a calendaring error, and the mental and physical incapacity of claimant's attorney ushered by the emergence of Covid-19 Pandemic. No prejudice is caused to the Hospital by this failure. This application is being presented within a reasonable time following the receipt of exhibit "2" from the Hospital, and in any event, within a reasonable time from the date of accrual of the course of action.

9.      The Claim against the local entity is based on contractual and personal injuries sustained by Petitioner under circumstances contained in the claim form submitted to the local entity.

10.     In addition to the foregoing, the Petitioner's claims may exceed $500,000.00 in damages based on the economic losses, emotional damages he sustained and inability for claimant to find a comparable nursing contract. It is further anticipated that the injuries sustained by Petitioner will affect his ability to earn income in the future.

WHEREOF, it is respectfully requested that this Petition be granted and that this Court make a further order relieving Petitioner from the provisions of Section 945.4 of the Government Code.

Dated: October 8, 2020                          OCEANBRIDGE LAW FIRM, APC.

By

MACAULEY EKPENISI, ESQ.
Attorney for Claimant,

PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF
GOVERNMENT CODE SECTION 945.4 (GC§ 946.6)
− 4

## 1. MEMORANDUM OF POINTS AND AUTHORITIES

The cause of action is governed by the provisions of Government code section 911.2, which requires the filing of a claim within six months of the accrual of the cause of action and other claims within one-year of the accrual. If a claim is not timely presented a written application must be made to the public entity for leave to present the claim under the provisions of Government code section 911.4(a). The application must be made within a reasonable time not to exceed one year from the accrual of the cause of action. Government code section 911.4(b).

In computing the one-year period, any time during which the claimant is mentally incapacitated and does not have a guardian or conservator must not be counted. Government code section 911.4(c)(1). In fact, the time period for filing an application for leave to file a late claim is tolled for any period during which a mentally or physically incapacitated plaintiffs interest are represented only by a guardian or conservator of the person with no authority to prosecute the claim. *Kagy v. Napa State Hospital (1994) 28 Cal. App.4th 1, 6-7.*

Following Hospital's denial of Application for Leave to File Late Claim, the claimant has six months within which to petition the court for a late claim relief. The Court must make an independent determination on the petition for an order for relief from the claim requirements Government code section 946.6(e) and the current California Emergency Order and Rules attached herein as exhibits 5, 6,7 and 8. If the Court finds that the application to the Hospital for leave to present a late claim was timely made, and that at least one of the four grounds listed in Government code section 946.6(c) exists, it must grant the petition.

1    Notwithstanding, the Hospital wrongly rejected the contract and wrongful

2    termination claims (tort claim) which the same Government code section 911.2,

3    refers to as "other cause of action shall be presented as provided in Article 2

4    (commencing with Section 915) not later than one year after the accrual of the

5    cause of action".

6    **Arguments**

7    **2. MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT IS**

8        **FOUND  WHERE  FAILURE  TO  TIMELY  FILE  IS  CAUSED  BY**

9        **CALENDERING ERROR:**

10    The applicable standard for granting relief under this criterion is the same as

11    in a regular motion for relief under CCP § 473. Under those scenarios, calendaring

12    error of counsel or his staff constitutes mistake, inadvertence, surprise or excusable

13    neglect. See **Nilson v. City of Los Angeles (1967) 249 Cal. App. 976; Bettencourt**

14    **v. Los Rios Community College District (1986) 42 Cal. 3d 270; Flores v. Board**

15    **of Supervisors (1970) 13 Cal. App. 3d 480.**

16    In the present case, the factual basis for what constituted the delay,

17    inadvertence, surprise of excusable neglect was stated in the declarations of Macauley

18    Ekpenisi and Nelson Chiedu. But for the mistake of my office to calendar the date to

19    present the instant claim within 6 months to the Hospital, petitioner would not have

20    presented his personal injury claim late. Therefore, Petitioner urges this court to

21    grant his petition on the ground of mistake, inadvertence, surprise or excusable

22    neglect.

**PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF**
**GOVERNMENT CODE SECTION 945.4 (GC§ 946.6)**

– 6

### 3. <u>Delay is excusable because of Covid -19 Pandemic and California Governor's emergency orders.</u>

"Inadvertence" and "excusable neglect" are virtually <u>synonymous</u> (**See Barnes v. Witt, 207 Cal. App. 2d 441 (1962)),** and are the most common reasons for a set aside. Delay, if any, in bringing the Petition for Late Claim Relief is immaterial in the absence of prejudice to the district. The opposing party lacks any claim of prejudice to the District. See <u>Nilson v. City of Los Angeles</u> (1967) 249 Cal. App. 976; <u>Morrill v. City of Santa Monica</u> (1963) 223 Cal. App. 2d 703.

Like here, on or about March 4, 2020 Covid-19 broke out California. Majority of offices in California, especially in Los Angeles including our offices, closed our doors in response to California public health crisis engendered by Covid-19 Pandemic. Therefore, Governor Gavin Newsom has extended a statutorily imposed timeline significant to public entities. The first 60-day extension, which applies to the deadline to file claims against public agencies, was published on March 21, 2020, under Executive Order N-35-20. Then, on May 19th, the Governor issued Executive Order N-65-20 which extended the deadline an additional 60 days. Finally, the deadline was once again extended by 60 days by Executive Order N-71-20 issued on June 30. ***See exhibit 5, 6 and 7.***

Further, Following the pandemic, California Judicial Council issued Emergency Rule 9 which toll the statute of limitation in all civil cases ranging from August to October depending on the case. ***See exhibit 8.*** Claimant case and

1  circumstances fall squarely within the purview of the provisions of exhibits 5, 6, 7

2  and 8. **See also Government Code Section _See also Govt Code Section 68115_.**

3  Lastly, Per exhibits 5, 6, 7 and 8, if at all there was gap for presenting the

4  Claim Form, it will be for a few days from March 11, 2020 to March 21, 2020. Thus,

5  Claimant respectfully request this court to relieve him from the default or the

6  provision of **Govt Code §945.4** occasioned by those few days. there is no prejudice to

7  Respondents if the relief is granted **Nilson v. City of Los Angeles (Supra).**

8

9

10  **4. The Court Shall Vacate Default on The Grounds of Attorney**

11  **Declaration**

12  "Notwithstanding any other requirements of this section, the court shall, whenever

13  an application for relief is made no more than six months after entry of judgment, is

14  in proper form, and is accompanied by an attorney's sworn affidavit attesting to his

15  or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default

16  entered by the clerk against his or her client, and which will result in entry of a

17  default judgment, or (2) resulting default judgment or dismissal entered against his

18  or her client, unless the court finds that the default or dismissal was not in fact

19  caused by the attorney's mistake, inadvertence, surprise, or neglect." Civ Code

20  Section 73 (b).

21

22  "The vacatur of plaintiff's default judgment entered against defendant was

23  proper where defendant's attorney's excusable neglect, occasioned by his son's

24

25

serious accident, caused the delay in filing a response to plaintiff's personal injury complaint". **Stub v. Harrison (1939) 35 Cal. App. 2d 685**

Like here, as in a regular motion under Civ proc Code §473 (b), the declaration of Macauley Ekpenisi shows that there was a misplacement of dates in the Claimant's attorney calendars. To make matter worse, the Covid-19 pandemic broke out towards the time to file the claim and the attorney's office was closed for business until June 2020. The son of counsel was hospitalized for many days because of 3rd degree burn from a house accident. Claimant's attorney acted without delay in seeking for leave to file a late claim to the Hospital and this court. No prejudice is caused to the Hospital by this failure. This application is being presented within a reasonable time following the receipt of exhibit "2" from the Hospital, and in any event, within a reasonable time from the date of accrual of the course of action.

WHEREOF, it is respectfully requested that this Petition be granted and that this Court make a further order relieving Petitioner from the provisions of Section 945.4 of the Government Code.

Dated: October 8, 2020                          **OCEANBRIDGE LAW FIRM, APC.**

By_____
**Macauley Ekpenisi, ESQ.**
Attorney for Claimant,

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 14401 GILMORE SUITE 203, CA 91401.

On October 15, 2020, I served on interested parties in said action the within:

**PETITION FOR AN ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE § 945.4, DECLARATION OF MACAULEY EKPENISI, AND NELSON CHIEDU**

On the following person(s):

**See List of Service addresses**

XXX___BY MAIL:  By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list and placing it for collection and mailing following ordinary business practices.

_____BY OVERNIGHT COURIER:  I caused the above-referenced document(s) to be delivered to FedEx for delivery to the attached address(es).

____BY FAX:  I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

_____ BY PERSONAL SERVICE:  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

_____BY EMAIL:  I transmitted a copy of the foregoing document(s) this date via telecopier to email of counsel.

I declare that I am employed in the office of a Member of the State Bar of California at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2020 at Van Nuys, California.

_____

**PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4 (GC§ 946.6)**

– 10 –

**List of Service addresses**

1.   KMC Management, INC

   C/O Brian Belanger

   5136 W Firenze, Visalia CA 93291


2.   Kern Medical Center

   Authority Board Coordinator

   C/O Kern Medical Legal Service,

   PO Box 12319, Bakersfield, CA 93389


3.   Mona A Allen

   Authority Board Coordinator

   Kern County Hospital Authority

   1700 Mount Vernon Avenue

   Bakersfield CA 93306


4.  Kern Medical Center Foundation

   C/O Erica Ann Easton

   3511 Union Avenue

   Bakersfield CA 93305

**PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF**
**GOVERNMENT CODE SECTION 945.4 (GC§ 946.6)**

# NOTICE OF REMOVAL OF ACTION EXHIBIT 3

**Opposition to Plaintiff's Petition for Relief filed on December 2, 2020, respectively.**

1

ELECTRONICALLY FILED
12/2/2020 4:09 PM
Kern County Superior Court
By Yesenia Sanchez, Deputy

1    Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
2    Michael E. Gerst, Bar No. 266514
mgerst@lcwlegal.com
3    LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
4    6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
5    Telephone:    310.981.2000
Facsimile:     310.337.0837
6

7    Attorneys for Respondent
KERN COUNTY HOSPITAL AUTHORITY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF KERN

11   JIHAD AKIL HASHIM,                    Case No.:  BCV-20-102398

12                    Claimant,            [ASSIGNED FOR ALL PURPOSES TO
                                           STEPHEN D. SCHUETT, DEPT. 10]
13            v.
                                           Complaint Filed: October 20, 2020
14   KMC MANAGEMENT INC (A
     California Incorporation), KERN       **RESPONDENTS' OPPOSITION TO**
15   COUNTY HOSPITAL                       **PETITION FOR AN ORDER RELIEVING**
     AUTHORITY, (A California Public       **PETITIONER FROM PROVISIONS OF**
16   Entity), KERN MEDICAL CENTER          **GOVERNMENT CODE SECTION 945.4**
     FOUNDATION (A California
17   Incorporation), KEM MEDICAL          Date:       December 15, 2020
     CENTER; (unknown Business Form)      Time:       8:30 A.M.
18   and DOES 1 through 50, inclusive,    Dept.:      10
19                    Respondents.
                                           **(*Exempt from filing fees pursuant to Gov.**
20                                         **Code, § 6103.)**

21

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

61

1

# **TABLE OF CONTENTS**

2

**Page**

3  I.    INTRODUCTION .................................................................5

4  II.   FACTUAL AND PROCEDURAL BACKGROUND...........................................6

5        A.    PETITIONER IS TERMINATED BY THE KERN COUNTY
              HOSPITAL AUTHORITY ..............................................................6
6
        B.    PETITIONER'S COUNSEL FAILS TO TIMELY FILE A CLAIM
7              FOR DAMAGES ..................................................................6

8        C.    PETITIONER'S LATE CLAIM APPLICATION IN AUGUST
              2020 STATES THE REASON FOR THE LATE CLAIM IS
9              KCHA'S FAILURE TO INFORM PETITIONER OF THE
              CLAIMS FILING REQUIREMENTS AND COVID-19...........................7
10
        D.    PETITIONER FILES A PETITION WHICH NOW CLAIMS THE
11             REASON FOR THE LATE CLAIM IS A CALENDARING
              ERROR THAT WAS DISCOVERED IN JUNE 2020. ...........................8
12
     III.  LEGAL ARGUMENT.................................................................8
13
        A.    PETITIONER'S FAILURE TO TIMELY FILE A CLAIM WAS
14             BASED ON INEXCUSABLE NEGLECT................................................8

15             1.    Petitioner's Current Claim for Excusable Neglect
                    Implausibly Contradicts His Late Claim Application and
16                   Should be Disregarded. .................................................10

17             2.    Petitioner's Counsel Should Have Realized the Proper
                    Deadline Based on His Calendar. .................................................11
18
               3.    The COVID-19 Pandemic Closures and the California
19                   Governor's Emergency Orders Occurred After the Deadline
                    to File a Claim..................................................14
20
        B.    THE PETITION SHOULD BE DENIED BECAUSE KCHA
21             WILL BE PREJUDICED IF THE COURT ALLOWS THE
              CLAIMS TO PROCEED ..........................................................14
22
     IV.   CONCLUSION..................................................................16

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4

9465740.2 KE045-027

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

### <u>State Cases</u>

4

*Bettencourt v. Los Rios Community College Dist.*
    (1986) 42 Cal.3d 270 ...................................................................................10, 13

5

*Castaneda v. Dept. of Corrections and Rehabilitation*
    (2013) 212 Cal.App.4th 1051 .....................................................................15

6

7

*City of Fresno v. Superior Court*
    (1980) 104 Cal.App.3d 25 ..........................................................................12

8

*City of Ontario v. Superior Court*
    (1970) 2 Cal.3d 335 ....................................................................................12

9

10

*Dep't of Water & Power v. Superior Court*
    (2000) 82 Cal.App.4th 1288 .......................................................................12

11

*Ebersol v. Cowan*
    (1983) 35 Cal.3d 427 ..................................................................................11

12

13

*Han v. City of Pomona*
    (1995) 37 Cal.App.4th 552 .........................................................................15

14

*Harrison v. County of Del Norte*
    (1985) 168 Cal.App.3d 1 ............................................................................12

15

16

*Life v. County of Los Angeles*
    (1991) 227 Cal.App.3d 894 ........................................................................12

17

*Munoz v. State of California*
    (1995) 33 Cal.App.4th 1767 .......................................................................15

18

19

*Nelson v. County of Los Angeles*
    (2003) 113 Cal.App.4th 783 .......................................................................15

20

*Nilsson v. City of Los Angeles*
    (1967) 249 Cal. App. 2d 976 ......................................................................12

21

22

*Orr v. City of Stockton*
    (2007) 150 Cal.App.4th 622 .......................................................................12

23

*Ramariz v. County of Merced*
    (1987) 194 Cal.App.3d 684 ........................................................................15

24

25

*Renteria v. Juvenile Justice, Dep't of Corr. & Rehab.*
    (2006) 135 Cal. App. 4th 903 ................................................................12, 14

26

*Rojes v. Riverside General Hospital*
    (1988) 203 Cal.App.3d 1151 ......................................................................15

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Shank v. County of Los Angeles*
   (1983) 139 Cal.App.3d 152 ................................................................................12

*Tackett v. City of Huntington Beach*
   (1994) 22 Cal. App. 4th 60 ................................................................................13

*Toscano v. County of Los Angeles Sheriff's Dept.*
   (1979) 92 Cal.App.3d 775 ..................................................................................9

*Tubbs v. Southern Cal. Rapid Transit Dist.*
   (1967) 67 Cal.2d 671 ........................................................................................12

*Westcon Const. Corp. v. County of Sacramento*
   (2007) 152 Cal.App.4th 183 ..............................................................................15

**State Statutes**

Government Code section 911.2, subd. (a) ..........................................................5, 8

Government Code section 911.4 ...............................................................5, 8, 9, 11

Government Code section 946.6 ...............................................................9, 11, 15

Government Code section 946.6, subd. (b) ..............................................................9

Government Code section 946.6, subd. (c) ...............................................9, 10, 15

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## I.    **INTRODUCTION**

Petitioner Jihad Hashim ("Petitioner") asks this Court to issue an order relieving him from Government Code section 945.4.  Petitioner's failure to timely file a claim for personal injury against Respondent Kern County Hospital Authority within six months of the accrual of Petitioner's claim when his employment at Kern Medical Center was terminated bars him from suing for those personal injury claims.  (Gov. Code §911.2, subd. (a).)  Petitioner's counsel attempted to remedy his failure to file a timely government claim by applying to KCHA on August 3, 2020 for leave to file a late claim pursuant to Government Code section 911.4.  In that late claim application, Petitioner claimed he had two reasons for not filing a timely government claim:

1)    Petitioner was not informed of his right and prerequisite to file a claim with KCHA, and

2)    COVID-19 prevented an earlier filing of the claim.

(Exh. 1 to Declaration of Macauley Ekpenisi.)

KCHA rejected the application on August 17 and Petitioner filed the instant Petition seeking relief.  Petitioner now claims that the reason his claim was not timely filed is solely the result of a calendaring error by Petitioner's counsel's paralegal that Petitioner's counsel discovered in June 2020.  Petitioner's completely different version of events presented in his counsel's declaration and this Petition defies credibility and should be disregarded by the Court as an attempt by Petitioner and his counsel to deceive the Court to excuse his lack of diligence.  Moreover, even accepting Petitioner's implausible current account, a close review of the timeline in the Petition's declarations shows that Petitioner's counsel demonstrated a lack of diligence resulting in the missed deadline.

