UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIHAD AKIL HASHIM,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY HOSPITAL AUTHORITY, a California Public Entity; and DOES 1 through 50, inclusive;<br><br>Defendant. | Case No. 1:21-cv-00773-JLT-CDB<br><br>ORDER DENYING MOTION TO WITHDRAW ADMISSION<br><br>(Doc. 37) |

## I.   INTRODUCTION

Before the Court is Plaintiff's motion to withdraw admissions made for failing to timely respond to Defendant' requests for admission. (Doc. 37.) For the reasons set forth below, the Court denies Plaintiff's motion.[1]

## II.   BACKGROUND

On March 23, 2022, the Court issues its Scheduling Order, setting the following deadlines: April 7, 2022: initial disclosures; February 24, 2023: non-expert discovery cutoff; March 24, 2023: non-expert discovery motion cutoff; May 5, 2023: non-dispositive motion filing

---

[1] The Court's standing order provides that "[b]efore filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution . . . In the notice of motion, counsel for the moving party shall certify that meet and confer efforts have been exhausted and include a summary of meet and confer efforts." All future motions must satisfy the meet-and-confer requirement or the motions will be stricken.

1

1  deadline; June 16, 2023: dispositive motion filing deadline. (*See* Doc. 24.) Defendant served
2  initial disclosures on April 6, 2022, however Plaintiff served late initial disclosures on April 12,
3  2022. (Doc. 28 at 1.) On August 19, 2022, Defendant propounded Requests for Production of
4  Documents, Requests for Admission, and Interrogatories to Plaintiff. (Doc. 40 at 8.) Following
5  Plaintiff's request for an extension of time to respond, Defendants granted a 30-day extension for
6  response until October 19, 2022. (*Id.*) After no responses were served, on November 17, 2022,
7  Defendant notified Plaintiff that the discovery responses were outstanding. (*Id.*) On November
8  28, 2022, Plaintiff served untimely responses to Defendant's requests but did not address the
9  delay, the deemed admissions, or any intention to seek relief. (*Id.*)

10        On January 17, 2023, Defendant deposed Plaintiff, purportedly tailoring the questioning in
11  reliance on Plaintiff's admissions and the lack of intention to seek relief. (*Id.* at 9.) On February
12  24, 2023, non-expert discovery closed with no indication from Plaintiff that he intended to amend
13  his initial disclosures or discovery responses or seek relief from the admissions. (*Id.*) Similarly,
14  on March 24, 2023, the deadline for non-expert discovery motions passed without Plaintiff
15  seeking relief from the admissions. (*Id.*) Defendant then began preparing a summary judgment
16  and on May 19, 2023, and sent Plaintiff a draft of a joint separate statement in support of the
17  anticipated summary judgment motion. (*Id.*) The statement identified eighty-five material facts,
18  forty-nine of which relied on Plaintiff's deemed admissions. (*Id.*) On a May 26, 2023 phone
19  discussion, Plaintiff's counsel did not raise concerns regarding the deemed admissions and
20  indicated that he would provide a list of undisputed facts by June 9, 2023, but he did not do so.
21  (*Id.*)

22        On June 9 and 13, 2023, Defendant requested Plaintiff's input by June 14 regarding the
23  joint statement so the motion for summary judgment could be timely filed on June 16, 2023. (*Id.*)
24  Plaintiff never provided the list of facts, prompting Defendant to file its own separate statement
25  and its motion for summary judgment on June 16, 2023. (*Id.*) Four days before the opposition was
26  due, Plaintiff sought a three-week extension for the opposition and the parties stipulated that the
27  opposition would be due on July 21, 2023, and Defendant's reply would be due on August 11,
28  2023. (*Id.* at 9–10.) Plaintiff ultimately filed its opposition on July 23, 2023—two days past the

2

1  previously extended deadline—in which no reference is made to the withdrawal of admissions.

2  (*Id.* at 10.) On July 24, 2023, Plaintiff filed the underlying motion requesting withdrawal of the

3  admissions. (*Id.*)

### III.  LEGAL STANDARD

Rule 36(a) of the Federal Rules of Civil Procedure provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). The purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree. *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998). A matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Fed. R. Civ. P. 36(b). Rule 36(b) provides, in pertinent part:

> The court *may* permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits.

*Id.* (emphasis added).

Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981). The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when "the presentation of the merits of the action will be subserved" and "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). However, because requests for admissions have a binding effect on the parties, the provision for withdrawal or amendment specifically provides

parties with a potential safe harbor. Fed. R. Civ. P. 36(b).

Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment. "The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment. Thus, a court must consider both prongs of Rule 36(b) before deciding a motion to withdraw or amend admissions. *See Conlon*, 474 F.3d at 622. However, "even when the two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend admission." *Id.* (citing *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). "Therefore, when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but it is not required to do so under the text of Rule 36(b)." *Id.* at 625. In determining whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the court may consider other factors, such as whether the moving party can show good cause for the delay. *Id.*

**IV.    DISCUSSION**

**A.    Presentation of the Merits Prong**

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348. Defendant filed its motion for summary judgment based on the deemed admissions. (Doc. 40 at 9.) Plaintiff argues that the deemed admissions would force Plaintiff to concede essential elements of his claims, obviating the presentation of the case on the merits. (Doc. 42 at 2.) Though Defendant contends that allowing Plaintiff to withdraw the admissions would not promote the presentation of the merits because Plaintiff's case is meritless, (Doc. 40 at 9), the Court acknowledges that the deemed admissions would eviscerate Plaintiff's allegations against Defendant. *See Hadley*, 45 F.3d at 1348. "The Ninth Circuit has repeatedly held . . . that the

4

public policy favoring disposition of cases on their merits strongly counsels against dismissal of a case or sanctions that are ultimately case-terminating." *Doctors Medical Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*, No. 10-00452, 2011 WL 831421, at *3 (E.D. Cal. Mar. 3, 2011); *see In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Therefore, because upholding the deemed admissions will eliminate any need for a presentation on the merits, Plaintiff satisfies the first prong of the test in Rule 36(b).

**B.      Prejudice Prong**

The party relying on the deemed admission has the burden of proving prejudice. *Hadley*, 45 F.3d at 1348. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth." *Id.* Rather, the prejudice derives from the party's difficulty in proving its case with respect to the questions previously deemed admitted. *Id.* When undertaking a prejudice inquiry under Rule 36(b), courts should focus on the prejudice that the nonmoving party would suffer at trial. *See Sonoda v. Cabrera*, 255 F.3d 1035, 1039–40 (9th Cir. 2001) (holding that the district court did not abuse its discretion by granting the Rule 36(b) motion to withdraw deemed admission because the motion was made before trial and the nonmoving party would not have been hindered in presenting its evidence); *Hadley*, 45 F.3d at 1348 (focusing the prejudice inquiry on the unavailability of key witnesses and a sudden need to obtain evidence).

Defendant argues that it was severely prejudiced because Defendant relied on Plaintiff's deemed admissions for over eight months and withdrawal would necessitate reopening discovery and new briefing for the summary judgment motion. (Doc. 40 at 17–19.) The Court agrees that the totality of these circumstances result in prejudice. Reliance on a deemed admission in preparing a summary judgment motion alone does not constitute prejudice. *See Conlon*, 474 F.3d at 624. Similarly, a lack of discovery, without more, does not constitute prejudice. *Id.* However, these issues paired with the significant passage of time rise to the level of prejudice. Defendant relied on the admissions for over eight months, through the discovery and dispositive motion cut-off dates, with no indication that Plaintiff intended to file a motion to withdraw his admissions. This is nearly synonymous—though admittedly more egregious—than *Conlon* where

the admissions were relied on for two and a half months with no indication from the plaintiff of an intent to file a motion to withdraw the admissions. *See id.* The significant passage of time, paired with the strategic litigation decisions by Defendant, demonstrate that withdrawal of the deemed admissions would prejudice Defendant.

**C.     Good Cause for Delay**

An attorney's mistake due to administrative difficulties does not constitute good cause for delay. *See, e.g.*, *Chartsis Specialty Ins. Co.*, 2013 WL 1629173, at *8 (finding that moving offices, a paralegal quitting, and being on vacation did not constitute good cause for delay). "[A] client is ordinarily chargeable with his counsel's negligent acts," *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), and in most contexts "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Plaintiff argues that good cause exists for withdrawing the deemed admissions because of a miscommunication between counsel's office. (Doc. 37 at 5.) Plaintiff explained that he mistakenly assumed the responses reviewed were courtesy copies that had been served on Defendant. (*Id.*) Though Plaintiff contends that the mistake was inadvertent, the mistake was not cured in a reasonable time. Plaintiff had numerous opportunities over nearly nine months to move to withdraw the deemed admissions yet failed to do so. *See Duarte Nursery, Inc. v. United States Army Corps of Engineers*, No. 2:13-CV-02095-KJM-AC, 2015 WL 7188227, at *4 (E.D. Cal. Nov. 16, 2015) (holding that an administrative issue established good cause for the delay because the mistake was inadvertent and cured immediately upon notice of the mistake). As such, Plaintiff has not established a good cause for the delay. Therefore, the Court **DENIES** Plaintiff's motion to withdraw deemed admissions as Defendant would be prejudiced from the withdrawal, and no good cause for the delay exists.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above:

1. The Court **DENIES** Plaintiff's motion to withdraw deemed admissions.

IT IS SO ORDERED.

Dated:   **June 17, 2025**

UNITED STATES DISTRICT JUDGE