1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JIHAD AKIL HASHIM, | Case No. 1:21-cv-00773-JLT-CDB |
| 12           Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO FEDERAL CLAIM; DECLINING SUPPLEMENTAL JURISDICTION; AND REMANDING ACTION |
| 13       v. | |
| 14  KERN COUNTY HOSPITAL AUTHORITY, a California Public Entity; and DOES 1 through 50, inclusive, | |
| 15 | (Doc. 32) |
| 16           Defendant. | |

17

18   Jihad Hashim, a male, African American travel nurse who worked at a Neonatal Intensive
19 Care Unit (NICU) operated by Defendant Kern County Hospital Authority, advances three claims
20 against Defendant: a state law race and color employment discrimination claim under California's
21 Fair Employment and Housing Act (Doc. 1 at 117–18), a state law defamation claim (*id*. at 118–
22 20), and a single federal constitutional due process claim arising under 48 U.S.C.
23 § 1983. (*Id*. at 120–22.) Mr. Hashim's claims relate to complaints directed at him by parents of
24 NICU patents and purported interactions Mr. Hashim had with his immediate supervisors about
25 those complaints. (See Doc. 49 at 2.) The complaints were eventually relayed to the staffing
26 company that had placed Mr. Hashim at Defendant's facility, and Mr. Hashim's assignment to
27 that NICU was terminated. (*Id*.)
28   On June 26, 2025, the Court issued an order that tentatively granted Defendant's motion

for summary judgment in part as to the sole federal claim in the case, but permitted Plaintiff 21 days to file a supplemental brief on one issue: whether Defendant's actions had any impact on Plaintiff's employability in his chosen profession given the record evidence demonstrating Plaintiff continued to be placed in similar nursing positions by the staffing company. (Doc. 49.) The Court also indicated that, "[a]ssuming the [ ] tentative ruling is finalized, the Court will decline supplemental jurisdiction over the remaining state law claims." (Doc. 49 at 8.)

The 21-day deadline expired approximately one month ago without any further briefing being filed by any party. Thus, and for the reasons set forth in the June 26, 2025 order,

The Court **ORDERS**

1. Defendant's motion for summary judgment, (Doc. 32), is **GRANTED IN PART**. Defendant is entitled to summary judgment on Plaintiff's due process claim.
2. The Court declines supplemental jurisdiction over the remaining state law claims.
3. The matter is **REMANDED** to the Kern County Superior Court.

IT IS SO ORDERED.

Dated:     **August 16, 2025**

                                              UNITED STATES DISTRICT JUDGE

2