Petitioner's counsel declares that in October 2019 he wrote the correct dates down for his deadline to first file a claim with KCHA, followed six months later by a deadline to file a claim with the Department of Fair Employment and Housing ("DFEH").  When the dates were mis-calendared in reverse order, Petitioner's counsel filed the DFEH claim eight months early, assuming without any verification that he "must have" already filed the government claim against

5

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

65

1  KCHA.  This was inexcusable for a reasonable attorney.  Any diligent attorney would have seen

2  the DFEH deadline, realized it was only four months since the date the claim accrued, known that

3  was not correct, known he had not yet filed the claim against KCHA, and investigated the proper

4  dates.  Petitioner's counsel did not do this.  He just assumed he had already filed the claim against

5  KCHA without further inquiry until June 16, 2020.

6        Petitioner's claim was not filed late solely because of a staff member's failure to timely

7  calendar the deadline to file a claim, but instead because of his attorney's complete lack of

8  diligence in ensuring Petitioner's claim was properly managed, investigated, and filed.  KCHA

9  should not be forced to defend these tardy claims, and this Court should deny the Petition.

10  **II.**    **FACTUAL AND PROCEDURAL BACKGROUND**

11      **A.**    **PETITIONER IS TERMINATED BY THE KERN COUNTY HOSPITAL**

12          **AUTHORITY**

13        Petitioner contends that in February 2019, he began working for KCHA as a registered

14  nurse at KMC through the employment agency Trustaff, with employment contracts renewed

15  every 13 weeks.  (Compl. ¶ 11-12.)  On August 13, 2019, Petitioner contends that he was

16  reassigned to a new position.  (Compl. ¶ 13.)  Soon thereafter, on September 10, 2019, Petitioner

17  alleges that while working in the NICU, Korri Kadel and Eva Flanagan, both employees of

18  KCHA, stated that a patient's mother reported Petitioner for being rough with other children in

19  the NICU, resulting in Petitioner's termination on September 11, 2019.  (Compl. ¶ 14, 16,

20  Petition ¶ 4.)  Petitioner contends that he was not terminated because of his abusive behavior

21  towards children in the NICU, but instead because of unspecified "severe harassment and

22  discrimination based on his religion, race, skin and gender."  (Compl. ¶ 19.)

23      **B.**    **PETITIONER'S COUNSEL FAILS TO TIMELY FILE A CLAIM FOR**

24          **DAMAGES**

25        In October 2019, Petitioner retained counsel, Macauley Ekpenisi of Oceanbridge Law

26  Firm.  (Petition ¶ 5.)  Petitioner's counsel contends that when he was retained by Petitioner he

27  calendared a claim to be filed with KCHA within six months from Petitioner's date of

28  termination, as well as a twelve-month date.  (Petition ¶ 7, Ekpenisi Decl. ¶ 3.)  However,

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  Petitioner's counsel's purportedly mis-calendared the March 9, 2020, six month personal injury

2  deadline for September 9, 2020, and the September 9, 2020, DFEH one-year claim deadline for

3  March 9, 2020.  (Petition ¶ 7, Chiedu Decl. ¶ 4-5, Ekpenisi Decl. ¶ 4.)  Petitioner's counsel

4  concedes he properly calendared the dates on his written notepad.  (Ekpenisi Decl. ¶ 3.)

5      Petitioner asserts that as a result of the calendaring error, he filed the DFEH claim on

6  January 31, 2020, "believing that [he] must have presented the Claim Form to the Hospital", but

7  that "before he could realize the mistake, Covid-19 Pandemic broke-out in California," and his

8  offices closed on March 5, 2020.  (Ekpenisi Decl. ¶ 4, 5, Chiedu Decl. ¶ 7.)  However, while the

9  Governor declared a state of emergency beginning on March 4, 2020, statutes governing

10  deadlines were not suspended until March 12, 2020, and other measures to combat the pandemic

11  were not implemented until March 27, 2020.  (Ekpenisi Decl. Ex. 5.)  Further, the Kern County

12  Courts did not close until March 17, 2020, and the Los Angeles County Courts where Petitioner's

13  counsel is located did not close until March 16, 2020.  (*See*

14  https://www.kern.courts.ca.gov/documents/march_17-2c_2020,

15  https://covid19.lacounty.gov/covid19-2-2/closures/.)  Yet on March 9, 2020, before the

16  Governor's emergency order went into effect, and before the Kern County Superior Court closed,

17  Petitioner's six month deadline to file a claim expired.  (Petition ¶ 7.)

18      **C.    PETITIONER'S LATE CLAIM APPLICATION IN AUGUST 2020 STATES**

19          **THE REASON FOR THE LATE CLAIM IS KCHA'S FAILURE TO**

20          **INFORM PETITIONER OF THE CLAIMS FILING REQUIREMENTS**

21          **AND COVID-19.**

22      Petitioner asserts that Ekpenisi's office realized his calendaring error when his office

23  reopened in June 2020 and promptly filed a claim.  (Chiedu Decl., ¶ 8.)  On June 16, 2020, he

24  presented a claim form to KCHA.  (Petition ¶ 6, Ekpenisi Decl. Ex. 3.)  That claim was rejected

25  by KCHA on July 20, 2020 since it was not presented within six months of the event of

26  occurrence.  (Petition ¶ 6, Ekpenisi Decl., Ex. 4.)  On August 3, Petitioner applied to KCHA for

27  leave to file a late claim.  (Ekpenisi Decl., Ex. 1.)  Petitioner stated in the late claim application

28  that the reason the claim was not presented timely was:

7

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

67

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    "Jihad was not informed of his right and prerequisite to file a claim with the Kern County

2    Hospital Authority, and Covid-19 prevented an earlier filing of this claim within 6 months."

3    (Ekpenisi Decl, Ex. 1.)

4        Petitioner's application did not mention a calendaring error, and the application was

5    rejected by KCHA on August 17, 2020.  (Ekpenisi Decl., Ex. 2.)

6    **D.    PETITIONER FILES A PETITION WHICH NOW CLAIMS THE REASON**

7           **FOR THE LATE CLAIM IS A CALENDARING ERROR THAT WAS**

8           **DISCOVERED IN JUNE 2020.**

9        Petitioner filed his complaint on October 13, 2020.  Petitioner filed this Petition with the

10   Court on October 20, 2020, set for hearing on December 15, 2020; however, the filed copy of the

11   Petition states that it is in Los Angeles County Superior Court, not Kern County Superior Court.

12   Moreover, the Complaint has not been properly served on KCHA, and no summons was received.

13   The Petition now asserts that the late claim was due to a calendaring error that Petitioner's

14   counsel discovered in June 2020.  (Chiedu Decl., ¶ 8.)  It has now been over 14 months since

15   Petitioner last worked at KMC.

16   **III.    LEGAL ARGUMENT**

17       **A.    PETITIONER'S FAILURE TO TIMELY FILE A CLAIM WAS BASED ON**

18          **INEXCUSABLE NEGLECT**

19       Petitioner asserts that his failure to timely file a claim is the result of a calendaring error.

20   However, a closer examination of the facts demonstrates that the "calendaring error" is a sham

21   attempt by Petitioner and his counsel to deceive the Court to avoid the consequences of his

22   untimely claim.  Moreover, it is the result of a lack of diligence by Petitioner's counsel.  Under

23   the California Government Code, "[a] claim relating to a cause of action for death or for injury to

24   person . . . shall be presented as provided in Article 2 (commencing with Section 915) not later

25   than six months after the accrual of the cause of action."  (Gov. Code §911.2, subd. (a).)

26   However, "[w]hen a claim that is required by Section 911.2 to be presented not later than six

27   months after the accrual of the cause of action is not presented within that time, a written

28   application may be made to the public entity for leave to present that claim."  (Gov. Code §911.4,

8

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

68

subd. (a).)

   "If an application for leave to present a claim is denied or deemed to be denied pursuant to

Section 911.6, a petition may be made to the court for an order relieving the petitioner from

Section 945.4."  (Gov. Code §946.6, subd. (a).)  The Government Code continues:

> The court shall relieve the petitioner from the requirements of Section
> 945.4 if the court finds that the application to the board under Section
> 911.4 was made within a reasonable time not to exceed that specified in
> subdivision (b) of Section 911.4 and was denied or deemed denied
> pursuant to Section 911.6 and that one or more of the following is
> applicable:
>
> (1) The failure to present the claim was through mistake, inadvertence,
> surprise, or excusable neglect unless the public entity establishes that it
> would be prejudiced in the defense of the claim if the court relieves the
> petitioner from the requirements of Section 945.4.

(Gov. Code § 946.6, subd. (c).)  Government Code section 945.4 provides that "[e]xcept as

provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a

public entity on a cause of action for which a claim is required to be presented . . . until a written

claim therefor has been presented to the public entity and has been acted upon by the board, or

has been deemed to have been rejected by the board . . . ."

   A petitioner seeking relief from the California Government Claims Act (hereinafter "Act")

six month claim presentation requirement in sections 945.4 and 911.2 bears the heavy burden of

proving the grounds for relief.  (*Toscano v. County of Los Angeles Sheriff's Dept.* (1979) 92

Cal.App.3d 775, 785.)  By the terms of Government Code section 946.6, the petition seeking

relief "shall show each of the following" elements: 1) Petitioner made an application for leave to

file a late claim under Section 911.4 and the application was denied; 2) the reason for Petitioner's

failure to present the claim within six months of the accrual of the cause of action; and 3) the

amount of damages claimed.[1]  (Gov. Code §946.6, subd. (b)(1)-(3).)  Section 946.6 further

specifies that the Court "shall relieve the petitioner from the presentation requirements of 945.5 if

the court finds that the application for leave to file a late claim was made within a reasonable time

not to exceed one year [after the accrual of the cause of action]" and was denied, and that "[t]he

---

[1] The Petition for relief "shall be filed within six months" of when the application for leave to file a late claim is
denied.  (Gov. Code § 946.6.)

9

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." (Gov. Code §946.6, subd. (c).) In addition to these elements, a Petitioner must have been otherwise diligent in the investigation and pursuit of his claims. (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276.)

Petitioner concedes that his application to present a claim accrued on March 9, 2020 for any personal injury claims. (Petition, p. 3:17-21.) Petitioner also concedes that he knew that March 9, 2020 was the last day for him to file a Claim form with KCHA, and that September 9, 2020 was the deadline for him to file a complaint with the DFEH. (Ekpenisi Decl. ¶ 3.) Yet, seeking to cover for his own inadequacies, he attempts to blame his failure to timely file the claim against KCHA on a calendaring error.

1. **Petitioner's Current Claim for Excusable Neglect Implausibly Contradicts His Late Claim Application and Should be Disregarded.**

Petitioner claimed in his August 3, 2020 late claim application that he did not file a timely claim because KCHA did not inform him of the claim filing requirements and because of Covid-19. Petitioner's October 20 petition now claims that his failure was due to a calendaring error by his counsel. Petitioner's claims in the two documents, each of which he was required to file to obtain relief from the claims filing requirements, are mutually exclusive and eviscerate any basis for the Court to find excusable neglect here.

Petitioner's current claim that his counsel's office mis-calendared the deadline to file a government claim is based upon Petitioner's counsel's statement in his declaration that when he was retained by Petitioner in October 2019, he calendared March 9, 2020 as the last day to present a claim form to KCHA and September 9, 2020 as the last day to file a DFEH claim. (Ekpenisi Decl, ¶3.) Petitioner's counsel Ekpenisi further claims that when he filed the DFEH claim on January 31, 2020, he believed that he must have already presented the government claim form to KCHA (Ekpenisi Decl, ¶4.), although he did nothing to verify this belief. If either of these statements in Ekpenisi's declaration signed under penalty of perjury are actually true, then

10

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

70

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Ekpenisi knew that Petitioner had to file a government claim several months before August 3, 2020. Yet, on August 3, Ekpenisi filed a late claim application which stated as one of the two reasons for a late claim that Petitioner was not informed by KCHA about the claims filing requirement. Either Ekpenisi's current declaration is false, or the reasons stated by Petitioner in his August late claim application are false, and either false statement precludes a finding of excusable neglect and warrants denial of his Petition.

An additional fact which further dismantles the credibility of Petitioner's current claim is that Petitioner's counsel knew of the calendaring error in June 2020 according to Chiedu. Petitioner's counsel asks the court to believe that despite his knowledge of the calendaring error in June, he filed a late claim application two months later in August stating that a reason for the late claim was that he was not informed by KCHA of the claim filing requirement without mentioning the calendaring error. Petitioner was statutorily required by Government Code section 911.4, subdivision (b) to state the reason for a late claim in his August 3 application, yet he provided a reason that is completely incompatible with his current explanation. Given the actions of Petitioner's counsel, the much more plausible explanation here is that Petitioner's August 3, 2020 late claim application was accurate, Petitioner's counsel actually was unaware of the claim filing requirement before then, and Petitioner's counsel is now manufacturing a new story that was carefully designed to meet the excusable neglect standard.

## 2. Petitioner's Counsel Should Have Realized the Proper Deadline Based on His Calendar.

This Court should not merely take the word of Petitioner's counsel that the mistake was due to an office calendaring error, but must instead examine the facts surrounding the mistake. The California Supreme Court defines excusable neglect as "neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances." (*Ebersol v. Cowan* (1983) 35 Cal.3d 427, 435.) Conversely, relief is appropriately denied under section 946.6 where a plaintiff fails to act on a claim within the applicable limitations period for claim presentation, counsel's conduct is unreasonable, or no competent evidence supports the court's exercise of discretion to grant relief. (*Id.* at 436-39; *see also Harrison v. County of Del Norte*

11

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

71

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  (1985) 168 Cal.App.3d 1, 7.)

2      Courts have declined to grant relief from the claim presentation requirements of the

3  Government Claims Act where counsel should know the law governing a client's potential

4  claims, and ignorance of the law is inexcusable.  (*See, e.g., Tubbs v. Southern Cal. Rapid Transit*

5  *Dist.* (1967) 67 Cal.2d 671, 678-79 [claimant was represented by counsel who should have been

6  aware of the limitations period applicable to Government Claims Act claims presentation

7  requirements]; *Orr v. City of Stockton* (2007) 150 Cal.App.4th 622, 636 [charging counsel with

8  knowledge of the Act's six month limitations period for filing suit after claim rejection]; *Life v.*

9  *County of Los Angeles* (1991) 227 Cal.App.3d 894, 901-02 [counsel unreasonably relied on

10 advice of medical records clerk and could not claim estoppel]; *City of Ontario v. Superior Court*

11 (1970) 2 Cal.3d 335, 345-46 ["ignorance of the law coupled with negligence in ascertaining it" is

12 not excusable honest mistake of law].)

13     Petitioner correctly argues that in general "calendar errors by an attorney or a member of

14 his staff are, under appropriate circumstances, excusable."  (*Nilsson v. City of Los Angeles* (1967)

15 249 Cal. App. 2d 976, 980–81; *see also Renteria v. Juvenile Justice, Dep't of Corr. & Rehab*.

16 (2006) 135 Cal. App. 4th 903, 912.)  However, "[e]xcusable neglect is that neglect which might

17 have been the act of a reasonably prudent person under the circumstances.  A person seeking

18 relief must show more than just failure to discover a fact until too late; or a simple failure to act.

19 He must show by a preponderance of the evidence that in the use of reasonable diligence, he

20 could not discover the fact or could not act upon it.  (*City of Fresno v. Superior Court* (1980) 104

21 Cal.App.3d 25, 32) . . . ''It is not the purpose of remedial statutes to grant relief from defaults

22 which are the result of inexcusable neglect of parties or their attorneys in the performance of the

23 latter's obligation to their clients.' [Citation.]'  (*Shank v. County of Los Angeles* (1983) 139

24 Cal.App.3d 152, 157.)"  (*Dep't of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288,

25 1296.)

26     Courts will further look to the record to determine whether there was actually a

27 calendaring error.  "It is impossible for a court to characterize neglect as excusable when the

28 attorney has not described what the neglect was. . . .  On this record, we can find no abuse of

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    discretion by the superior court.  Tackett's remedy, if any, is to pursue her attorney for

2    malpractice."  (*Tackett v. City of Huntington Beach* (1994) 22 Cal. App. 4th 60, 66.)  Courts also

3    assess "the attorney's overall diligence or lack thereof in addition to examining the attorney's

4    error."  (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 278.)  Courts

5    apply an objective "reasonably prudent person" standard.  (*Id.* at 276.)  While Petitioner's counsel

6    has offered more evidence than in *Tackett*, an examination of the facts surrounding the

7    calendaring issue demonstrates that the error was due to failure of diligence by Petitioner's

8    counsel rather than a simple mis-calendaring.

9        Here, on October 28, 2019[2], Petitioner's counsel wrote down March 9, 2020 as the

10   deadline for the Claim Form with KCHA, and September 9, 2020 as the last day to file the DFEH

11   claim.  (Ekpenisi Decl. ¶ 3.)  While Petitioner's counsel asserts that his paralegal mis-calendared

12   the two dates, on January 31, 2020, Petitioner's counsel filed the DFEH claim, "believing that

13   [he] must have presented the Claim Form to the Hospital," but before he could figure out his

14   mistake, the Covid-19 Pandemic broke out – a month and a half later.  (Ekpenisi Decl. ¶ 5.)

15       This is where the conduct of Petitioner's counsel's goes from being excusable neglect, to

16   inexcusable neglect.  Had both dates been calendared for the later date, there would be no

17   argument.  However, Ekpenisi clearly knew the KCHA Claim Form deadline was before the

18   DFEH deadline.  Yet when he filed the DFEH claim, he assumed he must have presented the

19   KCHA form without making any effort to verify this.  This shows a lack of diligence.

20       As in *Tackett*, Petitioner's remedy is malpractice against Petitioner's counsel for his lack

21   of diligence, not the allowance of a late claim to the prejudice of KCHA.  The lack of diligence

22   and sloppiness by Petitioner's counsel is already apparent throughout this young case.

23   Petitioner's counsel has made a calendaring error, neglected to timely recognize and correct the

24   error even when presented with evidence of his mistake, failed to properly serve the Complaint,

25   merely mailed this Petition with no context, listed the wrong County on this Petition and put the

26   wrong date in his declaration signed under penalty of perjury.  At some point repeated mistakes

27   _____

28   [2] While Petitioner's declaration states the event happened on October 28, 2020, that was actually after Petitioner filed his Petition.  This is presumably another error by Petitioner's counsel and should have been October 28, 2019.

1  cease to be excusable neglect, and Petitioner's counsel has reached that point.

2  **3.    The COVID-19 Pandemic Closures and the California Governor's**

3  **Emergency Orders Occurred After the Deadline to File a Claim.**

4  Governor Newsom's first order affecting the statute of limitations was issued on March

5  21, 2020. (Ekpenisi Decl. Ex. 5.) That order was extended on May 29, 2020. (*Id.* at Ex. 6.) That

6  order was once again extended on June 30, 2020. (*Id.* at Ex. 7.) The Court adopted emergency

7  rules effective April 6, 2020. (*Id.* at Ex. 8.) The Kern County Courts did not close until March

8  17, 2020, and the Los Angeles County Courts - where Petitioner's counsel is located - did not

9  close until March 16, 2020. (*See* https://www.kern.courts.ca.gov/documents/march_17-2c_2020,

10  https://covid19.lacounty.gov/covid19-2-2/closures/.)

11  These dates belie Petitioner's counsel's claims that "before [he] could realize the mistake,

12  Covid-19 Pandemic broke-out in California." (Ekpenisi Decl. ¶ 5.) Petitioner's counsel should

13  have realized his mistake on January 31, 2020, when he filed the DFEH claim without having

14  filed the KCHA Claim. (*Id.*) The first Covid-19 executive order and closure did not occur until a

15  month and a half later in mid-March. While it is unfortunate that Petitioner's counsel's son

16  suffered a grievous injury, for which KCHA's counsel is sympathetic, that does not explain

17  Petitioner's counsel's failure to recognize his mistake until June 16, 2020, a full five and a half

18  months after he first should have realized the calendaring error. Everyone has struggled to

19  properly conduct business since March of 2020, but Covid-19 should not be misused by

20  Petitioner's counsel as a carte blanche excuse for his total lack of diligence in realizing the

21  calendaring error (if there truly was any calendaring error.)

22  **B.    THE PETITION SHOULD BE DENIED BECAUSE KCHA WILL BE**

23  **PREJUDICED IF THE COURT ALLOWS THE CLAIMS TO PROCEED**

24  Since Petitioner has failed to satisfy his burden of proving excusable neglect by a

25  preponderance of the evidence, it is not necessary for KCHA to prove prejudice in order for the

26  court to deny Plaintiff's petition for relief. (*Renteria v. Juvenile Justice, Dept. of Corrections and*

27  *Rehabilitation* (2006) 135 Cal.App.4th 903.) Even if the Court finds that Petitioner's failure to

28  comply with the Act was due to an excusable and reasonable mistake of law, the petition should

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

14

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

74

1   still be denied because the evidence indicates that allowing Petitioner to proceed on his claim will

2   inappropriately prejudice KCHA.  Relief is therefore inappropriate under Government Code

3   section 946.6, subd. (c).

4          The purpose of the Government Claims Act is to provide a public agency an opportunity

5   to investigate and resolve the claim where appropriate.  (*Castaneda v. Dept. of Corrections and*

6   *Rehabilitation* (2013) 212 Cal.App.4th 1051, 1060 (citing *Nelson v. County of Los Angeles*

7   (2003) 113 Cal.App.4th 783, 797).)  By failing to comply with the Act, Petitioner prejudiced and

8   injured Respondents by depriving them of the benefits of the Government Claims Act.  The claim

9   presentation requirement of the Act serves several purposes:  "it gives the public entity prompt

10  notice of a claim so it can investigate the strengths and weaknesses of the claim while the

11  evidence is still fresh and the witnesses are available; [] it affords opportunity for amicable

12  adjustment, thereby avoiding expenditure of public funds in needless litigation; and [] it informs

13  the public entity of potential liability so it can better prepare for the upcoming fiscal year."

14  (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776; *Westcon Const. Corp. v. County*

15  *of Sacramento* (2007) 152 Cal.App.4th 183, 200.)

16         Courts will deny the petition for relief where the petitioner's delay impairs the public

17  entity's ability to investigate the claims and bring a defense.  (*Han v. City of Pomona* (1995) 37

18  Cal.App.4th 552, 559-60 [prejudice presumed where there was a delay between the day a public

19  entity denies leave to file a late claim, and service of notice of hearing]; *Ramariz,* 194 Cal.App.3d

20  684, 689.)  Courts consider whether the delay has substantially impaired the entity's ability to

21  present a full and fair defense on the merits.  (*Ramariz v. County of Merced* (1987) 194

22  Cal.App.3d 684, 688–89; *see also Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d

23  1151, 1163.)

24         Petitioner's failure to timely present his claims deprived KCHA of the opportunity to

25  investigate the strengths and weaknesses of Petitioner's claims while the evidence was still fresh

26  and the witnesses were available.  Moreover, because of the delay, evidence may have been lost

27  by virtue of the passage of time and change in circumstances.  KCHA has further lost critical time

28  to conduct a further and more in depth investigation knowing of the threat of litigation and to

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

15

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

75

1    consider resolving the matter to avoid further taxpayer expense.

2          Also of critical importance is that the two KCHA employees were informed of Petitioner's

3    alleged abusive behavior towards children in the NICU by the mother of another patient.

4    (Petition ¶ 4.)  This added delay will likely make it more difficult, if not impossible, to track

5    down that key witness, and possibly other witnesses as well.  Thus, the prejudice to KCHA's

6    ability to defend itself warrants denial of Petitioner's request for relief.

7    IV.    **CONCLUSION**

8          For the above reasons, Petitioner's request for relief based upon the neglect of his counsel

9    should be denied.  The entirely contradictory explanations by Petitioner's counsel for Petitioner's

10   untimely filings defy credibility and should be rejected by the Court.  Even accepting Petitioner's

11   counsel's current declaration as true, the untimely claim was not the result of excusable neglect

12   from a single calendaring error, but instead the result of a pattern by Petitioner's counsel of

13   repeated errors and a lack of due diligence.  As a result, the proper relief for Petitioner, if any, is

14   against his counsel, not KCHA.

15   Dated:  December 2, 2020                    LIEBERT CASSIDY WHITMORE

16

17

18                                   By:    /S/Michael E. Gerst
                                            Brian P. Walter
19                                          Michael E. Gerst
                                            Attorneys for Respondent
20                                          KERN COUNTY HOSPITAL AUTHORITY

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

16

Opposition to Petition for an Order Relieving Petitioner from Provisions of Government Code Section 945.4
9465740.2 KE045-027

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **December 2, 2020**, I served the foregoing document(s) described as **RESPONDENTS' OPPOSITION TO PETITION FOR AN ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4,** in the manner checked below on all interested parties in this action addressed as follows:

| | |
|---|---|
| Macauley Ekpenisi, Esq.<br>OCEANBRIDGE LAW FIRM<br>14401 Gilmore Street, Suite 203<br>Van Nuys, CA 91401<br>Tel: (818) 668-3359<br>Fax: (818) 561-3660<br>Email: oceanbridgelaw@gmail.com | Counsel for Plaintiff/Claimant,<br>JIHAD AKIL HASHIM |

☑    **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from cdovolis@lcwlegal.com to the email address(es) set forth above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **December 2, 2020**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/S/Cathleen Dovolis
Cathleen Dovolis

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

17
Proof of Service

9465740.2 KE045-027

# NOTICE OF REMOVAL OF ACTION
# EXHIBIT 4

**Reply in support of his Petition for Relief filed on December 7, 2020, respectively.**

1

**MACAULEY EKPENISI, ESQ. (SBN 296326)**
**OCEANBRIDGE LAW FIRM,**
**A PROFESSIONAL LAW CORPORATION**
**14401 GILMORE STREET, SUITE 203**
**TEL: 818-668-3359**
**FAX: 818-561-3660**
**EMAIL: Oceanbridgelaw@gmail.com**

Attorney for Claimant: JIHAD AKIL HASHIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| JIHAD AKIL HASHIM<br>          Claimant,<br><br>Vs.<br><br>KMC MANAGEMENT INC (A California Incorporation) KERN COUNTY HOSPITAL AUTHORITY, (A California Public Entity), KERN MEDICAL CENTER FOUNDATION (A California Incorporation), KEM MEDICAL CENTER; (unknown Business Form) and DOES 1 through 50, inclusive,<br><br>          Respondents, | **Case No: BCV-20-102398**<br><br>**PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO PETITION FOR AN ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE § 945.4.**<br><br>Date: 12/15/2020<br>Time: 8:30 a.m.<br>Dept: 10 |

Petitioner, JIHAD AKIL HASHIM, herein file his reply to Respondents' Opposition to the Petition for an Order Relieving Petitioner from Provisions of Government Code § 945.4 and states as follows:

1. **Respondents' Opposition attempts to contradict factual evidence but failed to offer any contrary fact or law in opposition.**

Here, Respondents' suggest that there was no calendaring error made in the petitioner attorney's office because Petitioner failed to indicate such reason in his earlier application for leave to present a late claim to Respondents. However,

Respondents failed to offer any contrary fact, cite a case or any law which state that it is a prerequisite that the reasons on the application for the late presentation of a claim must be the same and only reasons to be submitted to a court to relieve the petitioner from Gov., Code 95.4. On the contrary, section 946.6 (e) of the Govt. Code states:

*"The court shall make an <u>independent determination upon the petition</u>. The determination shall be made <u>upon the basis of the petition</u>, <u>any affidavits in support of or in opposition to the petition</u>, and any additional evidence received at the hearing on the petition".*

Also, Respondents' argument presupposes that there are no other reasons for the late presentation of the petitioner's claim than those in the application for leave to present a late claim. In fact, what else do you expect from a respondent whose interest is to evade liability for its wrong? For instance, in their opposition, Respondents opined that the accident of Petitioner's counsel child who was hospitalized for 2 weeks and sick for more than 30 extra days was not enough reason to relief an attorney from default **[Pg. 14, lines 15-21 of Opp]**. See **Stub v. Harrison (1939) 35 Cal. App. 2d 685**.

Further, on page 12, lines 10-12, Respondents cite the case of **City of Ontario v. Superior Court** which referred to Code of Civil Procedure section 473 for their proposition that an attorney must be diligent for a party to be relieved from default. However, under Code of Civil Procedure Section 473 (b), the court must relieve an attorney from default of such nature once it is based on attorney's declaration of fault unless the court determines that the error is not the fault of the attorney. Therefore, since the Respondents did not offer any contradictory facts and since the error is an attorney's admitted error, this court should grant petitioner's petition as prayed.

## 2. **Petitioner's Claims and Declaration of His Attorney are Credible.**

It is not clear how Respondent can argue that a calendaring error did not occur because one of the reasons on the petition was not included in the application for leave to present a late claim. However, according to the petition on paragraph 8, the following facts contributed to the late presentation of the claim form to Respondent:

i.      Petitioner's counsel and his legal assistant attest to a calendaring error in their office in their respective declarations and Respondent agreed

that they may have been an error but agued that Petitioner's counsel was not diligent in presenting the claim form. **[Pg. 12, lines 2-28 of Opp]** However, the Petitioner presented preponderance of evidence - which Respondents conceded **[Pg. 13, lines 5-8 of Opp]**, but Respondent only offered conjectures to ask this court to deny the petition.

ii.   It has been agreed by Respondent that there was an executive order and a statewide lockdown that forced offices and court to shut down beginning from March 4, 2020. Respondents wrongly contend that the court implemented the executive order from March 16, 2020. **[Pg. 9, lines 8-7 of the opposition].** However, it was also a common place that the panic and confusion regarding Covid-19 started in February 2020 necessitating executive orders and shut down of March 2020.

iii.  Also, it is a common place that most non-essential offices do not start reopening until late June and July 2020. In fact, the Courts did not start reopening partially until July 2020. **[Decl. of Macauley ¶5].**

iv.   Petitioner's counsel also suffered complication from a home accident involving his only child in the middle of the Covid-19 fiasco for more than 30 days. He has also sworn a declaration attesting to his fault as required by Code of Civil Procedure 473 (b). **[Decl. of Macauley ¶6].**

Therefore, a calendaring error combine with calamity created by Covid-19 Pandemic and frustration from the home accident experienced by petitioner's attorney outweighs any doubt that the application for late claim may have created, if any.

3. **Respondents' Opposition did not show why this court should not grant the Petition, only shed more lights as to why the instant Petition show be granted.**

In their opposition, respondents only contention is that the reasons given by Petitioner in the application for leave to present late claim and this petition are "mutually exclusive". **[Pg.10, lines 18-19 of Opp]** This is not true because several reasons can combine to cause inadvertence, surprise or mistake like here, especially

with the Covid-19 situation which is a novel health safety crisis to the whole nation. In fact, Respondent supplied legal reasoning from Supreme Court showing that in cases like this relief is always granted.

### a.  Cases cite in the Opposition support granting of this petition.

In **Bettencourt v. Los Rios Community College Dist., (1986) 42 Cal.3d 270** Plaintiffs brought an action for the wrongful death of their son on a city college field trip. Plaintiffs' counsel, <u>believing that the college's employees</u> worked for the state, filed a claim with the state, and did not discover his mistake until after the 100-day deadline of Gov. Code, § 911.2. Defendant college district denied plaintiffs' application for leave to present a late claim under Gov. Code, § 911.4, and the trial court denied their petition under Gov. Code, § 946.6

The Supreme Court reversed. It held that counsel's misapprehension regarding defendant's legal status was not unreasonable in light of <u>his unfamiliarity</u> with the area in which the college was located and the <u>confusing blend of state</u> and local control of the state's system of higher education. Further, the court held, counsel had acted diligently once <u>he discovered his error</u>, and defendant would have suffered no prejudice by an order granting relief. <u>Counsel's failure to discover his error from defendant's letterhead</u> was not inexcusable neglect precluding relief, the court held, and his declaration in support of the petition for relief was not so deficient as to provide a proper basis for denying relief, <u>even though it did not explain why he assumed defendant's</u> employees worked for the state or how he finally discovered his error. See also the holding of the Supreme Court in **Ebersol v. Cowan, (1983) 35 Cal. 3d 427. [Pgs 10, lines 5-6 and 11, line 24-25 of Opp]**

The present case is like Bettencourt case to the extent that Petitioner's counsel diligently pursued the case once he discovered the error and denial of the late claim presentation by filing this petition less than one year of the last day to present the claim form to the Respondent. More importantly, the cause of the late presentation of the claim form was an attorney's error which can be made by any reasonable attorney couple with health safety emergency in California created by Covid-19 Pandemic.

///

**b. Respondents admitted that it was an attorney's error.**

Respondents' on page 13, lines 5-8 of the opposition, admitted that Petitioner's attorney may have made a calendaring error. However, they attempted to liken Petitioner's claims to that in **Tackett v. City of Huntington Beach**, and also admitted that the Petitioner produce more detail and facts than Tackett case. **[pg 13, lines 6-8]** Further, on the same page lines 23-24 of the opposition, Respondent state:

"*Petitioner's counsel has made a calendaring error, neglected to timely recognize and correct the error even when presented with evidence of his mistake*". Then, Respondents contend that the mistake should have been discovered by January 31, 2020. **[Pg. 14, lines 12-14 of the Opp.]** However, this was why it is an error that was not discovered until the office partially reopened in June 2020 (too late). If Petitioner's counsel had discovered the error on January 31, it would not have been an error to require the late presentation of the claim and this petition. Also, Petitioner's counsel acted timely.

Therefore, since it is the attorney's error and the facts well-articulated than Respondents cases, and have not been contradicted by other facts presented by Respondents (except unfounded assumption), it follows that this court should grant Petitioner's request because it is more probable than not that there was a calendaring error combined with the Covid-19 crisis that resulted in a surprise, mistake or inadvertence.

**c. Majority of Respondents Legal Authorities do not Apply to this Case.**

Here, Respondents' opposition to the instant petition did not show a single case where Plaintiff presented a claim form not later than 8 months and/or serve application for late presentation of claim form within required time and it was denied by a hearing Judge of California court. Instead, Respondents' cases show that the Plaintiffs in those cases either waited for more than 12 months to present a claim or the did not present an application for late claim at all. For instance, in **Castaneda v. Department of Corrections [Pg 15, lines 5-6 of Opp]**, the court of appeal's ruling was based on the follows:

"Castaneda's complaint was predicated on the same fundamental acts of the same defendant, namely the Department of Corrections, as his claim. (Ibid.) Therefore,

1  Castaneda notified the Board of his failure-to-summon-medical-care cause of action as

2  he was required to do by sections 910 and 945.4.

3  Castaneda's theory of recovery was based on his survival causes of action (his personal

   injuries while alive) while Vanessa's theory was based on her entirely distinct injury

4  arising from Castaneda's death. Accordingly, Vanessa could not utilize Castaneda's tort

5  claim for his predeath personal injuries as a substitute for her own wrongful death

6  claim. Because Vanessa did not comply with the Act, she cannot state a cause of action.

7  (DiPirro v. American Isuzu Motors, Inc., supra, 119 Cal.App.4th at p. 972.) The trial

8  court abused its discretion when it denied the State's motion for judgment [***15] on

9  the pleadings with respect to Vanessa."

10     Also, **Ontario v. Superior Court of San Bernardino County [Pg 12, lines**

11  **10-11 of Opp],** was based on Chapter 9, Cal. Civ. Proc. Code §§ 860 to 870 and Cal.

   Civ. Proc. Code § 526a which do not apply to the present case.

12     Then, **Tubbs v. Southern Cal. Rapid Transit Dist. [Pg 12, lines 4-5 of Opp]**

13     Here also, this case is inapplicable to the instance petition because while a

14  claim form was properly filed in that case, plaintiff failed to file action more than 6

15  month in violation Gov Code 945.6.

16     Further, **Rojes v. Riverside Gen. Hosp [Pg 15, lines 22-23 of Opp].** The

17  case is inapplicable to the instance petition because while a claim form was filed late,

18  application to file a late claim was properly filed in the instant case, but plaintiff in

19  the Rojes case never file a claim form or application to present a late claim.

20     Lastly, **Westcon Construction Corp. v. County of Sacramento [Pg 15,**

21  **lines 14-15 of Opp]** claim was formally submitted more than one year after the latest

   of the dates alternatively asserted by the county.

22

23     4. **Petitioner Has Met the Requirements of The Element For Relief**

24        **Under Gov. Code 946.6.**

25        Respondents stated the elements of the burden the parties must met

26  accurately on page 10, lines 16-20 and page 11, line 1-6 of their opposition. However,

27  failed to show that the element remotely suggest that the reason (s) of the late

28  presentation of claim in the application for leave to present a late claim and the

petition for an order relieving a party in the court must mirror each other for the court to grant the petition.

Also, from the element as provided by Respondent, Petitioner met all the requirements. The main condition therein is that the petition is presented to the court within one year and that is the case here. Therefore, this court should grant petitioner petition for an order relieving petitioner from the provisions of Govt., Code §945.4 on the ground of mistake, inadvertence, surprise, or excusable neglect, unless Respondents can show prejudice, which they cannot.

5. **Respondents could not and cannot show that they will suffer any prejudice outside defending the action.**

Respondents ask this court to deny the instant petition, and in doing so, Respondents attempt to insinuate that defending an action creates a prejudice to them. Respondents other reason is that the claims are "tardy", not because substantial delay or actual prejudice can be shown. **[Pg. 6, lines 8-9 of Opp]** However, the law is that actual prejudice and substantial delay may cause prejudice. For instance, in **Ramariz v. County of Merced, (1987)194 Cal. App. 3d 684**,

Plaintiff injured person did not file a claim within the 100 days as required by Cal. Gov't Code § 900 et seq. The trial court determined that defendant county and irrigation district would be prejudiced if plaintiff was relieved of the filing requirements of Cal. Gov't Code § 945.4. On appeal, the court held that once it had been shown that an application for leave to file a late claim was made within a reasonable time and that the failure to present a timely claim was through mistake, inadvertence, surprise or excusable neglect the burden shifted to the public entity to establish that it would be prejudiced. The court determined that the <u>only possible prejudice shown was that defendants were unable to obtain eyewitnesses</u> and failed to locate lifeguards who were on duty. The court held that defendants failed to show that they would have been able to conduct a more effective investigation had plaintiff's claim been timely filed. Accordingly, the court reversed the judgment of dismissal and directed the trial court to vacate its order denying plaintiff's petition for relief from the claim filing requirements, and to enter a new order granting plaintiff's petition.

1    The court of appeal reversed the judgment of dismissal and directed the trial

2    court to vacate its order denying plaintiff injured person's petition for relief from the

3    claim filing requirements and to enter a new order granting plaintiff's petition. <u>The</u>

     <u>court held that defendant county and irrigation district did not establish that they</u>

4    <u>would be prejudiced by allowing plaintiff to file a late claim.</u>

5    Like the present case, Petitioner presented a claim form late, and then an

6    application for leave to file a late claim was made within a reasonable time and file the

7    instant petition on the ground that the failure to present a timely claim was through

8    mistake, inadvertence, surprise or excusable neglect. Thus, the burden shifts to the

9    Respondents to establish that it would be prejudiced. However, Respondents did not

10   show any prejudice rather than legal conclusion-that they will suffer prejudice by

11   being forced to defend the action, or because "evidence *may have been lost by virtue of*

     *passage of time and change of circumstances*" but, no evidence was shown to have been

12   lost. **[Pg. 15, lines 24-28 of Opp]** Like **Ramariz v. County of Merced** case, the only

13   possible prejudice Respondents could show was that they will be unable to obtain

14   eyewitnesses, but they cannot support this claim because all the relevant witnesses

15   involved in this case are registered employees, patient with records of attendants and

16   written addresses in the hospital books. See also **Barnes v. Witt, 207 Cal. App. 2d**

17   **441 (1962).**

18   Moreover, there is no evidence of substantial delay here because within one year

19   of the date of termination Respondents were put on notice. Also, within 6 months of

20   the denial of the application to present a late claim, the Petitioner filed the instant

21   petition. Therefore, since Respondents cannot show evidence of prejudice, this court

     should grant petitioner's Petition for relief under Govt. Code section 946.6.

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28

1

2    ## Conclusion.

3        Based on the forgoing, and the reasons advanced in the Petition, this court should

3    grant Petitioner's request for order relieving Petitioner from provisions of Government

4    Code § 945.4.

5

6    Dated: 12/7/2020                        OCEANBRIDGE LAW FIRM, APC.

7

8

9                                    By:_____

10                                        MACAULEY EKPENISI, ESQ
                                         Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 14401 GILMORE SUITE 203, CA 91401.

On December 7, 2020, I served on interested parties in said action the within:

**REPLY TO OPPOSITION TO PETITION FOR AN ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE § 945.4,**

On the following person(s):

Brian Walter
Liebert Cassidy Whitmore
6033 West Century Blvd, 5th flr.
Los Angeles, CA 90045

__X__        BY MAIL:  By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list and placing it for collection and mailing following ordinary business practices.

_____        BY OVERNIGHT COURIER:  I caused the above-referenced document(s) to be delivered to FedEx for delivery to the attached address(es).

_____ BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

__XX___        BY ELECTRONIC:  I transmitted a copy of the foregoing document(s) this date via electronic means.

_____        BY PERSONAL SERVICE:  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

I declare that I am employed in the office of a Member of the State Bar of California at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct. Executed on 12/07/2020, at Van Nuys, California.

_____

Georgy Ekpenisi

# NOTICE OF REMOVAL OF ACTION EXHIBIT 5

**Court notice transferring to the matter to Judge Lampe issued on December 8, 2020, respectively.**

1



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

DECEMBER 08, 2020

TAMARAH HARBER-PICKENS, CLERK

Signed 12/8/2020 11:19:03 AM

BY _____

DEPUTY CLERK

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM |
|---|
| DEFENDANT/RESPONDENT: KERN MEDICAL CENTER FOUNDATION (A CALIFORNIA INCORPORATION); KEM MEDICAL CENTER (UNKNOWN BUSINESS FORM) |

NOTICE OF REASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
BCV-20-102398

By order of the Presiding Judge, the above entitled matter is reassigned to the Honorable David R. Lampe for all purposes. It will be maintained on the direct calendar program in Department/Division 11 until its conclusion. Peremptory challenges, if any, must be made within the times set forth in CCP §170.6. Please include the initials **DRL** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 28, 2021** in **Department/Division 11** at **9:15 a.m.** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable David R. Lampe on **April 13, 2021** at **9:15 a.m.** in **Department/Division 11** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date: December 08, 2020

By: _____

Kasey Griffith, Deputy Clerk

Notice of Reassignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **1** of **1**

HASHIM VS KMC MANAGEMENT INC
BCV-20-102398

## CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served *Notice of Reassignment and Notice of Order to Show Cause Re CRC 3.110 and Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  Bakersfield, California addressed as indicated on the attached mailing list.

Date of Mailing:        December 08, 2020

Place of Mailing:        Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

TAMARAH HARBER-PICKENS
Clerk of the Superior Court

Date:  December 08, 2020

Signed: 12/8/2020 11:19:04 AM

By:        _____

Kasey Griffith, Deputy Clerk

## MAILING LIST

MACAULEY I EKPENISI
OCEANBRIDGE LAW FIRM
A PROFESSIONAL LAW CORPORATION
14401 GILMORE STREET SUITE 203
VAN NUYS CA  91401

MICHAEL GERST
LIEBERT CASSIDY WHITMORE
6033 WEST CENTURY BLVD 5TH FLOOR
LOS ANGELES CA  90045

# NOTICE OF REMOVAL OF ACTION EXHIBIT 6

**Peremptory Challenge to Judge Lampe filed on December 23, 2020, respectively.**

1

1  Brian P. Walter, Bar No. 171429
   bwalter@lcwlegal.com
2  Michael E. Gerst, Bar No. 266514
   mgerst@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
5  Telephone:    310.981.2000
   Facsimile:    310.337.0837
6
7  Attorneys for Respondent  KERN COUNTY HOSPITAL
   AUTHORITY

**ELECTRONICALLY FILED**
**12/23/2020 2:30 PM**
**Kern County Superior Court**
**By Kasey Griffith, Deputy**

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF KERN

11 JIHAD AKIL HASHIM,                    Case No.:  BCV-20-102398

12              Claimant,                [ASSIGNED FOR ALL PURPOSES TO DAVID
                                         R. LAMPE, DEPT. 11]
13      v.
                                         Complaint Filed: October 20, 2020
14 KMC MANAGEMENT, INC. (A
   California Incorporation), KERN       **PEREMPTORY CHALLENGE (CODE OF**
15 COUNTY HOSPITAL AUTHORITY,            **CIVIL PROCEDURE SECTION 170.6)**
   (A California Public Entity), KERN
16 MEDICAL CENTER FOUNDATION
   (A California Incorporation), KEM
17 MEDICAL CENTER; (unknown
   Business Form) and DOES 1 through 50,
18 inclusive

19              Respondents.

20

21      **PLEASE TAKE NOTICE** that Defendant Kern County Hospital Authority

22 ("Defendant") hereby submits the following peremptory challenge to the Honorable David R.

23 Lampe pursuant to Code of Civil Procedure section 170.6.

24      I, Brian P. Walter, declare as follows:

25      1.      I am an attorney duly licensed to practice in all courts of the State of California.

26      2.      I am an Associate with the law firm of Liebert Cassidy Whitmore, attorneys for

27 Defendant in this action.

28      3.      This matter has been assigned to the Honorable David R. Lampe, presiding in

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

KE045\027\9486258.v1

1  Department 11 of this Court.  The judicial officer named above is prejudiced against Defendant

2  (or its attorneys) or the interest of the party (or its attorneys), and I believe that Defendant cannot

3  have a fair and impartial trial or hearing before Judge David R. Lampe.

4     4.     Therefore, Defendant challenges the assignment of Judge David R. Lampe under

5  Code of Civil Procedure section 170.6.

6     I declare under penalty of perjury under the law of the state of California that the

7  foregoing is true and correct.

8     Executed this 23rd day of December, 2020, at Los Angeles, California.

9  Dated:  December 23rd, 2020          Respectfully submitted,

10                              LIEBERT CASSIDY WHITMORE

11

12                     By:   */s/ Brian P. Walter*
                              Brian P. Walter
13                            Michael E. Gerst
                              Attorneys for Respondent  KERN COUNTY
14                            HOSPITAL AUTHORITY

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

Peremptory Challenge

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **December 23, 2020**, I served the foregoing document(s) described as

**PEREMPTORY CHALLENGE (CODE OF CIVIL PROCEDURE SECTION 170.6)**

in the manner checked below on all interested parties in this action addressed as follows:

| | |
|---|---|
| Macauley Ekpenisi, Esq.<br>OCEANBRIDGE LAW FIRM, APC<br>14401 Gilmore Street, Suite 203<br>Van Nuys, CA 91401<br>Tel: (818) 668-3359<br>Fax: (818) 561-3660<br>Email: oceanbridgelaw@gmail.com | Counsel for Plaintiff/Claimant,<br>JIHAD AKIL HASHIM |

☐ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)**  I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile.  I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 310.337.0837 to the facsimile number(s) listed above.  The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine.  A copy of this transmission is attached hereto.

☐ **(BY OVERNIGHT MAIL)**  By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, FedEx, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☑ **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from kayers@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

PEREMPTORY CHALLENGE (CODE OF CIVIL PROCEDURE SECTION 170.6)

KE045\027\9486258.v1

1

☐ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of OneLegal, an electronic service provider, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

2

3

4

☐ **(BY PERSONAL DELIVERY)** I delivered the above document(s) by hand to the addressee listed above.

5

6

Executed on **December 23, 2020**, at Los Angeles, California.

7

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

8

_/s/ Kamala Ayers_
Kamala Ayers

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4
PEREMPTORY CHALLENGE (CODE OF CIVIL PROCEDURE SECTION 170.6)
KE045\027\9486258.v1

# NOTICE OF REMOVAL OF ACTION EXHIBIT 7

**Superior Court Ruling accepting the Peremptory Challenge and assigning the case to Judge Thomas S. Clark issued on December 29, 2020, respectively.**

1



**Superior Court of California**
**County of Kern**

Date:    12/29/2020                                    Time:   8:00 AM - 5:00 PM

                                                              BCV-20-102398

HASHIM VS KMC MANAGEMENT INC

***Courtroom Staff***

Honorable:    David R. Lampe              Clerk:    Kasey Griffith

---

NATURE OF PROCEEDINGS:  RULING

- Peremptory Challenge under CCP Section 170.6 filed by Brian P. Walter on December 23, 2020 on behalf of Respondent, Kern County Hospital Authority.

*********************************************
Peremptory Challenge filed timely and accepted.

Matter transferred to Department 1 for reassignment.

Copy of Minute order mailed to all parties as stated on attached Declaration of Mailing.

**FUTURE HEARINGS:**

~~January 28, 2021 9:15 AM Order to Show Cause - CRC 3.110~~
~~Lampe, David R.~~
~~Bakersfield Department 11~~

~~April 13, 2021 9:15 AM Case Management Conference~~
~~Lampe, David R.~~
~~Bakersfield Department 11~~

MINUTES
Page **1** of **2**

HASHIM VS KMC MANAGEMENT INC                                    BCV-20-102398

*MINUTES FINALIZED BY:*        Kasey Griffith              *ON:*    12/29/2020

**HASHIM VS KMC MANAGEMENT INC**
**BCV-20-102398**

## CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minutes dated December 29, 2020* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:        December 29, 2020

Place of Mailing:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Tamarah Harber-Pickens**
CLERK OF THE SUPERIOR COURT

Date: December 29, 2020

By:     *Kasey Griffith*
        Kasey Griffith, Deputy Clerk

## MAILING LIST

MACAULEY I EKPENISI
OCEANBRIDGE LAW FIRM
A PROFESSIONAL LAW CORPORATION
14401 GILMORE STREET SUITE 203
VAN NUYS CA  91401

MICHAEL GERST
LIEBERT CASSIDY WHITMORE
6033 WEST CENTURY BLVD 5TH FLOOR
LOS ANGELES CA  90045



Certificate of Mailing



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1415 TRUXTUN AVENUE**
**BAKERSFIELD CA 93301**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

DECEMBER 08, 2020

TAMARAH HARBER-PICKENS, CLERK

Signed 12/8/2020 11:19:03 AM

BY _____

DEPUTY CLERK

**PLAINTIFF/PETITIONER:**
**JIHAD AKIL HASHIM**
**DEFENDANT/RESPONDENT:**
**KERN MEDICAL CENTER FOUNDATION (A CALIFORNIA INCORPORATION); KEM MEDICAL CENTER (UNKNOWN BUSINESS FORM)**

**NOTICE OF REASSIGNMENT TO JUDGE FOR ALL PURPOSES AND NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
BCV-20-102398

By order of the Presiding Judge, the above entitled matter is reassigned to the Honorable David R. Lampe for all purposes. It will be maintained on the direct calendar program in Department/Division 11 until its conclusion. Peremptory challenges, if any, must be made within the times set forth in CCP §170.6. Please include the initials **DRL** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 28, 2021** in **Department/Division 11** at **9:15 a.m.** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable David R. Lampe on **April 13, 2021** at **9:15 a.m.** in **Department/Division 11** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

Date: December 08, 2020

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

By: _____

Kasey Griffith, Deputy Clerk

**HASHIM VS KMC MANAGEMENT INC**
**BCV-20-102398**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served *Notice of Reassignment and Notice of Order to Show Cause Re CRC 3.110 and Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  Bakersfield, California addressed as indicated on the attached mailing list.

Date of Mailing:         December 08, 2020

Place of Mailing:        Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
Clerk of the Superior Court

Date:  December 08, 2020

Signed: 12/8/2020 11:19:04 AM

By:         _____

Kasey Griffith, Deputy Clerk

### MAILING LIST

MACAULEY I EKPENISI
OCEANBRIDGE LAW FIRM
A PROFESSIONAL LAW CORPORATION
14401 GILMORE STREET SUITE 203
VAN NUYS CA  91401

MICHAEL GERST
LIEBERT CASSIDY WHITMORE
6033 WEST CENTURY BLVD 5TH FLOOR
LOS ANGELES CA  90045



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

DECEMBER 29, 2020

TAMARAH HARBER-PICKENS, CLERK

Signed 12/19/2020 9:43:54 AM

BY _____
DEPUTY CLERK

| | |
|---|---|
| **PLAINTIFF/PETITIONER:**<br>  JIHAD AKIL HASHIM<br>**DEFENDANT/RESPONDENT:**<br>  KERN MEDICAL CENTER FOUNDATION (A CALIFORNIA<br>  INCORPORATION); KEM MEDICAL CENTER (UNKNOWN<br>  BUSINESS FORM) | |
| **NOTICE OF REASSIGNMENT TO JUDGE FOR ALL PURPOSES AND<br>NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>BCV-20-102398 |

By order of the Presiding Judge, the above entitled matter is reassigned to the Honorable Thomas S. Clark for all purposes. It will be maintained on the direct calendar program in Department/Division 17 until its conclusion. Peremptory challenges, if any, must be made within the times set forth in CCP §170.6. Please include the initials **TSC** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 28, 2021** in **Department/Division 17** at **8:30 a.m.** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Thomas S. Clark on **April 13, 2021** at **8:15 a.m.** in **Department/Division 17** of the above entitled court. <u>Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.</u>

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

Date:  December 29, 2020

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

By: _____
Kasey Griffith, Deputy Clerk

**HASHIM VS KMC MANAGEMENT INC**
**BCV-20-102398**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Reassignment and Notice of Order to Show Cause Re CRC 3.110 and Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at Bakersfield, California addressed as indicated on the attached mailing list.

Date of Mailing:        December 29, 2020

Place of Mailing:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                    **TAMARAH HARBER-PICKENS**
                                                    Clerk of the Superior Court
Date:  December 29, 2020

                                                    Signed: 12/29/2020 9:43:55 AM
                                    By:        _____
                                                    Kasey Griffith, Deputy Clerk

### MAILING LIST

MACAULEY I EKPENISI                         MICHAEL GERST
OCEANBRIDGE LAW FIRM                        LIEBERT CASSIDY WHITMORE
A PROFESSIONAL LAW CORPORATION              6033 WEST CENTURY BLVD 5TH FLOOR
14401 GILMORE STREET SUITE 203              LOS ANGELES CA  90045
VAN NUYS CA  91401



        Notice of Reassignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

# NOTICE OF REMOVAL OF ACTION EXHIBIT 8

**Plaintiffs Case Management Statement filed on March 4, 2021, respectively.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

MACAULEY EKPENISI, ESQ. (SBN 296326)
OCEANBRIDGE LAW FIRM, APC
14401 GILMORE STREET., SUITE 203, VAN NUYS, CA 91401
TELEPHONE NO.: (818)-668-3359     FAX NO. *(Optional)*: 818-561-3660
E-MAIL ADDRESS *(Optional)*: oceanbridgelaw@gmail.com
ATTORNEY FOR *(Name)*: Plaintiffs-REYNA MORALES, ET AL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 TRUXTUN AVE
MAILING ADDRESS: (SAME)
CITY AND ZIP CODE: BAKERSFIELD, 93301
BRANCH NAME: KERN COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM

DEFENDANT/RESPONDENT: KMC MANAGEMENT INC. ET AL.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**  ☐ **LIMITED CASE** | BCV-20-102398 |

*(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: 04/28/2021     Time: 08:15 am     Dept.: 17     Div.:     Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name)*:  JIHAD AKIL HASHIM
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 10/13/2020
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:
      BREACH OF CONTRACT, WORKPLACE DISCRIMINATION, ETC.

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint     *(Describe, including causes of action)*:

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KMC MANAGEMENT INC. ET AL. | BCV-20-102398 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☑ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☑ days *(specify number):* Five
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  E-mail address:
    f.  Fax number:
    g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KMC MANAGEMENT INC. ET AL. | BCV-20-102398 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KMC MANAGEMENT INC. ET AL. | BCV-20-102398 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | All forms of written discovery | Pursuant to statute |
| Plaintiff | Depositions | Pursuant to statute |
| Plaintiff | Expert Discovery | Pursuant to statute |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | KMC MANAGEMENT INC. ET AL. | BCV-20-102398 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 03/04/2021

Macauley Ekpenisi
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**

I certify that I am a resident of Los Angeles county, I am over the age of eighteen (18) years, and not a party to the within action.  My business address is: 14401 GILMORE ST SUITE 203 VAN NUYS, CA 91401.

On **March 4, 2021** I served on the interested parties in said action the within documents:

*CASE MANAGEMENT STATEMENT*

**BRIAN P. WALTER, ESQ.**
**LIEBERT CASSIDY WHITMORE**
**6033 WEST CENTURY BOULEVARD, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA 90045**
**T: 310.981.2000 F: 310.337.0837**
bwalter@lcwlegal.com

XX          BY MAIL :    By placing true copies thereof in a sealed envelope(s) addressed as stated on the attached mailing list, and placing it for collection and mailing following ordinary business practices.

XX    BY ELECTRONIC SERVICE:  The above described document(s) to be served by electronic mail pursuant to C.C.P. § 1010.6 and 1013 (g) Cal. Rule of Court 2.251 addressed as set forth above.

____          BY FACSIMILE : I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers show above.

____          BY PERSONAL SERVICE : I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

I declare that I am employed in the office of a Member of the State Bar of California at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this **March 4, 2021** at Van Nuys, California.

_____
STEVEN TORRES

# NOTICE OF REMOVAL OF ACTION
# EXHIBIT 9

**First Amended Complaint ("FAC") filed on April 13 2021, respectively.**

1

MACAULEY EKPENISI, ESQ. (SBN 296326)
OCEANBRIDGE LAW FIRM,
A PROFESSIONAL LAW CORPORATION
14401 GILMORE STREET, SUITE 203
VAN NUYS, CA 91401
TEL: (818)-668-3359
FAX: (818) 561-3660

CHIJIOKE OBINNAYA IKONTE (SBN206203)
AKUDINOBI & IKONTE
3435 WILSHIRE BLVD, STE 1520,
LOS ANGELES, CA 90010
TEL: (213) 387-0869
FAX: (213) 387-0969

ATTORNEYS FOR PLAINTIFF: JIHAD AKIL HASHIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF KERN

| | |
|---|---|
| JIHAD AKIL HASHIM<br><br>Plaintiff,<br><br>Vs<br><br><br>KERN COUNTY HOSPITAL AUTHORITY, (A California Public Entity), and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **BCV-20-102398**<br><br>FIRST AMENDED COMPLAINT BASED ON:<br><br>1) Workplace Discrimination Based on Race and Color.<br>2) Defamation Per Se.<br>3) Failure to provide name-clearing hearing in violation of Plaintiff's right to liberty. (Denial of Due Process) |

Plaintiff is informed and believes and thereby complains and alleges as follows:

Complaint - JIHAD HASHIM

1

## PARTIES AND JURISDICTION

1. Plaintiff JIHAD AKIL HASHIM [hereinafter "Plaintiff"] was at all times relevant hereto, a resident of the City of Santa Clarita, State of California, and an employee of Defendants, and each of them, at the KEM MEDICAL CENTER located at 1700 Mount Vernon Avenue in Bakersfield, from February 2019 until his wrongful termination on September 11, 2019.

2. KERN COUNTY HOSPITAL AUTHORITY is a California Public Entity, and it is doing business in California as KERN MEDICAL CENTER, and at all relevant times owned, managed, and operated KERN MEDICAL CENTER with the other Defendants herein and DOES 1 through 50.

3. All the Defendants and DOES 1 through 50, and each of them, employed Plaintiff at all relevant times and shall be jointly referred to throughout this complaint as "Defendant Employer or Defendants" unless individual references are necessary.

4. The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges that DOE Defendants 1 through 50 are California residents and/or parents, subsidiaries, and/or sister corporations to Defendant Employer, and/or individuals responsible for the acts complained of herein. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

5. Plaintiff alleges all known and unknown Defendants, and all named Defendants, including corporate and individual Defendants and their parents, subsidiaries, their successors in interest, partners, and their employees and/or agents, acted on behalf of, and for the benefit of, at the direction of, and under the control of, and in conspiracy with, each and every

Defendant, known or unknown, and their agents and/or employees, and each of them, to do the acts complained of herein.

6. Defendant Employer both directly and indirectly employed Plaintiff as defined under the Fair Employment and Housing Act "(FEHA) at Government Code Section 12926(d).

7. In addition, Defendant Employer compelled, aided, coerced, and abetted the discrimination, which is prohibited under California Government Code Section 12940(i).

## STATEMENT OF FACTS

8. The Plaintiff was employed by the Defendants as of February 2019, pursuant to a written and/or an oral and implied contract (hereinafter referred to as "employment contract"), as a Registered Nurse for KEM MEDICAL CENTER facility in Bakersfield, California.

9. Plaintiff is an African American Black Male. Plaintiff had often informed defendant's agents Korri Kadel and Eva Flanagan that he has been a target of racial, gender and ancestry origin discriminations at defendant's hospital on several occasions.

10. During all the time Plaintiff worked at the defendants' institution, Plaintiff fulfilled all his obligations, which is common in the performance of his profession for more than 7 months and his contracts were renewed.

11. On August 31, 2019 Plaintiff was given a new contract assignment by defendants pursuant to Healthcare Worker Acceptance Agreement through Trustaff, an Employment Agency. The assignment was accepted by plaintiff and was to end on 11/29/2019. **A copy of the agreement is attached herein as exhibit 1.**

12. On or about September 10, 2019 Plaintiff's was accused of abusing children at his workstation in the NICU based on allegation from unknown patient.

Complaint – JIHAD HASHIM

3

On September 11, 2019, Plaintiff was terminated pursuant to the same allegation without further notice in violation of the 5th Amendment of the United State Constitution.

13. On September 11, 2019, Defendants sent an email to Plaintiff's staffing agency (Trustaff) stating that they have terminated the employment with plaintiff because "A mother called to voice a concern about her baby's nurse. She had come in earlier yesterday evening to visit her baby and was watching the nurse with his other patient. She stated that the nurse was very rough while handling the other baby". Plaintiff is informed and believes, and thereon alleges, that Defendants had made-up the accusation as a pretext to terminate him from their employment.

14. At the time the above statement was made and sent to Trustaff, plaintiff was not informed nor was plaintiff consulted for his consent to send the statement to another person. Plaintiff is informed and based on the information believed that Tim Ewin, Kathryn Mullins and other staff of Trustaff saw, read and understood that he was incapable of nursing a child or an endangerment to children in the NICU, incompetent nurse, a child abuser in the NICU or any other place where plaintiff could have been employed.

15. Defendants failed to provide name-clearing hearing to plaintiff prior to terminating his employment contract before the due date in violation of Plaintiff's right to liberty. Since, the unconfirmed accusation as made by defendant and its agents, which formed the basis of plaintiff's termination, plaintiff has not been able to have employment with similar paying rate and duration like that of defendant or prior employments and defendant is liable to plaintiff for damages pursuant to 42 U.S. Code § 1983.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, among other things, concocted the false story and terminated Plaintiff's

Complaint - JIHAD HASHIM

4

115

employment because of his race, skin and ancestral origin in violation of California Government Code §12940(a) and Article 1, Section 8 of the State of California Constitution.

17. Plaintiff suffered from discrimination based on his race, skin and ancestral origin, and he is therefore a member of the class of persons protected from discrimination under California Government Code § 12940 and State of California Constitution, Article 1, Section 8.

18. Under the provisions of Government Code § 12940(h)(1) it is illegal for any employer, training program or any other person within the State of California, to, because of religion, race, color, national origin, ancestry, to harass an employee or applicant if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.

19. Under the provisions of California Government Code § 12940(i) DEFENDANTS, and each of them were at all times herein mentioned obligated to, take all reasonable steps necessary to investigate and prevent discrimination or harassment from occurring.

20. On January 31, 2020 and June 3, 2020 Plaintiff filed and, amended his complaint with the California Department of Fair Employment and Housing ("DFEH") against Defendants charging that he was fired because of his religion, race, color, gender-including physical disability, he was discriminated upon and harassed because of his color.

21. Plaintiff received "Right-to-Sue Letters" from the DFEH, dated June 3, 2020. **[A true and correct copy of the "Right-to-Sue Letter" is attached to this complaint as Exhibit "2", and incorporated by this reference]**

Complaint - JIHAD HASHIM

5

**116**

22. On June 16, 2020 Plaintiff filed a Claim Form with defendants but plaintiff's claims were denied entirely. Plaintiff presented a timely Claim to defendants for his contract and tort claims with Defendants on June 16, 2020. However, Defendants rejected the claims on July 20, 2020. On 12/15/2021, the court relieved Plaintiff from the provisions of government code § 945.4.

23. Wherefore, plaintiff hereby file the following causes of action against defendants:

## FIRST CAUSE OF ACTION
### Workplace Discrimination Based on Race and Color.

24. As a second, separate, and distinct cause of action, Plaintiff complains against Defendant Employer and DOES 1 through 25, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

25. Plaintiff is an African American Black Male with long hands and about 5:11 feet in height. Plaintiff had often informed defendant's agents Korri Kadel and Eva Flanagan that he has been a target of racial and color discriminations at defendant's hospital on several occasions.

26. On or about September 10, 2019, defendants and their agent concocted an accusation that plaintiff was being rough or mishandling the children at the defendants' NICU during the night shift. The Plaintiff has repeatedly suffered discrimination due to his physical condition, race and skin color in the defendants' employ. Plaintiff is informed and believes, and thereon alleges, that Defendants had made up the accusation as a pretext to terminate him from their employment.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants on or about September 11, 2019, illegally terminated his employment because of

his race and skin in violation of the public policy expressed in California Labor Code §§512 and 558; FEHA and California Government Code §12940(a).

28. As a proximate result of this wrongful termination in violation of the above Codes, Plaintiff was caused to suffer, and continues to suffer from humiliation, anxiety, severe emotional distress, worry, fear, and special damages (to include lost wages) all to her special and general damage according to proof at the time of trial.

29. All actions of Defendant Employer, Defendants, their employees, and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendants, and each of them.

30. Defendant Employer did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community. Therefore, Plaintiff is entitled to damages against the Defendant Employer, in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### For Defamation Per Se Pursuant to
### Government Code section 815.2

31. As a second, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 30, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

Complaint - JIHAD HASHIM

7

32. On September 11, 2019, Defendants sent an email to Plaintiff's staffing agency (Trustaff) stating that they have terminated the employment with plaintiff because "A mother called to voice a concern about her baby's nurse. She had come in earlier yesterday evening to visit her baby and was watching the nurse with his other patient. She stated that the nurse was very rough while handling the other baby".

33. At the time the above statement was made and sent to Trustaff, plaintiff was not informed nor was plaintiff consulted for his consent to send the statement to another person. Plaintiff is informed and based on the formation believed that Tim Ewin, Kathryn Mullins and other staff of Trustaff saw, read and understood that he was incapable of nursing a child in the NICU or caused child endangerment, incompetent nurse, a child abuser in the NICU or any other place where plaintiff could have been employed.

34. The defendant agents referred to plaintiff by name throughout, was made of and concerning plaintiff, and was so understood by those who read the electronic letter.

35. Plaintiff was also compelled and still being compelled to state why he was terminated by defendants and/ or defend the reason for his termination by defendants in his work resume and interviews with employment agencies.

36. The entire statement that plaintiff acted inappropriately is false as it pertains to plaintiff, however, defendants without investigations and consultation with plaintiff, published the statement and terminated plaintiff employment because of the statement.

37. The defendants' email or electronic letter to Tim Erwin and members of his staff is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule, loss of employment opportunity, dent plaintiff's employment records and obloquy because it charges plaintiff with having committed crime or despicable act towards children.

Complaint - JIHAD HASHIM

8

38. The defendants' said email was seen and read on or about September 11, 2019 by Tim Erwin, Katie Mullins and other staff of Trustaff staffing agency without plaintiff's knowledge, consent or approval. Because defendants' agents would have been liable to plaintiff in tort, defendant is liable to plaintiff for damages pursuant to Government Code section 815.2.

39. As a proximate result of the above-described publication, plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in a total amount $1,000,000.

40. The above-described publication was not privileged because it was published by defendants with the intent of showing that plaintiff is a criminal, was incapable of nursing a child in the NICU, endangered children at the NICU, a child molester or child abuser at the NICU in ultra-malice, hatred and ill will toward plaintiff and the desire to injure him in that defendants had expressed a desire to "get rid of" plaintiff. Because of defendants' malice in publishing the statement, plaintiff seeks punitive damages in a total amount to be established by proof at trial.

## THIRD CAUSE OF ACTION
### For Failure To Provide Name-Clearing
### Hearing In Violation Of Plaintiff's Right To Liberty.
### (Denial of Due Process)

41. As a third, separate, and distinct cause of action, Plaintiff complains against Defendants, and DOES 1 through 40, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

42. On or about September 10, 2019 while plaintiff was performing his assigned duties, Defendants' agents Korri Kadel and Eva Flanagan accused Plaintiff of being rough in handling of the children at the NICU because, according to them, a mother of one of the children saw him being rough to other children.

Plaintiff does not know his accuser nor given an opportunity to address the matter.

43. The Plaintiff has repeatedly suffered discrimination due to his, race and skin color in the defendants' employ. Although, plaintiff reported his frustration regarding the discriminatory incident and requested to be transferred, defendants' supervisor, Eva Flanagan, informed plaintiff that he should not be bothered with the situation and continue to perform his assigned duties.

44. On or about September 11, 2019, defendants and their agents concocted an accusation that plaintiff was being rough or mishandling the children at the defendants' NICU during the night shift and then terminated plaintiff without reasonable investigation. Plaintiff is informed and believes, and thereon alleges, that Defendants had made up the accusation as a pretext to terminate him from their employment without engaging in any good faith interactive process.

45. Further, Defendants failed to provide name-clearing hearing opportunity to plaintiff prior to terminating his employment contract before the due date in violation of Plaintiff's right to liberty in violation of 5th Amendment of the Constitution of the United State of America and are liable to plaintiff for damages pursuant to of 42 U.S. Code § 1983.

46. Since, the unconfirmed accusation was made by defendant and its agents, which formed the basis of plaintiff's termination, plaintiff has not been able to gain employment with similar paying rate and duration like that of defendant prior to his abrupt termination or prior employments.

47. The above-described circumstances were known to defendants' supervisors and management and they played a major role in the decision to terminate plaintiff's employment.

Complaint - JIHAD HASHIM

10

48. As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

49. As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at time of trial.

50. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights. Further, defendants' wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent of defendants had advance knowledge of the unfitness of their decision-maker and employed him or her with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a result of defendants' conduct, plaintiff suffered damages and he is entitled to recover punitive and exemplary damages in an amount commensurate with each defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

51. Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the California Fair Employment & Housing Act (Government Code Section 12900, et seq.), and other statutory entitlements.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a general damage, according to proof.

2. For general, presumed and special damages based upon damage to Plaintiff's business and personal reputation for $1,000,000.

3. For a money judgment in the sum of $55,000 or for a sum representing compensatory damages including lost past and future wages, commissions, and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof.

5. For attorney fees under any applicable statutory basis.

6. For prejudgment interest under Civil Code § 3288 and Code of Civil Procedure § 998, and any other applicable statutory.

7. For penalties according to statute.

8. For costs of suit according to statute; and

9. For any other relief that is just and proper.


Dated: April 8, 2021

OCEANBRIDGE LAW FIRM, APC.


Macauley Ekpenisi, Esq

Attorney for Plaintiff.

Complaint - JIHAD HASHIM

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

**Acceptance Agreement**

Position:

This Healthcare Worker acceptance Agreement (this "Agreement") is executed this date 07/31/2019 between <u>Jihad Hashim</u> and Tim Erwin

WHEREAS, trustaff provides temporary healthcare professionals to its clients at the client's facilities; and

WHEREAS, Jihad Hashim has agreed to accept an Assignment (as defined below) with trustaff on the terms and conditions set forth herein.

Now, therefore, based upon mutual promises and covenants contained in this agreement, the receipt and sufficient of which are hereby acknowledged, the parties agree as follows:

1. **Employment** Jihad Hashim shall be an at-will employee of trustaff. Jihad Hashim has agreed to accept the following assignment (the "Assignment").

    a. **Assignment Location, Term, and Unit.**

    Subject to the terms and conditions as set forth herein:
    - i. Client Facility:       **Kern Medical Center, Bakersfield, CA**
    - ii. Length of Assignment:   **13 Weeks**
    - iii. Assignment Dates:
        - i. Start Date:      **8/31/2019**
        - ii. Completion Date:   **11/29/2019**
    - iv. Primary Unit:        **NICU (12hr Nights)**
    - v. Required to Float (where competent & qualified):  **Yes**
    - vi. Work week start:   **Saturday**   Ends:   **Friday**
    - vii. Requested Time Off:

    b. **Pay Rate.**

    - i. Base Pay:      $**19.47** / hr for hours worked up to 8 in one day, up to 40 in one week;
    - ii. Base Pay:      $ **29.21** / hr for hours worked after 8 in one day, up to 12 hours in one day.
    - iii. Double Time Pay:     $**38.94** / hr for hours worked after 12 in one day.
    - iv. Meals, incidentals and housing per diem : $ **1,162.00** / per week 36 (subject to be prorated in accordance with paragraph 5).
    - v. Overtime Pay:   $**53.54** / hr for hours worked after 40. Overtime shall be paid in accordance with the laws of the state where client is located.

    c. **. Additional Items:**

    **Kern Medical Center**
    **1830 Flower Street**
    **Bakersfield, CA 93305**
    **661-599-0650**

    By signing below, Jihad Hashim confirms receipt of Pay Plan Descriptions.

2. **Minimum Hours; Shift Changes; Termination; Client Shift Cancellation.**

    a. [Subject to Section d below –]
    <u>Client will schedule for a minimum of 36 hours per week (or 72 hours total if Client schedules on a bi-weekly basis) (the "Minimum Hours").</u>
    <u>Facility will not guarantee hours for units closed on holidays during the week that the holiday falls.</u>

    b. If Jihad Hashim (i) is unable to work a scheduled shift or (ii) needs to request a change to the work schedule determined by Client (i.e. call offs, shift changes, time off, etc), Jihad Hashim must communicate such request directly to Client and notify trustaff. During any scheduling period that Jihad Hashim fails to work a scheduled shift, requests a change to the work schedule or volunteers for a shift cancellation, Jihad Hashim shall not be entitled to the Minimum Hours for such scheduling period.

    c. Jihad Hashim further agrees and acknowledges that all terms and conditions of this Agreement are subject to the Client's right, in its sole and absolute discretion, to modify, amend or otherwise terminate the Assignment and such revisions and/or termination shall immediately amend, modify or terminate this Agreement, as the case may be, as if fully incorporated herein and without any further action required by the parties hereto. Any exercise by the Client of its

right to modify, amend or otherwise terminate this Agreement shall not result in a breach of this Agreement by trustaff or otherwise affect the Jihad Hashim's obligations hereunder.

d. **[Shift Cancellation Policy]**
## Client can cancel up to 2 shifts per 13-week assignment.

3. **Compensation.** Jihad Hashim shall be an hourly employee and will be paid at the Base Rate for all hours worked up to 40 hours per Work Week. Overtime will be calculated according to the laws of the state where the Client is located. **If applicable to the Assignment: The Client may assign Jihad Hashim to be "on-call" and Jihad Hashim shall be paid at the On-Call Rate for each of on-call services requested by Client.**

4. **Conditions of Compensation.**
    a. Each week, Jihad Hashim must submit trustaff timesheets to trustaff regardless of the timekeeping system used by the Client. Failure to timely remit accurate timesheets MAY result in a delay in preparing Jihad Hashim's payroll check.
    i. If the Client DOES NOT USE its own timekeeping system, then the trustaff timesheets MUST be signed by an authorized manager of the Client before submission to trustaff.
    ii. If the Client DOES USE its own timekeepIf the Client DOES USE its own timekeeping system, then the clock report generated by the Client shall be used to verify the timesheets submitted by. IF THERE IS A DISCREPANCY BETWEEN THE TIMESHEETS SUBMITTED BY Jihad Hashim AND THE CLOCK REPORT GENERATED BY THE CLIENT, THEN Jihad Hashim ACKNOWLEDGES AND AGREES THAT TRUSTAFF WILL PAY THE Jihad Hashim BASED UPON THE CLIENT GENERATED CLOCK REPORTS. Jihad Hashim MAY RESOLVE ANY SUCH DISCREPANCY BY FOLLOWING THE REQUIREMENTS OF THE CLIENT AND, IF SUCH RESOLUTION REFLECTS ADDITIONAL TIME WORKED BY Jihad Hashim, THEN TRUSTAFF WILL PAY Jihad Hashim FOR SUCH HOURS AT THE END OF THE PAY PERIOD FOLLOWING SUCH RESOLUTION.

5. **Meals, Incidentals, Travel and Lodging Expenses**
    a. trustaff will pay Jihad Hashim meals, incidentals and housing per diem in the amount set forth in Section 1(b)(iv) for all meals/incidental and housing expenses (the "Meals/Incidentals/Housing Per Diem"). The Meals/Incidentals/Housing Per Diem will be paid in arrears with the regular weekly (or biweekly, if applicable) paycheck. The amount of the Meals/Incidental/Housing Per Diem shall be adjusted proportionately (i) for the first and last week of the Assignment, if necessary and (ii) for any assigned days Jihad Hashim does not work.

    b. All travel, transportation, commuting, parking and related expenses shall be the sole responsibility of Jihad Hashim.

    c. If the Jihad Hashim does not complete the Permanent Tax Residence Form, then the Meals/Incidentals/Housing Per Diem WILL BE TAXABLE. If the Jihad Hashim fails to meet or fails to continue to meet the requirements set forth in the Permanent Tax Residence Form, then the Meals/Incidentals/Housing Per Diem WILL BE TAXABLE.

    d. Jihad Hashim shall notify trustaff promptly of any change in the Jihad Hashim's permanent tax residence. An updated Permanent Tax Residence Form must be submitted to trustaff at the beginning of each new assignment.

6. **Housing and Travel Arrangements.** Jihad Hashim shall be responsible, at Jihad Hashim's sole expense, for securing any and all travel arrangements to and from Client's locations and all transportation and housing needs during the term of the Assignment. Jihad Hashim expressly agrees and acknowledges that trustaff shall not assist, arrange or otherwise provide any housing, transportation or travel arrangements or any other accommodations to or on behalf of Jihad Hashim. Except for the Meals/Incidentals/Housing Per Diem which will be paid in accordance with Paragraph 5 above, trustaff shall not be responsible or liable for any costs, fees or other expenses incurred by Jihad Hashim for any such housing, transportation or travel arrangements or other accommodations or any other living expenses incurred by Jihad Hashim at any time.

7. **Background Check.** Jihad Hashim acknowledges and agrees that trustaff will not guarantee this Assignment or future employment with trustaff if the results of Jihad Hashim's background check and/or drug screen are unsatisfactory to trustaff in its sole judgment. In the event that trustaff determines, in its sole judgment, that results are unsatisfactory, then trustaff may, at its option, terminate this Agreement.

8. **Arbitration.** Jihad Hashim and trustaff agree to resolve all disputes and claims related to this Agreement and/or any dispute related to Jihad Hashim's employment with trustaff to binding arbitration rather than going to court. The details of the arbitration procedure are outlined in the Employee Traveler Handbook. Jihad Hashim and trustaff agree that all such disputes and claims will only be arbitrated on an individual basis, and that both parties waive the right to participate in or receive money from any class, collective, or representative proceeding.

9. **Damages.** If Jihad Hashim fails to complete the Assignment or otherwise materially breached this Agreement, and Client charges trustaff cost, fees and/or other damages (the "Damages") in connection with Jihad Hashim's failure to compete the Assignment or other material breach of this Agreement, such Damages shall be the sole responsibility of Jihad Hashim and Jihad Hashim shall promptly reimburse trustaff for such Damages. Upon the occurrence of any breach of this Agreement or any Assignment by Jihad Hashim, trustaff may terminate this Agreement as of the date of such breach.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. Further, in the event of any claim or cause of action arising from this Agreement, Jihad Hashim and trustaff consent to the exclusive jurisdiction of the Federal District Court of the Southern District of Ohio and/or state courts of Hamilton County, Ohio.

11. **Severability.** If any provision of this Agreement, or any paragraph, sentence, clause, phrase or word, or the application thereof, in any circumstance, is held invalid, the validity of the remainder of this Agreement shall be construed as if such invalid part were never included herein.

12. **Headings.** The headings of articles, sections, paragraphs and subparagraphs in this Agreement are for convenience of reference only and shall not be construed in any way to limit or define the content, scope or intent of the provisions hereof.

13. **Entire Agreement.** The parties to this Agreement understand and agree that this Agreement contains the entire Agreement regarding the subject matter of this Agreement. No prior or contemporaneous agreement, statement, promise or representation (either made orally or in writing) relating to the subject matter of this Agreement shall be valid or binding unless set forth in this Agreement.

**EXHIBIT B**

**CALIFORNIA MEAL PLAN**

Dear Jihad Hashim:

Since you have accepted a travel assignment in California, you are required to complete the attached Meal Period for California Healthcare Employees Form.

In accordance with California law, any employee who works a shift exceeding 10 hours (i.e., 12 hours) is required to take two 30-minute meal periods. However, there is an exception for healthcare employees who wish to waive their second meal period. Therefore, the following options are available to you when working a shift exceeding 10 hours:

**Option 1:** Take two 30-minute meal periods – these periods you will be relieved of all duty and you will not be paid during these meal periods; or

**Option 2:** Take one 30-minute meal period and waive the second meal period. During the 30-minute meal period, you will be relieved of all duty and you will not be paid.

If you choose Option 1 ("Decline"), please sign the top portion of the attached Form: "Decline to Waive." When working 12 hour shifts (on which a facility will generally schedule you for 12½ hours), you will be paid for 11.5 hours (or 11 hours in the event that the facility only scheduled you for 12 hours) since you are taking two 30-minute meal breaks. Please sign the top portion of the attached Form: "Decline to Waive." (If you elect this Option 1 on the Form, you must take the second meal period every time you work more than 10 hours. As this is California law, failure to comply may result in disciplinary action.)

If you choose Option 2 ("Waiver"), please sign the bottom portion of the attached Form: "Waiver of Meal Period." When working 12 hour shifts (on which a facility will generally schedule for 12½ hours), you will be paid for 12 hours (or 11½ hours in the event the facility only schedules you for 12 hours) and you will be required to take one 30-minute meal break. Please sign the bottom portion of the attached Form: "Waiver of Meal Period."

If you choose Option 2 ("Waiver") and decide that you would like to take both 30-minute meal periods, then you can revoke this waiver by giving the facility one day's notice.

Please return the attached Meal Period Form for California Employees by fax to your trustaff as soon as possible. You may submit a new Form at any time if you wish to change the option you have chosen.

Please sign one of the following options and fax to trustaff.

## Option 1: Decline To Waive Meal Period

I understand that by signing below, I will be required to take all meal periods to which I am entitled when working shifts in excess of 10 hours. Taking the second meal period will result in my working and being paid for 11.5 hours in a standard 12.5-hour shift. At this time, I choose not to exercise my right to waive one meal period. I will ensure that all meal periods are taken and documented accordingly on my timesheet.

I acknowledge that I have read this document, understand it and agree to its provisions (including that I will be paid 11.5 hours when working a 12.5 hour shift).

Last 4 digit of your Social Security Number

Print Name : Jihad Hashim

Date

## Option 2: Waiver of Meal Period

I understand that by signing below, I will be required to take only one meal period when working shifts in excess of 10 hours. Taking only one meal period will result in my working and being paid for 12 hours in a standard 12.5-hour shift. I understand that under California law I have this right to waive one of the two meal periods. I also understand that I, or the Company, may revoke this "Waiver of Meal Period" at any time by providing at least one day's advance notice in writing. This waiver will remain in effect until it is revoked. I will ensure that all meal periods are taken and documented accordingly on my timesheet.

I acknowledge that I have read this document, understand it and agree to its provisions, including that I will be paid 12 hours when working a 12.5 hour shift.

Last 4 digit of your Social Security Number

Print Name : Jihad Hashim

Agreed and Acknowledged:

128

Print Name of Facility

By: Date

Name:

Title:

**EXHIBIT B**

**CALIFORNIA NOTICE TO EMPLOYEES**

## NOTICE TO EMPLOYEE

### LABOR CODE SECTION 2810.5

| EmployeeName | start Date | Rate(s) of Pay | Allowances | Regular Payday | | |
|---|---|---|---|---|---|---|
| Jihad Hashim | | See attached Contract | see attached contract | Weekly: Every Friday | | |
| Legal Name of Hiring Employer | | Trade name: Doing | Entity for whom Employee shall perform work: | | | |
| trustaff Travel Nurses,LLC. | | trustaff | See attached contract | | | |
| Employer Address | City | | State | Zip | Phone Number | |
| 4270 Glendale Milford Road | Cincinnati | | OH | 45242 | 513-272-3999 | |
| Employer's Worker's Compensation | Wesco Address | | City/State | Zip | | |
| Wesco | 874 walker road suite C | | Dover, DE | 19904 | 877-528-7878 | |

### PAID SICK LEAVE

Unless exempt, the employee identified above on this Notice is entitled to minimum requirements for paid sick leave under state law which provides than an employee:

- May accrue paid sick leave and may request and use up to 3 days or 24 hours of accrued paid sick leave per year;
- Has the right to request and use accrued paid sick leave;
- May not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and
- Has the right to file a complaint against an employer who retaliates.

**The employee shall accrue 1 hour of paid sick leave per 30 hours worked and no less than 24 hours (or 3 days) of paid sick leave at the beginning of each 12-month period.**

Labor Code § 2810.5(b) requires the employer to notify employees in writing of any changes to the information set forth in this Notice within seven calendar days of any such

#### ACKNOWLEDGEMENT OF RECEIPT

By signing below, I acknowledge that I have been provided with, and have read, the written Notice above. This Notice does not change my status as an at-will employee.

Contract Control Code: Cincinnati Nursing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 3, 2020

Macauley Ekpenisi
14640 Victory Blvd., Suite 202, Suite 202
Van Nuys, CA 91411

RE:     **Notice to Complainant's Attorney**
         DFEH Matter Number: 202006-10320103
         Right to Sue: Hashim / Kern Medical Center

Dear Macauley Ekpenisi:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 3, 2020

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202006-10320103
Right to Sue: Hashim / Kern Medical Center

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 3, 2020

Jihad Hashim
18432 Oak Canyon road, #622
Santa Clarita, California 91387

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202006-10320103
Right to Sue: Hashim / Kern Medical Center

Dear Jihad Hashim,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 3, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jihad Hashim

DFEH No. 202006-10320103

                                    Complainant,

vs.

Kern Medical Center
1700 Mount Vernon Avenue
Bakersfield, California 93306

                                    Respondents

_____

1. Respondent **Kern Medical Center** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jihad Hashim**, resides in the City of **Santa Clarita** State of **California.**

3. Complainant alleges that on or about **September 11, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, color.

**Complainant was discriminated against** because of complainant's race, ancestry, color and as a result of the discrimination was terminated.

**Additional Complaint Details:** Jihad Hashim was working as a nurse on 09/10/2019 in the NICU during a night shift. Korri Kadel the charged nurse  together with Eva Flanagan accused Jihad of being rough with the children at the NICU because according to her, a mother of one of the children saw him being rough to a child. It was not clear what rough act Jihad is accused of doing but it is clear that Jihad is a very Tall Black Complexion male with good reputation in his work. Korri Kadel  and Eva Flanagan accused Jidad of unknown wrong doing only because he is black tall man and Kern Medical Center terminate him for the same reason.

Date Filed: June 3, 2020

1  VERIFICATION

2  I, **Macauley Ekpenisi**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On June 3, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Van Nuys, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -2-
27                           *Complaint – DFEH No. 202006-10320103*

28  Date Filed: June 3, 2020

1

## PROOF OF SERVICE

2
I am employed in the County of Los Angeles, State of California.  I am over

3
the age of 18 and not a party to the within action.  My business address is 14401

GILMORE SUITE 203, CA 91401.

4
On April 13, 2021, I served on interested parties in said action the within:

5

## FIRST AMENDED COMPLAINT

6
On the following person(s):

7
Brian Walter

8
Liebert Cassidy Whitmore
6033 West Century Blvd, 5th flr.

9
Los Angeles, CA 90045

10
\_\_\_\_        BY  MAIL:    By  placing  true  copies  thereof  in  sealed  envelope(s)

11
addressed as stated on the attached mailing list and placing it for collection and

12
mailing following ordinary business practices.

13
\_\_\_\_        BY  OVERNIGHT  COURIER:    I  caused  the  above-referenced

14
document(s) to be delivered to FedEx for delivery to the attached address(es).

15
\_\_\_\_ BY FAX:  I transmitted a copy of the foregoing document(s) this date via

16
telecopier to the facsimile numbers shown above.

17
\_\_XX\_\_      BY ELECTRONIC:  I transmitted a copy of the foregoing document(s)

18
this date via electronic means.

19
\_\_\_\_        BY PERSONAL SERVICE:  I caused such envelope(s) to be delivered

20
by hand to the offices of the addressee(s).

21
I declare that I am employed in the office of a Member of the State Bar of
California at whose direction this service was made.

22
I certify under penalty of perjury that the foregoing is true and correct.

23
Executed on April 13, 2021, at Van Nuys, California.

24

25

26
STEVEN TORRES

27

28
Complaint - JIHAD HASHIM

13

# NOTICE OF REMOVAL OF ACTION
# EXHIBIT 10

**Plaintiffs Association of Attorney and Amended Association of Attorney filed on**

**April 13 2021, respectively.**

1

1   **MACAULEY EKPENISI, ESQ. (SBN 296326)**
    **OCEANBRIDGE LAW FIRM,**
2   **A PROFESSIONAL LAW COPRORATION**
    **14640 VICTORY BLVD., SUITE 202**
3   **VAN NUYS, CA 91411**
    **TEL: (818)-668-3359**
4   **FAX: (818) 561-3660**

5   **CHIJIOKE OBINNAYA IKONTE (SBN 206203)**
    **AKUDINOBI & IKONTE**
6   **3435 WILSHIRE BLVD, STE 1520,**
    **LOS ANGELES, CA 90010**
7   **TEL: (213) 387-0869**
    **FAX: (213) 387-0969**
8

9   Attorneys for Plaintiffs: JIHAD AKIL HASHIM

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF LOS ANGELES**

12

13

14  **JIHAD AKIL HASHIM**              | **Case No: BCV-20-102398**

15                                      | NOTICE OF ASSOCIATION OF COUNSEL

16              Plaintiffs

17  vs.                                 | Action File:    10/13/2020
                                        | Trial Date:     Not assigned
18

19  **KERN COUNTY HOSPITAL AUTHORITY,**
    **(A California Public Entity), and DOES 1**
20  **through 50, inclusive,**

21

22              Defendants.

23

24

25

26

27

28

1

NOTICE IS HEREBY GIVEN that Plaintiffs Jihad Akil Hashim, hereby associates Law Offices of of Akudinobi & Ikonte.

DATED: April 9, 2021                          **OCEANBRIDGE LAW FIRM, APC.**

BY: _____

           Macauley Ekpenisi, Esq.
           Attorney for Plaintiffs,
           Jihad Akil Hashim

DATED: April 9, 2021                          **AKUDINOBI & IKONTE**

BY: _____

           Chijioke Obinnaya Ikonte, Esq.
           Attorney for Plaintiffs,
           Jihad Akil Hashim

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is **14401 GILMORE ST., SUITE 203 VAN NUYS, CA 91401**.

On April 13, 2021, I served on interested parties in said action the within:

**NOTICE OF DISASSOCIATION OF COUNSEL**

On the following person(s):

Brian Walter
Liebert Cassidy Whitmore
6033 West Century Blvd, 5th flr.
Los Angeles, CA 90045

___X___ BY MAIL: By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list and placing it for collection and mailing following ordinary business practices.

_____ BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to FedEx for delivery to the attached address(es).

_____ BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

___X___ BY ELECTRONIC: I transmitted a copy of the foregoing document(s) this date via electronic means.

_____ BY PERSONAL SERVICE: I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

I declare that I am employed in the office of a Member of the State Bar of California at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2021, at Van Nuys, California.

Macauley Ekpenisi

3

MACAULEY EKPENISI, ESQ. (SBN 296326)
OCEANBRIDGE LAW FIRM,
A PROFESSIONAL LAW COPRORATION
14401 Gilmore Street, Suite 203
VAN NUYS, CA 91401
TEL: (818)-668-3359
FAX: (818) 561-3660

CHIJIOKE OBINNAYA IKONTE (SBN 206203)
AKUDINOBI & IKONTE
3435 WILSHIRE BLVD, STE 1520,
LOS ANGELES, CA 90010
TEL: (213) 387-0869
FAX: (213) 387-0969

Attorneys for Plaintiffs: JIHAD AKIL HASHIM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **JIHAD AKIL HASHIM**<br><br><br><br>Plaintiffs<br><br>vs.<br><br>**KERN COUNTY HOSPITAL AUTHORITY, (A California Public Entity), and DOES 1 through 50, inclusive,**<br><br><br>Defendants. | **Case No: BCV-20-102398**<br><br>AMENDED NOTICE OF ASSOCIATION OF COUNSEL<br><br>Action File:   10/13/2020<br>Trial Date:   Not assigned |

1

NOTICE IS HEREBY GIVEN that Plaintiffs Jihad Akil Hashim, hereby associates Law Offices of of Akudinobi & Ikonte.

DATED: April 13, 2021                    **OCEANBRIDGE LAW FIRM, APC.**

BY: _____

                                       Macauley Ekpenisi, Esq.
                                       Attorney for Plaintiffs,
                                       Jihad Akil Hashim

DATED: April 13, 2021                    **AKUDINOBI & IKONTE**

BY: _____

                                       Chijioke Obinnaya Ikonte, Esq.
                                       Attorney for Plaintiffs,
                                       Jihad Akil Hashim

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is **14401 GILMORE ST., SUITE 203 VAN NUYS, CA 91401**.

On April 13, 2021, I served on interested parties in said action the within:

**NOTICE OF DISASSOCIATION OF COUNSEL**

On the following person(s):

Brian Walter
Liebert Cassidy Whitmore
6033 West Century Blvd, 5th flr.
Los Angeles, CA 90045

___X___ BY MAIL: By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list and placing it for collection and mailing following ordinary business practices.

_____ BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to FedEx for delivery to the attached address(es).

_____ BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

___X___ BY ELECTRONIC: I transmitted a copy of the foregoing document(s) this date via electronic means.

_____ BY PERSONAL SERVICE: I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

I declare that I am employed in the office of a Member of the State Bar of California at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2021, at Van Nuys, California.

Macauley Ekpenisi

3

**143**

# NOTICE OF REMOVAL OF ACTION EXHIBIT 11

**Defendants Case Management Statement and Amended Case Management**

**Statement filed on April 13 2021, respectively.**

1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Brian P. Walter, Esq. (SBN: 171429)<br>Michael E. Gerst, Esq. (SBN: 266514)<br>Liebert Cassidy Whitmore<br>6033 West Century Bouelvard, 5th Floor, Los Angeles, 90045<br>TELEPHONE NO. 310.981.2000    FAX NO. *(Optional):* 310.337.0837<br>E-MAIL ADDRESS *(Optional):* bwalter@lcwlegal.com; mgerst@lcwlegal.com<br>ATTORNEY FOR *(Name):* Defendants Kern County Hospital Authority, et al. | **ELECTRONICALLY FILED**<br>**4/13/2021 4:04 PM**<br>**Kern County Superior Court**<br>**By Maribel Villalon, Deputy** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kern** |
|---|
| STREET ADDRESS: 1415 Truxtun Avenue |
| MAILING ADDRESS: Same as Above |
| CITY AND ZIP CODE: Bakersfield, CA 93301 |
| BRANCH NAME: Metropolitan Division |

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM |
|---|
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)    ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | BCV-20-102398 |

| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
|---|
| Date: April 28, 2021    Time: 8:15 a.m.    Dept.: 17    Div.:    Room: |
| Address of court *(if different from the address above):* |
| ☒ **Notice of Intent to Appear by Telephone, by *(name):*** Michael Gerst |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendants Kern County Hospital Authority, et al.
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
      Breach of Contract, Discrimination, Wrongful Termination, Failure to Accomodate, Unlawful Retaliation, Discrimination violating FEHA, Defamation, Negligence Per Se, Breach of Implied Covenant, IIED.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] **CASE MANAGEMENT STATEMENT** Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov*

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. | BCV-20-102398 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that he was wrongfully terminated by Defendants based on his religion, race, skin, and gender. Defendants deny all of Plaintiffs allegations, and contend that Plaintiff was terminated because a parent reported that Plaintiff was being violent with children in the NICU. Defendants also contend that Kern Medical Foundation is an improperly named defendant that never employed Plaintiff and Kern Medical Center is also improperly named as it is part of KCHA and not a separate legal entity.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request   ☐ a jury trial.   ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐   The trial has been set for *(date):*
   b. ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   Sep. 7-20, Oct. 18-21, Nov. 1-22, Dec. 14, 2021 -Jan. 14,2022, Jan. 31-Feb. 8, Mar. 28–Apr. 6, July 26- Aug. 1.

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☒   days *(specify number):* 5 days
   b. ☐   hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:                                     f.   Fax number:
   e.   E-mail address:                                        g.   Party represented:
   ☐   Additional representation is described in Attachment 8.

9. **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

| | |
|---|---|
| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER:<br>BCV-20-102398 |
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER:<br>BCV-20-102398 |
|---|---|
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. | |

11. **Insurance**
   a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Beazley
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Additional Demurrer and motion to strike First Amended Complaint (once it is filed), discovery motions, Motion for Summary Judgment/Adjudication.

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | Per Code |
| Defendants | Depositions | Per Code |
| Defendants | Expert Depositions | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*



**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER:<br>BCV-20-102398 |
| DEFENDANT/RESPONDENT: KMC MANAGEMENT, Inc., et al. | |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Plaintiff has indicated he will be filing a First Amended Complaint in response to Defendants' meet and confer letter.

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 13, 2021

| | |
|---|---|
| Michael E. Gerst, Esq. | ▶ /s/ Michael E. Gerst |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18

4

and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th**

5

**Floor, Los Angeles, California 90045.**

6

    On **April 13, 2021**, I served the foregoing document(s) described as **CASE**

7

**MANAGEMENT STATEMENT** in the manner checked below on all interested parties in this

8

action addressed as follows:

9

| Macauley Ekpenisi, Esq. OCEANBRIDGE LAW FIRM, APC 14401 Gilmore Street, Suite 203 Van Nuys, CA 91401 Tel: (818) 668-3359 Fax: (818) 561-3660 Email: oceanbridgelaw@gmail.com | Counsel for Plaintiff, JIHAD AKIL HASHIM |
| --- | --- |
| Chijioke Obinnaya Ikonte Akudinobi & Ikonte 3435 Wilshire Boulevard, Suite 1520 Los Angeles, CA 90010 (213) 387-0869 Fax:  (213) 387-0969 cikonte@yahoo.com | Co-Counsel for Plaintiff, JIHAD AKIL HASHIM |

10

11

12

13

14

15

16

17

18

19

☑    **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from cmorris@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

21

22

    Executed on **April 13, 2021**, at Los Angeles, California.

23

    I declare under penalty of perjury under the laws of the State of California that the

24

foregoing is true and correct.

25

26

                    */s/ Cynthia Morris*
                    Cynthia Morris

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9611217.1 KE045-027

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brian P. Walter, Esq. (SBN: 171429)<br>Michael E. Gerst, Esq. (SBN: 266514)<br>Liebert Cassidy Whitmore<br>6033 West Century Bouelvard, 5th Floor, Los Angeles, 90045<br>TELEPHONE NO.: 310.981.2000    FAX NO. *(Optional)*: 310.337.0837<br>E-MAIL ADDRESS *(Optional)*: bwalter@lcwlegal.com; mgerst@lcwlegal.com<br>ATTORNEY FOR *(Name)*: Defendants Kern County Hospital Authority, et al. | **ELECTRONICALLY FILED**<br>**4/13/2021 6:06 PM**<br>**Kern County Superior Court**<br>**By Maribel Villalon, Deputy** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kern** |
|---|
| STREET ADDRESS: 1415 Truxtun Avenue |
| MAILING ADDRESS: Same as Above |
| CITY AND ZIP CODE: Bakersfield, CA 93301 |
| BRANCH NAME: Metropolitan Division |

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM |
|---|
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. |

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | BCV-20-102398 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: April 28, 2021          Time: 8:15 a.m.          Dept.: 17          Div.:          Room:

Address of court *(if different from the address above)*:

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Michael Gerst

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Defendants Kern County Hospital Authority; Kern Medical Center; and Kern Medical Center Foundation.
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒   complaint    ☐   cross-complaint          *(Describe, including causes of action):*
      Breach of Contract, Discrimination, Wrongful Termination, Failure to Accomodate, Unlawful Retaliation, Discrimination violating FEHA, Defamation, Negligence Per Se, Breach of Implied Covenant, IIED.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER:<br>BCV-20-102398 |
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiff alleges that he was wrongfully terminated by Defendants based on his religion, race, skin, and gender. Defendants deny all of Plaintiffs allegations, and contend that Plaintiff was terminated because a parent reported that Plaintiff was being violent with children in the NICU.  Defendants also contend that Kern Medical Foundation is an improperly named defendant that never employed Plaintiff and Kern Medical Center is also improperly named as it is part of KCHA and not a separate legal entity.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request   ☐ a jury trial.   ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Sep. 7-20, Oct. 18-21, Nov. 1-22, Dec. 14, 2021 -Jan. 14,2022, Jan. 31-Feb. 8, Mar. 28–Apr. 6, July 26- Aug. 1.

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 5 days
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                                      f.   Fax number:
e.   E-mail address:                                                         g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. | BCV-20-102398 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KERN COUNTY HOSPITAL AUTHORITY, et al. | BCV-20-102398 |

**11. Insurance**

   a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Beazley

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Additional Demurrer and motion to strike First Amended Complaint (once it is filed), discovery motions, Motion for Summary Judgment/Adjudication.

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Written Discovery | Per Code |
| Defendants | Depositions | Per Code |
| Defendants | Expert Depositions | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: JIHAD AKIL HASHIM | CASE NUMBER:<br>BCV-20-102398 |
|---|---|
| DEFENDANT/RESPONDENT: KMC MANAGEMENT, Inc., et al. | |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Plaintiff has indicated he will be filing a First Amended Complaint in response to Defendants' meet and confer letter.

19. **Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 13, 2021

| Michael E. Gerst, Esq. | ▶ /s/ Michael E. Gerst |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## <u>PROOF OF SERVICE</u>

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **April 13, 2021**, I served the foregoing document(s) described as **CASE MANAGEMENT STATEMENT (amended)** in the manner checked below on all interested parties in this action addressed as follows:

| | |
|---|---|
| Macauley Ekpenisi, Esq.<br>OCEANBRIDGE LAW FIRM, APC<br>14401 Gilmore Street, Suite 203<br>Van Nuys, CA 91401<br>Tel: (818) 668-3359<br>Fax: (818) 561-3660<br>Email: oceanbridgelaw@gmail.com | Counsel for Plaintiff,<br>JIHAD AKIL HASHIM |
| Chijioke Obinnaya Ikonte<br>Akudinobi & Ikonte<br>3435 Wilshire Boulevard, Suite 1520<br>Los Angeles, CA 90010<br>(213) 387-0869<br>Fax:  (213) 387-0969<br>cikonte@yahoo.com | Co-Counsel for Plaintiff,<br>JIHAD AKIL HASHIM |

☑       **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from cmorris@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **April 13, 2021**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*/s/ Cynthia Morris*
Cynthia Morris

1
Proof of Service

9611217.1 KE045-027

# NOTICE OF REMOVAL OF ACTION EXHIBIT 12

**Plaintiffs Notice of Errata as to the First Amended Complaint filed on April 13**

**2021, respectively.**

1

MACAULEY EKPENISI, ESQ. (SBN: 296326)
OCEANBRIDGE LAW FIRM
A PROFESSIONAL LAW CORPORATION
14401 GILMORE STREET., STE 203
VAN NUYS CA 91401
TEL: 818-668-3359
FAX: 818-561-3660
EMAIL: info@oceanbridgelaw.com

CHIJIOKE OBINNAYA IKONTE (SBN 206203)
AKUDINOBI & IKONTE
3435 WILSHIRE BLVD, STE 1520,
LOS ANGELES, CA 90010
TEL: (213) 387-0869
FAX: (213) 387-0969
EMAIL:cikonte@yahoo.com

Attorney for Plaintiffs: Jihad Akil Hashim

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KERN

| | |
|---|---|
| **JIHAD AKIL HASHIM**<br><br>PLAINTIFF,<br><br>vs.<br><br>**KERN COUNTY HOSPITAL AUTHORITY,** (A California Public Entity), and DOES 1 through 50, inclusive,<br><br>DEFENDANTS. | **CASE NO.:  BCV-20-102398**<br><br>[ **Assigned to the** Hon. Judge Clark, Thomas S.]<br><br>**ERRATA TO FIRST AMENDED COMPLAINT AND EXHIBITS ATTACHED.**<br><br><br>**Complaint Filed:    10/13/2020** |

**TO THE COURT, DEFENDANTS AND THEIR COUNSEL OF RECORD, IF ANY:**

PLEASE TAKE NOTICE that on April 13, 2021 Plaintiff filed First Amended Complaint (FAC) in this case. At the time of filing of the FAC, plaintiff's counsel

1

mistakenly failed to attached exhibits 1 and 2 even though they were referred to in the FAC.

This Notice of Errata is accompanied by the said Exhibits and are attached as Exhibits "1" and 2 to the FAC.

Counsel for plaintiff apologizes for any inconvenience.

**OCEANBRIDGE LAW FIRM, APC**

Dated: April 13, 2021

BY: _____

Macauley Ekpenisi, Esq.

Attorney for Plaintiffs

2

## PROOF OF SERVICE

I certified, I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14401 GILMORE STREET., STE 203 VAN NUYS CA 91401.

On April 13, 2021, I served on interested parties in said action the within:

### NOTICE OF ERRATA.

On the following person(s):

**Michael E. Gerst**
**Brian Walter**
*Liebert Cassidy Whitmore*
6033 West Century Blvd, 5th flr.
Los Angeles, CA 90045
mgerst@lcwlegal.com
bwalter@lcwlegal.com

____BY MAIL: By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list and placing it for collection and mailing following ordinary business practices.

____         BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

__XX___ BY ELECTRONIC SERVICE: I transmitted a copy of the foregoing document(s) this date via ELECTRONIC SERVICE to email address provided.

I declare that I am employed in the office of a Member of the State Bar of California at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 04/13/2021 at Van Nuys, California.

Steven Torres

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

**Acceptance Agreement**

Position:

This Healthcare Worker acceptance Agreement (this "Agreement") is executed this date 07/31/2019 between <u>Jihad Hashim</u> and Tim Erwin

WHEREAS, trustaff provides temporary healthcare professionals to its clients at the client's facilities; and

WHEREAS, Jihad Hashim has agreed to accept an Assignment (as defined below) with trustaff on the terms and conditions set forth herein.

Now, therefore, based upon mutual promises and covenants contained in this agreement, the receipt and sufficient of which are hereby acknowledged, the parties agree as follows:

1. **Employment** Jihad Hashim shall be an at-will employee of trustaff. Jihad Hashim has agreed to accept the following assignment (the "Assignment").

   a. **Assignment Location, Term, and Unit.**

      Subject to the terms and conditions as set forth herein:
      - i. Client Facility:          **Kern Medical Center, Bakersfield, CA**
      - ii. Length of Assignment:     **13 Weeks**
      - iii. Assignment Dates:
        - i. Start Date:       **8/31/2019**
        - ii. Completion Date:  **11/29/2019**
      - iv. Primary Unit:             **NICU (12hr Nights)**
      - v. Required to Float (where competent & qualified):  **Yes**
      - vi. Work week start:  **Saturday**    Ends:  **Friday**
      - vii. Requested Time Off:

   b. **Pay Rate.**

      - i. Base Pay:     $**19.47** / hr for hours worked up to 8 in one day, up to 40 in one week;
      - ii. Base Pay:     $ **29.21** / hr for hours worked after 8 in one day, up to 12 hours in one day.
      - iii. Double Time Pay:     $**38.94** / hr for hours worked after 12 in one day.
      - iv. Meals, incidentals and housing per diem : $ **1,162.00** / per week 36 (subject to be prorated in accordance with paragraph 5).
      - v. Overtime Pay:  $**53.54** / hr for hours worked after 40. Overtime shall be paid in accordance with the laws of the state where client is located.

   c. . **Additional Items:**

      **Kern Medical Center**
      **1830 Flower Street**
      **Bakersfield, CA 93305**
      **661-599-0650**

   By signing below, Jihad Hashim confirms receipt of Pay Plan Descriptions.

2. **Minimum Hours; Shift Changes; Termination; Client Shift Cancellation.**
   a. [Subject to Section d below –]
      <u>**Client will schedule for a minimum of 36 hours per week (or 72 hours total if Client schedules on a bi-weekly basis) (the "Minimum Hours").**</u>
      <u>**Facility will not guarantee hours for units closed on holidays during the week that the holiday falls.**</u>

   b. If Jihad Hashim (i) is unable to work a scheduled shift or (ii) needs to request a change to the work schedule determined by Client (i.e. call offs, shift changes, time off, etc), Jihad Hashim must communicate such request directly to Client and notify trustaff. During any scheduling period that Jihad Hashim fails to work a scheduled shift, requests a change to the work schedule or volunteers for a shift cancellation, Jihad Hashim shall not be entitled to the Minimum Hours for such scheduling period.

   c. Jihad Hashim further agrees and acknowledges that all terms and conditions of this Agreement are subject to the Client's right, in its sole and absolute discretion, to modify, amend or otherwise terminate the Assignment and such revisions and/or termination shall immediately amend, modify or terminate this Agreement, as the case may be, as if fully incorporated herein and without any further action required by the parties hereto. Any exercise by the Client of its

right to modify, amend or otherwise terminate this Agreement shall not result in a breach of this Agreement by trustaff or otherwise affect the Jihad Hashim's obligations hereunder.

d. **[Shift Cancellation Policy]**
   **Client can cancel up to 2 shifts per 13-week assignment.**

3. **Compensation.** Jihad Hashim shall be an hourly employee and will be paid at the Base Rate for all hours worked up to 40 hours per Work Week. Overtime will be calculated according to the laws of the state where the Client is located. **If applicable to the Assignment: The Client may assign Jihad Hashim to be "on-call" and Jihad Hashim shall be paid at the On-Call Rate for each of on-call services requested by Client.**

4. **Conditions of Compensation.**
   a. Each week, Jihad Hashim must submit trustaff timesheets to trustaff regardless of the timekeeping system used by the Client. Failure to timely remit accurate timesheets MAY result in a delay in preparing Jihad Hashim's payroll check.
   i. If the Client DOES NOT USE its own timekeeping system, then the trustaff timesheets MUST be signed by an authorized manager of the Client before submission to trustaff.
   ii. If the Client DOES USE its own timekeepIf the Client DOES USE its own timekeeping system, then the clock report generated by the Client shall be used to verify the timesheets submitted by. IF THERE IS A DISCREPANCY BETWEEN THE TIMESHEETS SUBMITTED BY Jihad Hashim AND THE CLOCK REPORT GENERATED BY THE CLIENT, THEN Jihad Hashim ACKNOWLEDGES AND AGREES THAT TRUSTAFF WILL PAY THE Jihad Hashim BASED UPON THE CLIENT GENERATED CLOCK REPORTS. Jihad Hashim MAY RESOLVE ANY SUCH DISCREPANCY BY FOLLOWING THE REQUIREMENTS OF THE CLIENT AND, IF SUCH RESOLUTION REFLECTS ADDITIONAL TIME WORKED BY Jihad Hashim, THEN TRUSTAFF WILL PAY Jihad Hashim FOR SUCH HOURS AT THE END OF THE PAY PERIOD FOLLOWING SUCH RESOLUTION.

5. **Meals, Incidentals, Travel and Lodging Expenses**
   a. trustaff will pay Jihad Hashim meals, incidentals and housing per diem in the amount set forth in Section 1(b)(iv) for all meals/incidental and housing expenses (the "Meals/Incidentals/Housing Per Diem"). The Meals/Incidentals/Housing Per Diem will be paid in arrears with the regular weekly (or biweekly, if applicable) paycheck. The amount of the Meals/Incidental/Housing Per Diem shall be adjusted proportionately (i) for the first and last week of the Assignment, if necessary and (ii) for any assigned days Jihad Hashim does not work.

   b. All travel, transportation, commuting, parking and related expenses shall be the sole responsibility of Jihad Hashim.

   c. If the Jihad Hashim does not complete the Permanent Tax Residence Form, then the Meals/Incidentals/Housing Per Diem WILL BE TAXABLE. If the Jihad Hashim fails to meet or fails to continue to meet the requirements set forth in the Permanent Tax Residence Form, then the Meals/Incidentals/Housing Per Diem WILL BE TAXABLE.

   d. Jihad Hashim shall notify trustaff promptly of any change in the Jihad Hashim's permanent tax residence. An updated Permanent Tax Residence Form must be submitted to trustaff at the beginning of each new assignment.

6. **Housing and Travel Arrangements.** Jihad Hashim shall be responsible, at Jihad Hashim's sole expense, for securing any and all travel arrangements to and from Client's locations and all transportation and housing needs during the term of the Assignment. Jihad Hashim expressly agrees and acknowledges that trustaff shall not assist, arrange or otherwise provide any housing, transportation or travel arrangements or any other accommodations to or on behalf of Jihad Hashim. Except for the Meals/Incidentals/Housing Per Diem which will be paid in accordance with Paragraph 5 above, trustaff shall not be responsible or liable for any costs, fees or other expenses incurred by Jihad Hashim for any such housing, transportation or travel arrangements or other accommodations or any other living expenses incurred by Jihad Hashim at any time.

7. **Background Check.** Jihad Hashim acknowledges and agrees that trustaff will not guarantee this Assignment or future employment with trustaff if the results of Jihad Hashim's background check and/or drug screen are unsatisfactory to trustaff in its sole judgment. In the event that trustaff determines, in its sole judgment, that results are unsatisfactory, then trustaff may, at its option, terminate this Agreement.

8. **Arbitration.** Jihad Hashim and trustaff agree to resolve all disputes and claims related to this Agreement and/or any dispute related to Jihad Hashim's employment with trustaff to binding arbitration rather than going to court. The details of the arbitration procedure are outlined in the Employee Traveler Handbook. Jihad Hashim and trustaff agree that all such disputes and claims will only be arbitrated on an individual basis, and that both parties waive the right to participate in or receive money from any class, collective, or representative proceeding.

9. **Damages.** If Jihad Hashim fails to complete the Assignment or otherwise materially breached this Agreement, and Client charges trustaff cost, fees and/or other damages (the "Damages") in connection with Jihad Hashim's failure to compete the Assignment or other material breach of this Agreement,such Damages shall be the sole responsibility of Jihad Hashim and Jihad Hashim shall promptly reimburse trustaff for such Damages. Upon the occurrence of any breach of this Agreement or any Assignment by Jihad Hashim, trustaff may terminate this Agreement as of the date of such breach.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. Further, in the event of any claim or cause of action arising from this Agreement, Jihad Hashim and trustaff consent to the exclusive jurisdiction of the Federal District Court of the Southern District of Ohio and/or state courts of Hamilton County, Ohio.

11. **Severability.** If any provision of this Agreement, or any paragraph, sentence, clause, phrase or word, or the application thereof, in any circumstance, is held invalid, the validity of the remainder of this Agreement shall be construed as if such invalid part were never included herein.

12. **Headings.** The headings of articles, sections, paragraphs and subparagraphs in this Agreement are for convenience of reference only and shall not be construed in any way to limit or define the content, scope or intent of the provisions hereof.

13. **Entire Agreement.** The parties to this Agreement understand and agree that this Agreement contains the entire Agreement regarding the subject matter of this Agreement. No prior or contemporaneous agreement, statement, promise or representation (either made orally or in writing) relating to the subject matter of this Agreement shall be valid or binding unless set forth in this Agreement.

**EXHIBIT B**

**CALIFORNIA MEAL PLAN**

Dear Jihad Hashim:

Since you have accepted a travel assignment in California, you are required to complete the attached Meal Period for California Healthcare Employees Form.

In accordance with California law, any employee who works a shift exceeding 10 hours (i.e., 12 hours) is required to take two 30-minute meal periods. However, there is an exception for healthcare employees who wish to waive their second meal period. Therefore, the following options are available to you when working a shift exceeding 10 hours:

**Option 1:** Take two 30-minute meal periods – these periods you will be relieved of all duty and you will not be paid during these meal periods; or

**Option 2:** Take one 30-minute meal period and waive the second meal period. During the 30-minute meal period, you will be relieved of all duty and you will not be paid.

If you choose Option 1 ("Decline"), please sign the top portion of the attached Form: "Decline to Waive." When working 12 hour shifts (on which a facility will generally schedule you for 12½ hours), you will be paid for 11.5 hours (or 11 hours in the event that the facility only scheduled you for 12 hours) since you are taking two 30-minute meal breaks. Please sign the top portion of the attached Form: "Decline to Waive." (If you elect this Option 1 on the Form, you must take the second meal period every time you work more than 10 hours. As this is California law, failure to comply may result in disciplinary action.)

If you choose Option 2 ("Waiver"), please sign the bottom portion of the attached Form: "Waiver of Meal Period." When working 12 hour shifts (on which a facility will generally schedule for 12½ hours), you will be paid for 12 hours (or 11½ hours in the event the facility only schedules you for 12 hours) and you will be required to take one 30-minute meal break. Please sign the bottom portion of the attached Form: "Waiver of Meal Period."

If you choose Option 2 ("Waiver") and decide that you would like to take both 30-minute meal periods, then you can revoke this waiver by giving the facility one day's notice.

Please return the attached Meal Period Form for California Employees by fax to your trustaff as soon as possible. You may submit a new Form at any time if you wish to change the option you have chosen.

Please sign one of the following options and fax to trustaff.

## Option 1: Decline To Waive Meal Period

I understand that by signing below, I will be required to take all meal periods to which I am entitled when working shifts in excess of 10 hours. Taking the second meal period will result in my working and being paid for 11.5 hours in a standard 12.5-hour shift. At this time, I choose not to exercise my right to waive one meal period. I will ensure that all meal periods are taken and documented accordingly on my timesheet.

I acknowledge that I have read this document, understand it and agree to its provisions (including that I will be paid 11.5 hours when working a 12.5 hour shift).

Last 4 digit of your Social Security Number

Print Name : Jihad Hashim

Date

## Option 2: Waiver of Meal Period

I understand that by signing below, I will be required to take only one meal period when working shifts in excess of 10 hours. Taking only one meal period will result in my working and being paid for 12 hours in a standard 12.5-hour shift. I understand that under California law I have this right to waive one of the two meal periods. I also understand that I, or the Company, may revoke this "Waiver of Meal Period" at any time by providing at least one day's advance notice in writing. This waiver will remain in effect until it is revoked. I will ensure that all meal periods are taken and documented accordingly on my timesheet.

I acknowledge that I have read this document, understand it and agree to its provisions, including that I will be paid 12 hours when working a 12.5 hour shift.

Last 4 digit of your Social Security Number

Print Name : Jihad Hashim

Agreed and Acknowledged:

165

Print Name of Facility

By: Date

Name:

Title:

**EXHIBIT B**

**CALIFORNIA NOTICE TO EMPLOYEES**

# NOTICE TO EMPLOYEE

## LABOR CODE SECTION 2810.5

| EmployeeName | start Date | Rate(s) of Pay | Allowances | Regular Payday | | |
|---|---|---|---|---|---|---|
| Jihad Hashim | | See attached Contract | see attached contract | Weekly: Every Friday | | |
| Legal Name of Hiring Employer | | Trade name: Doing | Entity for whom Employee shall perform work: | | | |
| trustaff Travel Nurses,LLC. | | trustaff | See attached contract | | | |
| Employer Address | | City | State | Zip | Phone Number | |
| 4270 Glendale Milford Road | | Cincinnati | OH | 45242 | 513-272-3999 | |
| Employer's Worker's Compensation | | Wesco Address | City/State | Zip | | |
| Wesco | | 874 walker road suite C | Dover, DE | 19904 | 877-528-7878 | |

**PAID SICK LEAVE**

Unless exempt, the employee identified above on this Notice is entitled to minimum requirements for paid sick leave under state law which provides than an employee:

- May accrue paid sick leave and may request and use up to 3 days or 24 hours of accrued paid sick leave per year;
- Has the right to request and use accrued paid sick leave;
- May not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and
- Has the right to file a complaint against an employer who retaliates.

**The employee shall accrue 1 hour of paid sick leave per 30 hours worked and no less than 24 hours (or 3 days) of paid sick leave at the beginning of each 12-month period.**

Labor Code § 2810.5(b) requires the employer to notify employees in writing of any changes to the information set forth in this Notice within seven calendar days of any such

**ACKNOWLEDGEMENT OF RECEIPT**

By signing below, I acknowledge that I have been provided with, and have read, the written Notice above. This Notice does not change my status as an at-will employee.

Contract Control Code: Cincinnati Nursing

166

Exhibit 2

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 3, 2020

Macauley Ekpenisi
14640 Victory Blvd., Suite 202, Suite 202
Van Nuys, CA 91411

RE:    **Notice to Complainant's Attorney**
DFEH Matter Number: 202006-10320103
Right to Sue: Hashim / Kern Medical Center

Dear Macauley Ekpenisi:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

168



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 3, 2020

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202006-10320103
       Right to Sue: Hashim / Kern Medical Center

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 3, 2020

Jihad Hashim
18432 Oak Canyon road, #622
Santa Clarita, California 91387

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202006-10320103
       Right to Sue: Hashim / Kern Medical Center

Dear Jihad Hashim,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective June 3,
2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jihad Hashim                                         DFEH No. 202006-10320103

                             Complainant,

vs.

Kern Medical Center
1700 Mount Vernon Avenue
Bakersfield, California 93306

                             Respondents
_____

1. Respondent **Kern Medical Center** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jihad Hashim**, resides in the City of **Santa Clarita** State of **California.**

3. Complainant alleges that on or about **September 11, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, color.

**Complainant was discriminated against** because of complainant's race, ancestry, color and as a result of the discrimination was terminated.

**Additional Complaint Details:** Jihad Hashim was working as a nurse on 09/10/2019 in the NICU during a night shift. Korri Kadel the charged nurse  together with Eva Flanagan accused Jihad of being rough with the children at the NICU because according to her, a mother of one of the children saw him being rough to a child. It was not clear what rough act Jihad is accused of doing but it is clear that Jihad is a very Tall Black Complexion male with good reputation in his work. Korri Kadel  and Eva Flanagan accused Jidad of unknown wrong doing only because he is black tall man and Kern Medical Center terminate him for the same reason.

-1-
*Complaint – DFEH No. 202006-10320103*

Date Filed: June 3, 2020

VERIFICATION

I, **Macauley Ekpenisi**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 3, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Van Nuys, CA**

-2-
*Complaint – DFEH No. 202006-10320103*

Date Filed: June 3, 2020